UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED FARM WORKERS<br>29700 Woodford-Tehachapi Road<br>Keene, CA 93531<br><br>and<br><br>FARMWORKER JUSTICE<br>1126 16th Street, NW, Suite 270<br>Washington, DC 20036<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF LABOR<br>200 Constitution Ave., NW<br>Washington, DC 20210<br><br>Defendant. | )<br>)<br>)<br>)  C.A. No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. This action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, arises from a series of FOIA requests seeking documents related to employer applications for certification to hire temporary foreign agricultural workers through the H-2A guestworker program, 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a) and 1188. Defendant Department of Labor (DOL) has violated FOIA by failing to produce records requested by plaintiffs, and by denying plaintiffs' requests for fee waivers and expedited processing.

**JURISDICTION**

2. This Court has subject matter jurisdiction under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3.      Plaintiff United Farm Workers (UFW) is a not-for-profit labor organization that serves agricultural workers and other low-income individuals. It is headquartered in California and maintains offices in Florida, Oregon, and Washington State. UFW disseminates information to farmworkers, UFW supporters, collaborating farmworker organizations, and the public. In particular, UFW seeks to inform farmworkers and the public about labor, employment, and immigration issues, including job opportunities for farmworkers and the terms of employment offered by employers who seek certification to hire temporary foreign agricultural workers. UFW disseminates such information through a network of farmworker service organizations including *La Campesina* radio, *La Union del Pueblo Entero* (LUPE), the National Farm Worker Service Center, and the Cesar E. Chavez Foundation. UFW posts information at its local offices, distributes information directly through worker representatives in the field, and maintains a website, www.ufw.org, that averages more than a million hits per month and is updated on a daily basis. UFW frequently responds to requests from the media and Congress for information and analysis regarding farm labor and immigration issues.

4.      Plaintiff Farmworker Justice (FJ) is a national, not-for-profit, advocacy, litigation, and education organization that serves migrant and seasonal farmworkers. FJ disseminates information about farm labor and immigration issues to farmworkers and their advocates, government representatives, and the public. Many organizations around the country rely on FJ to obtain, analyze, and synthesize information related to farmworker labor and immigration policy. FJ disseminates this information through policy briefs, newsletters, email list-serves, presentations at conferences, and interviews with the media. FJ also posts information on its

website, www.farmworkerjustice.org, which averages 10,000-15,000 visitors per month. In addition to its own publications, FJ contributes articles to the publications of other organizations, including those whose missions involve immigrant rights, civil rights, and public health. FJ staff is frequently quoted in the media, invited to speak at conferences, and asked to testify before Congress, often regarding guestworker programs and the labor needs of American agriculture.

5.   Defendant DOL is a federal government agency. DOL accepts and processes applications from employers seeking certification to hire temporary foreign agricultural workers. DOL has possession of and control over the records plaintiffs seek.

## FACTS

6.   The H-2A guestworker program, 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a) and 1188, permits agricultural employers to import nonimmigrant aliens if the Secretary of Labor certifies that there is a labor shortage and that the wages and working conditions being offered to the H-2A workers will not displace or adversely affect the wages and working conditions of U.S. farmworkers. The Secretary of Labor may grant an employer's petition for H-2A certification only if the employer has actively recruited United States workers and offered them employment that includes specified terms such as certain transportation expenses, decent housing, and workers' compensation insurance. These requirements are intended to protect the jobs, wages, and working conditions of United States workers and to prevent the exploitation of vulnerable guestworkers.

7.   If DOL certifies an employer's wage rates and job terms as acceptable, and the employer cannot recruit enough U.S. workers to fill its labor needs, then DOL may issue a labor certification. DOL must determine within 7 days whether or not an application meets the

standards for approval and often has as few as 15 days to issue a labor certification, 8 U.S.C. § 1188(c). The so-called "50% rule" at 20 CFR 655.103(e) provides that U.S. workers should be given preferential treatment in hiring until 50% of the work period has passed. The main objective of the 50% rule is to implement the statutory requirement that temporary foreign workers not be employed when qualified U.S. workers are available. *See* 8 U.S.C. § 1188(a)(1) and (c)(3)(B)(i).

8. After DOL issues a labor certification, the Department of Homeland Security (DHS) allots the employer a number of temporary work visas to bring in foreign laborers. The H-2A employers then arrange for the U.S. consulates in a foreign country to issue the visas to individual workers recruited by the employers.

**The First Request**

9. On January 24, 2007, UFW submitted a FOIA request to DOL's Chicago National Processing Center. The request sought all applications or petitions filed with that office on or after November 1, 2006, seeking temporary foreign labor certification for H-2A workers in California. The January 24, 2007 letter to the Chicago office included a request for a waiver of all fees associated with the request, noted that UFW is a not-for-profit organization, and explained that the requested information "concerns operations and activities of the government and its disclosure is likely to contribute significantly to the public understanding of those operations or activities."

10. By letter dated June 11, 2007, DOL responded to UFW's January 24, 2007 request to the Chicago office. In its letter, DOL stated that it had enclosed the requested records but was "unable to approve [UFW's] request for a fee waiver because it does not meet the criteria at 29

4

CFR 70.41 with regard to contributing significantly to public understanding of the operations or activities of the government." DOL then assessed UFW $115.00 for copying and clerical search time.

11.     By letter dated September 5, 2007, UFW appealed DOL's denial of a fee waiver in connection with UFW's January 24, 2007 request to the Chicago office. In its appeal, UFW explained in detail that the requested records are essential to public understanding of the government's operation of the H-2A program. UFW explained that the requested information would be used to ensure that both U.S. and foreign workers are provided the opportunities and protections guaranteed by the H-2A statute and regulations, and it explained the methods by which UFW disseminates information to farmworkers. UFW also noted the current interest of the general public in issues concerning guestworker programs and immigration reform and explained that, because of UFW's expertise and involvement in those issues, broad segments of the public rely on UFW for related information, analysis, and recommendations. Thus, UFW explained, the requested information would be used to meet the general public's need for information about the operation of the H-2A program and related issues.

12.     DOL has not responded to UFW's appeal of the fee waiver denial with respect to UFW's January 24, 2007 request to the Chicago office, and UFW has exhausted its administrative remedies under FOIA.

**The Second Request**

13.     On January 24, 2007, UFW submitted a FOIA request to DOL's Atlanta National Processing Center. The request sought all applications or petitions filed with that office on or after November 1, 2006, seeking temporary foreign labor certification for H-2A workers in

Florida and Georgia. The January 24, 2007 letter to the Atlanta office included a request for a waiver of all fees associated with the request, noted that UFW is a not-for-profit organization, and explained that the requested information "concerns operations and activities of the government and its disclosure is likely to contribute significantly to the public understanding of those operations or activities."

14. DOL responded to UFW's January 24, 2007 request to the Atlanta office by letter sent on July 16, 2007, but dated May 19, 2007. In its letter, DOL stated that it had enclosed the requested records. Enclosed with DOL's letter was a CD Rom containing one Excel spreadsheet. DOL's letter further stated that DOL was "unable to approve [UFW's] request for a fee waiver because it does not meet the criteria at 29 CFR 70.41 with regard to contributing significantly to public understanding of the operations or activities of the government." DOL then assessed UFW $65.25.

15. By letter dated October 12, 2007, UFW appealed DOL's denial of a fee waiver in connection with UFW's January 24, 2007 request to the Atlanta office. In its appeal, UFW explained in detail that the requested records are essential to public understanding of the government's operation of the H-2A program. UFW explained that the requested information would be used to ensure that both U.S. and foreign workers are provided the opportunities and protections guaranteed by the H-2A statute and regulations, and it explained the methods by which UFW disseminates information to farmworkers. UFW also noted the current interest of the general public in issues concerning guestworker programs and immigration reform and explained that, because of UFW's expertise and involvement in those issues, broad segments of the public rely on UFW for related information, analysis, and recommendations. Thus, UFW

explained, the requested information would be used to meet the general public's need for information about the operation of the H-2A program and related issues.

16.     DOL has not responded to UFW's appeal of the fee waiver denial with respect to UFW's January 24, 2007 request to the Atlanta office, and UFW has exhausted its administrative remedies under FOIA.

**The Third and Fourth Requests**

17.     On or about June 20, 2007, UFW submitted two separate FOIA requests to DOL's Chicago National Processing Center. The requests sought all applications or petitions filed with that office seeking temporary foreign labor certification for H-2A workers in Arizona and Hawaii that were then in effect or that would commence before December 31, 2007. The requests also sought a fee waiver on the grounds that UFW has no commercial interest in the requested documents and that disclosure of the requested records would contribute significantly to public understanding of the H-2A guestworker program. Specifically, UFW explained that the requested information would be used to inform U.S. workers and their advocates of the existence of pending labor certifications, the terms and conditions of those certifications, and the potential availability of work for U.S. workers, and to determine whether the certifications that have been granted contain terms consistent with local prevailing practices and the mandates of the H-2A program. Further, UFW described the means by which it disseminates information to its members, other organizations who work with farm workers, and the public about job openings for farm workers, terms of employment offered by H-2A program employers, and other labor issues.

18.     DOL has not responded to UFW's June 20, 2007 FOIA requests to the Chicago office regarding H-2A certifications in Arizona and Hawaii, and UFW has exhausted its administrative remedies under FOIA.

**The Fifth Request**

19.     On or about June 20, 2007, UFW submitted a FOIA request to DOL's Atlanta National Processing Center. The request sought all applications or petitions filed with that office seeking temporary foreign labor certification for H-2A workers in Kentucky that were then in effect or that would commence before December 31, 2007. The request also sought a fee waiver on the grounds that UFW has no commercial interest in the requested documents and that disclosure of the requested records would contribute significantly to public understanding of the H-2A guestworker program. Specifically, UFW explained that the requested information would be used to inform U.S. workers and their advocates of the existence of pending labor certifications, the terms and conditions of those certifications, and the potential availability of work for U.S. workers, and to determine whether the certifications that have been granted contain terms consistent with local prevailing practices and the mandates of the H-2A program. Further, UFW described the means by which it disseminates information to its members, other organizations who work with farm workers, and the public about job openings for farm workers, terms of employment offered by H-2A program employers, and other labor issues.

20.     On October 25, 2007, a DOL official contacted UFW by telephone, informing UFW that it intended to deny its June 20, 2007 fee waiver request to the Atlanta office regarding H-2A certifications in Kentucky and would be assessing an undisclosed amount for search, review, and reproduction costs. Although DOL did not respond in writing to the request, UFW contacted

DOL by letter of December 6, 2007, and explained in detail that the requested records are essential to public understanding of the government's operation of the H-2A program. UFW explained that the requested information would be used to ensure that both U.S. and foreign workers are provided the opportunities and protections guaranteed by the H-2A statute and regulations, and it explained the methods by which UFW disseminates information to farmworkers. UFW also noted the current interest of the general public in issues concerning guestworker programs and immigration reform and explained that, because of UFW's expertise and involvement in those issues, broad segments of the public rely on UFW for related information, analysis, and recommendations. Thus, UFW explained, the requested information would be used to meet the general public's need for information about the operation of the H-2A program and related issues. By letter of December 6, 2007, DOL acknowledged receipt of UFW's letter of the same date.

**The Sixth and Seventh Requests**

21.     On October 23, 2007, UFW and FJ jointly submitted two separate FOIA requests to DOL. One request was directed to DOL's Atlanta National Processing Center and sought all applications or petitions filed with that office seeking temporary foreign labor certification for H-2A workers in Florida, Louisiana, and Virginia that were then in effect or that would commence before April 30, 2008. The other request was directed to DOL's Chicago National Processing Center and sought all applications or petitions filed with that office seeking temporary foreign labor certification for H-2A workers in Hawaii that were then in effect or that would commence before April 30, 2008. In both FOIA requests, UFW and FJ sought expedited processing on the basis that UFW and FJ are primarily engaged in disseminating information

regarding issues of importance to farmworkers, and there is an urgent need to inform farmworkers and the public about DOL's activities under the H-2A guestworker program. In support of their request for expedited processing, UFW and FJ described in detail their activities and the means by which they disseminate information. UFW and FJ also explained that prompt access to the requested records is necessary to address the public's need for information about guestworker programs in connection with the ongoing debate about immigration and agricultural labor reform legislation, and to protect the jobs, wages, and working conditions of U.S. workers while preventing exploitation of vulnerable guestworkers. UFW and FJ also requested a fee waiver because release of the requested records would enhance the public's understanding of DOL's activities under the H-2A program.

22.     By letter dated October 30, 2007, DOL responded "solely to the request for expedited processing" in the two October 23, 2007 FOIA requests. DOL denied the requests for expedited processing. DOL stated that it had determined that "[w]hile information dissemination may be an important part of each organization's work, it is not their main activity," and that DOL's existing procedures are "generally sufficient" to meet any need to inform farmworkers or the public about DOL's activities under the H-2A guestworker program.

23.     On November 5, 2007, UFW and FJ appealed DOL's denial of their request for expedited processing of their October 23, 2007 FOIA requests. UFW and FJ explained that information dissemination plays a large role in many of the two organizations' strategies for promoting farmworkers' interests. UFW and FJ also emphasized the need for expedition in order to allow for the timely dissemination of information about job opportunities to eligible U.S. workers.

24.     DOL has not responded to the November 5, 2007 appeal of the denial of expedited processing, and it has not responded to the request for documents and the request for a fee waiver made in the two October 23, 2007 FOIA requests. UFW and FJ have exhausted their administrative remedies under FOIA.

## CLAIMS FOR RELIEF

25.     Plaintiffs have a statutory right under FOIA, 5 U.S.C. § 552(a)(3), to obtain the records they have requested, and defendant has no legal basis for failing to disclose those records to plaintiffs. Defendant's failure to provide plaintiffs with the records they seek violates FOIA, 5 U.S.C. § 552(a)(3).

26.     Plaintiffs have a statutory right under FOIA, 5 U.S.C. § 552(a)(6), to expedited processing of their FOIA requests because plaintiffs have demonstrated a compelling need to obtain the requested records, and defendant has no legal basis for failing to expedite the processing of plaintiffs' FOIA requests. Defendant's failure to expedite the processing of plaintiffs' requests violates FOIA, 5 U.S.C. § 552(a)(6).

27.     Plaintiffs have a statutory right under FOIA, 5 U.S.C. § 552(a)(4), to a waiver of the fees associated with their FOIA requests because disclosure of the information is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of plaintiffs. Defendant's failure to waive the fees associated with plaintiffs' FOIA requests violates FOIA, 5 U.S.C. § 552(a)(4).

WHEREFORE, plaintiffs request that this Court:

    A)     Declare that defendant's failure to waive the fees associated with plaintiffs' first, second, third, fourth, sixth, and seventh FOIA requests is unlawful;

11

B) Declare that defendant's failure to produce the records sought by plaintiffs' third, fourth, sixth, and seventh FOIA requests is unlawful;

C) Declare that defendant's failure to expedite processing of plaintiffs' sixth and seventh FOIA requests is unlawful;

D) Order defendant to produce the requested records without delay;

E) Order defendant to make the requested records available to plaintiffs at no cost;

F) Award plaintiffs their reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E); and

G) Grant all other proper relief.

Respectfully submitted,

/s/ Michael T. Kirkpatrick

Michael T. Kirkpatrick (DC Bar #486293)
Adina H. Rosenbaum (DC Bar #490928)
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street, NW
Washington, DC 20009
(202) 588-1000

Bruce Goldstein (DC Bar #446848)
Virginia Ruiz (DC Bar #483800)
(Application to this court pending)
Marni Willenson (IL Bar# 06238365)
(Application to this court pending)
FARMWORKER JUSTICE
1126 16th Street, NW, Suite 270
Washington, DC 20036
(202) 293-5420

Dated: December 13, 2007        Attorneys for Plaintiffs

JS-44
(Rev.1/05 DC)

Case 1:07-cv-02241-HHK   Document 1-2   Filed 12/13/2007   Page 1 of 2

CIVIL COVER SHEET

I
07-2241
HHK

## I (a) PLAINTIFFS

UNITED FARM WORKERS
and
FARMWORKER JUSTICE

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___88888___
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael T. Kirkpatrick
Public Citizen Litigation Group
1600 20th Street, NW
Washington, DC 20009

## DEFENDANTS

DEPARTMENT OF LABOR

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-02241
Assigned To : Kennedy, Henry H.
Assign. Date : 12/13/2007
Description: FOIA/Privacy Act

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ○ A. *Antitrust* | ○ B. *Personal Injury/ Malpractice* | ○ C. *Administrative Agency Review* | ○ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. *General Civil (Other)* | OR | ○ F. *Pro Se General Civil* | |
|---|---|---|---|
| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act<br><br>(3) |

| ○ G. Habeas Corpus/ 2255 | ○ H. Employment Discrimination | ⊗ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

⊗ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Freedom of Information Act (FOIA), 5 U.S.C. 552, seeking the disclosure of requested documents, a waiver of fees, and expedited processing.

## VII. REQUESTED IN COMPLAINT
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____   Check YES only if demanded in compl:
JURY DEMAND:   YES ☐   NO ☐

## VIII. RELATED CASE(S) IF ANY
(See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE December 13, 2009   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.