# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED FARM WORKERS | ) | |
| | ) | |
| and | ) | |
| | ) | |
| FARMWORKER JUSTICE, | ) | |
| | ) | C.A. No.: 07-2241 (HHK) |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF LABOR, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1.     This action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, arises from a series of FOIA requests seeking documents related to employer applications for certification to hire temporary foreign agricultural workers through the H-2A guestworker program, 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a) and 1188.  Defendant Department of Labor (DOL) has violated FOIA by failing to produce records requested by plaintiffs, and by denying plaintiffs' requests for fee waivers and expedited processing.

### JURISDICTION

2.     This Court has subject matter jurisdiction under 5 U.S.C. § 552(a)(4)(B).

### PARTIES

3.     Plaintiff United Farm Workers (UFW) is a not-for-profit labor organization that serves agricultural workers and other low-income individuals.  It is headquartered in California and maintains offices in Florida, Oregon, and Washington State. UFW disseminates information to

farmworkers, UFW supporters, collaborating farmworker organizations, and the public. In particular, UFW seeks to inform farmworkers and the public about labor, employment, and immigration issues, including job opportunities for farmworkers and the terms of employment offered by employers who seek certification to hire temporary foreign agricultural workers. UFW disseminates such information through a network of farmworker service organizations including *La Campesina* radio, *La Union del Pueblo Entero* (LUPE), the National Farm Worker Service Center, and the Cesar E. Chavez Foundation. UFW posts information at its local offices, distributes information directly through worker representatives in the field, and maintains a website, www.ufw.org, that averages more than a million hits per month and is updated on a daily basis. UFW frequently responds to requests from the media and Congress for information and analysis regarding farm labor and immigration issues.

4.    Plaintiff Farmworker Justice (FJ) is a national, not-for-profit, advocacy, litigation, and education organization that serves migrant and seasonal farmworkers. FJ disseminates information about farm labor and immigration issues to farmworkers and their advocates, government representatives, and the public. Many organizations around the country rely on FJ to obtain, analyze, and synthesize information related to farmworker labor and immigration policy. FJ disseminates this information through policy briefs, newsletters, email list-serves, presentations at conferences, and interviews with the media. FJ also posts information on its website, www.farmworkerjustice.org, which averages 10,000-15,000 visitors per month. In addition to its own publications, FJ contributes articles to the publications of other organizations, including those whose missions involve immigrant rights, civil rights, and public health. FJ staff is frequently quoted in the media, invited to speak at

conferences, and asked to testify before Congress, often regarding guestworker programs and the labor needs of American agriculture.

5.    Defendant DOL is a federal government agency. DOL accepts and processes applications from employers seeking certification to hire temporary foreign agricultural workers. DOL has possession of and control over the records plaintiffs seek.

## FACTS

6.    The H-2A guestworker program, 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a) and 1188, permits agricultural employers to import nonimmigrant aliens if the Secretary of Labor certifies that there is a labor shortage and that the wages and working conditions being offered to the H-2A workers will not displace or adversely affect the wages and working conditions of U.S. farmworkers. The Secretary of Labor may grant an employer's petition for H-2A certification only if the employer has actively recruited United States workers and offered them employment that includes specified terms such as certain transportation expenses, decent housing, and workers' compensation insurance. These requirements are intended to protect the jobs, wages, and working conditions of United States workers and to prevent the exploitation of vulnerable guestworkers.

7.    If DOL certifies an employer's wage rates and job terms as acceptable, and the employer cannot recruit enough U.S. workers to fill its labor needs, then DOL may issue a labor certification. DOL must determine within 7 days whether or not an application meets the standards for approval and often has as few as 15 days to issue a labor certification, 8 U.S.C. § 1188(c). The so-called "50% rule" at 20 CFR 655.103(e) provides that U.S. workers should be given preferential treatment in hiring until 50% of the work period has passed. The main objective of the 50% rule is to

implement the statutory requirement that temporary foreign workers not be employed when qualified U.S. workers are available. *See* 8 U.S.C. § 1188(a)(1) and (c)(3)(B)(i).

8.    After DOL issues a labor certification, the Department of Homeland Security (DHS) allots the employer a number of temporary work visas to bring in foreign laborers. The H-2A employers then arrange for the U.S. consulates in a foreign country to issue the visas to individual workers recruited by the employers.

**The First Request**

9.    On January 24, 2007, UFW submitted a FOIA request to DOL's Chicago National Processing Center. The request sought all applications or petitions filed with that office on or after November 1, 2006, seeking temporary foreign labor certification for H-2A workers in California. The January 24, 2007 letter to the Chicago office included a request for a waiver of all fees associated with the request, noted that UFW is a not-for-profit organization, and explained that the requested information "concerns operations and activities of the government and its disclosure is likely to contribute significantly to the public understanding of those operations or activities."

10.    By letter dated June 11, 2007, DOL responded to UFW's January 24, 2007 request to the Chicago office. In its letter, DOL stated that it had enclosed the requested records but was "unable to approve [UFW's] request for a fee waiver because it does not meet the criteria at 29 CFR 70.41 with regard to contributing significantly to public understanding of the operations or activities of the government." DOL then assessed UFW $115.00 for copying and clerical search time.

11.    By letter dated September 5, 2007, UFW appealed DOL's denial of a fee waiver in connection with UFW's January 24, 2007 request to the Chicago office. In its appeal, UFW explained in detail that the requested records are essential to public understanding of the

4

government's operation of the H-2A program. UFW explained that the requested information would be used to ensure that both U.S. and foreign workers are provided the opportunities and protections guaranteed by the H-2A statute and regulations, and it explained the methods by which UFW disseminates information to farmworkers. UFW also noted the current interest of the general public in issues concerning guestworker programs and immigration reform and explained that, because of UFW's expertise and involvement in those issues, broad segments of the public rely on UFW for related information, analysis, and recommendations. Thus, UFW explained, the requested information would be used to meet the general public's need for information about the operation of the H-2A program and related issues.

12.     DOL has not responded to UFW's appeal of the fee waiver denial with respect to UFW's January 24, 2007 request to the Chicago office, and UFW has exhausted its administrative remedies under FOIA.

**The Second Request**

13.     On January 24, 2007, UFW submitted a FOIA request to DOL's Atlanta National Processing Center. The request sought all applications or petitions filed with that office on or after November 1, 2006, seeking temporary foreign labor certification for H-2A workers in Florida and Georgia. The January 24, 2007 letter to the Atlanta office included a request for a waiver of all fees associated with the request, noted that UFW is a not-for-profit organization, and explained that the requested information "concerns operations and activities of the government and its disclosure is likely to contribute significantly to the public understanding of those operations or activities."

14.     DOL responded to UFW's January 24, 2007 request to the Atlanta office by letter sent on July 16, 2007, but dated May 19, 2007. In its letter, DOL stated that it had enclosed the requested

5

records. Enclosed with DOL's letter was a CD Rom containing one Excel spreadsheet. DOL's letter further stated that DOL was "unable to approve [UFW's] request for a fee waiver because it does not meet the criteria at 29 CFR 70.41 with regard to contributing significantly to public understanding of the operations or activities of the government." DOL then assessed UFW $65.25.

15.    By letter dated October 12, 2007, UFW appealed DOL's denial of a fee waiver in connection with UFW's January 24, 2007 request to the Atlanta office. In its appeal, UFW explained in detail that the requested records are essential to public understanding of the government's operation of the H-2A program. UFW explained that the requested information would be used to ensure that both U.S. and foreign workers are provided the opportunities and protections guaranteed by the H-2A statute and regulations, and it explained the methods by which UFW disseminates information to farmworkers. UFW also noted the current interest of the general public in issues concerning guestworker programs and immigration reform and explained that, because of UFW's expertise and involvement in those issues, broad segments of the public rely on UFW for related information, analysis, and recommendations. Thus, UFW explained, the requested information would be used to meet the general public's need for information about the operation of the H-2A program and related issues.

16.    DOL has not responded to UFW's appeal of the fee waiver denial with respect to UFW's January 24, 2007 request to the Atlanta office, and UFW has exhausted its administrative remedies under FOIA.

**The Third and Fourth Requests**

17.    On or about June 20, 2007, UFW submitted two separate FOIA requests to DOL's Chicago National Processing Center. The requests sought all applications or petitions filed with that office

seeking temporary foreign labor certification for H-2A workers in Arizona and Hawaii that were then in effect or that would commence before December 31, 2007. The requests also sought a fee waiver on the grounds that UFW has no commercial interest in the requested documents and that disclosure of the requested records would contribute significantly to public understanding of the H-2A guestworker program. Specifically, UFW explained that the requested information would be used to inform U.S. workers and their advocates of the existence of pending labor certifications, the terms and conditions of those certifications, and the potential availability of work for U.S. workers, and to determine whether the certifications that have been granted contain terms consistent with local prevailing practices and the mandates of the H-2A program. Further, UFW described the means by which it disseminates information to its members, other organizations who work with farm workers, and the public about job openings for farm workers, terms of employment offered by H-2A program employers, and other labor issues.

18.    At the time this case was filed, DOL had not responded to UFW's June 20, 2007 FOIA requests to the Chicago office regarding H-2A certifications in Arizona and Hawaii. On January 16, 2008, the Court adopted the parties' proposed schedule and ordered DOL to respond to plaintiffs' outstanding FOIA requests on or before January 31, 2008.

19.    On January 31, 2008, DOL responded to UFW's June 20, 2007 FOIA requests. DOL acknowledged that it had identified 1,400 pages of material responsive to the request for H-2A applications in Arizona, and 550 pages of material responsive to the request for H-2A applications in Hawaii, but DOL denied the requests for a fee waiver, and stated that it would produce the responsive material only if UFW provided an assurance that it would pay reproduction and search costs of $310.00 for the Arizona documents and $122.50 for the Hawaii documents.

20.     UFW has exhausted its administrative remedies under FOIA.

**The Fifth Request**

21.     On or about June 20, 2007, UFW submitted a FOIA request to DOL's Atlanta National Processing Center.  The request sought all applications or petitions filed with that office seeking temporary foreign labor certification for H-2A workers in Kentucky that were then in effect or that would commence before December 31, 2007.  The request also sought a fee waiver on the grounds that UFW has no commercial interest in the requested documents and that disclosure of the requested records would contribute significantly to public understanding of the H-2A guestworker program. Specifically, UFW explained that the requested information would be used to inform U.S. workers and their advocates of the existence of pending labor certifications, the terms and conditions of those certifications, and the potential availability of work for U.S. workers, and to determine whether the certifications that have been granted contain terms consistent with local prevailing practices and the mandates of the H-2A program.  Further, UFW described the means by which it disseminates information to its members, other organizations who work with farm workers, and the public about job openings for farm workers, terms of employment offered by H-2A program employers, and other labor issues.

22.     On October 25, 2007, a DOL official contacted UFW by telephone, informing UFW that it intended to deny its June 20, 2007 fee waiver request to the Atlanta office regarding H-2A certifications in Kentucky and would be assessing an undisclosed amount for search, review, and reproduction costs.  Although DOL had not responded in writing to UFW's June 20, 2007 request to the Atlanta office, by letter of December 6, 2007, UFW appealed the DOL's denial of a fee waiver.  In its appeal, UFW explained in detail that the requested records are essential to public

understanding of the government's operation of the H-2A program.  UFW explained that the requested information would be used to ensure that both U.S. and foreign workers are provided the opportunities and protections guaranteed by the H-2A statute and regulations, and it explained the methods by which UFW disseminates information to farmworkers.  UFW also noted the current interest of the general public in issues concerning guestworker programs and immigration reform and explained that, because of UFW's expertise and involvement in those issues, broad segments of the public rely on UFW for related information, analysis, and recommendations.  Thus, UFW explained, the requested information would be used to meet the general public's need for information about the operation of the H-2A program and related issues.

23.     By letter of December 6, 2007, DOL's Appeals Unit acknowledged receipt of UFW's appeal of the same date, assigned it Appeal Reference No. 080068, and stated that DOL was processing UFW's appeal.  By letter of December 11, 2007, five days *after* DOL acknowledged receipt of UFW's appeal of the denial of a fee waiver, DOL sent a letter to UFW denying a fee waiver in connection with UFW's June 20, 2007 request to the Atlanta office.  In the December 11 letter, DOL stated that it would produce 480 pages of responsive material only if UFW provided an assurance that it would pay $57.00 in reproduction costs.

24.     By letter of December 22, 2007, UFW responded to DOL's December 11 denial of a fee waiver.  UFW explained that DOL had communicated the denial to UFW by telephone on October 25, 2007, UFW had already appealed the denial, and DOL's appeals unit had acknowledged receipt of the appeal.  UFW also stated that, to the extent necessary to preserve UFW's right to challenge the denial of a fee waiver, UFW again appealed and incorporated by reference UFW's appeal letter of December 6, 2007.  Further, UFW requested that DOL immediately send the 480 pages of

material identified by DOL as responsive to UFW's request, and, without waiving its appeal of the denial of a fee waiver, UFW assured DOL that UFW would pay the $57.00 assessed for reproduction costs, if DOL's decision to deny the fee waiver is upheld.

25.    DOL has not issued a decision on UFW's appeal of the fee waiver denial with respect to UFW's June 20, 2007 request to the Atlanta office, and DOL has not produced the 480 pages of material DOL has identified as responsive to the request.  UFW has exhausted its administrative remedies under FOIA.

**The Sixth and Seventh Requests**

26.    On October 23, 2007, UFW and FJ jointly submitted two separate FOIA requests to DOL. One request was directed to DOL's Atlanta National Processing Center and sought all applications or petitions filed with that office seeking temporary foreign labor certification for H-2A workers in Florida, Louisiana, and Virginia that were then in effect or that would commence before April 30, 2008.  The other request was directed to DOL's Chicago National Processing Center and sought all applications or petitions filed with that office seeking temporary foreign labor certification for H-2A workers in Hawaii that were then in effect or that would commence before April 30, 2008.  In both FOIA requests, UFW and FJ sought expedited processing on the basis that UFW and FJ are primarily engaged in disseminating information regarding issues of importance to farmworkers, and there is an urgent need to inform farmworkers and the public about DOL's activities under the H-2A guestworker program.  In support of their request for expedited processing, UFW and FJ described in detail their activities and the means by which they disseminate information.  UFW and FJ also explained that prompt access to the requested records is necessary to address the public's need for information about guestworker programs in connection with the ongoing debate about immigration

10

and agricultural labor reform legislation, and to protect the jobs, wages, and working conditions of U.S. workers while preventing exploitation of vulnerable guestworkers. UFW and FJ also requested a fee waiver because release of the requested records would enhance the public's understanding of DOL's activities under the H-2A program.

27.    By letter dated October 30, 2007, DOL responded "solely to the request for expedited processing" in the two October 23, 2007 FOIA requests. DOL denied the requests for expedited processing. DOL stated that it had determined that "[w]hile information dissemination may be an important part of each organization's work, it is not their main activity," and that DOL's existing procedures are "generally sufficient" to meet any need to inform farmworkers or the public about DOL's activities under the H-2A guestworker program.

28.    On November 5, 2007, UFW and FJ appealed DOL's denial of their request for expedited processing of their October 23, 2007 FOIA requests. UFW and FJ explained that information dissemination plays a large role in many of the two organizations' strategies for promoting farmworkers' interests. UFW and FJ also emphasized the need for expedition in order to allow for the timely dissemination of information about job opportunities to eligible U.S. workers. By letter of December 10, 2007, DOL responded to the November 5, 2007 appeal, and affirmed DOL's decision to deny expedited processing.

29.    At the time this case was filed, DOL had not responded to the request for documents and the request for a fee waiver made in the two October 23, 2007 FOIA requests. On January 16, 2008, the Court adopted the parties' proposed schedule and ordered DOL to respond to plaintiffs' outstanding FOIA requests on or before January 31, 2008.

30.    On January 31, 2008, DOL responded to the two October 23, 2007 FOIA requests.  DOL acknowledged that it had identified 3,890 pages of material responsive to the requests, but DOL denied the request for a fee waiver, and stated that it would produce the responsive material only if UFW and FJ provided an assurance that they would pay $723.50 in reproduction costs.

31.    UFW and FJ have exhausted their administrative remedies under FOIA.

## CLAIMS FOR RELIEF

32.    Plaintiffs have a statutory right under FOIA, 5 U.S.C. § 552(a)(3), to obtain the records they have requested, and defendant has no legal basis for failing to disclose those records to plaintiffs. Defendant's failure to provide plaintiffs with the records they seek violates FOIA, 5 U.S.C. § 552(a)(3).

33.    Plaintiffs have a statutory right under FOIA, 5 U.S.C. § 552(a)(6), to expedited processing of their FOIA requests because plaintiffs have demonstrated a compelling need to obtain the requested records, and defendant has no legal basis for failing to expedite the processing of plaintiffs' FOIA requests.  Defendant's failure to expedite the processing of plaintiffs' requests violates FOIA, 5 U.S.C. § 552(a)(6).

34.    Plaintiffs have a statutory right under FOIA, 5 U.S.C. § 552(a)(4), to a waiver of the fees associated with their FOIA requests because disclosure of the information is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of plaintiffs.  Defendant's failure to waive the fees associated with plaintiffs' FOIA requests violates FOIA, 5 U.S.C. § 552(a)(4).

WHEREFORE, plaintiffs request that this Court:

A)      Declare that defendant's failure to waive the fees associated with plaintiffs' first, second, third, fourth, fifth, sixth, and seventh FOIA requests is unlawful;

B)      Declare that defendant's failure to produce the records sought by plaintiffs' third, fourth, fifth, sixth, and seventh FOIA requests is unlawful;

C)      Declare that defendant's failure to expedite processing of plaintiffs' sixth and seventh FOIA requests is unlawful;

D)      Order defendant to produce the requested records without delay;

E)      Order defendant to make the requested records available to plaintiffs at no cost;

F)      Award plaintiffs their reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E); and

G)      Grant all other proper relief.

                                        Respectfully submitted,

                                        /s/ Michael T. Kirkpatrick
                                        Michael T. Kirkpatrick (DC Bar #486293)
                                        Adina H. Rosenbaum (DC Bar #490928)
                                        PUBLIC CITIZEN LITIGATION GROUP
                                        1600 20th Street, NW
                                        Washington, DC 20009
                                        (202) 588-1000

                                        Bruce Goldstein (DC Bar #446848)
                                        Virginia Ruiz (DC Bar #483800)
                                        Marni Willenson (Bar# IL0011)
                                        FARMWORKER JUSTICE
                                        1126 16th Street, NW, Suite 270
                                        Washington, DC  20036
                                        (202) 293-5420

Dated: February 8, 2008                 Attorneys for Plaintiffs