UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED FARM WORKERS )<br>)<br>and )<br>)<br>FARMWORKER JUSTICE, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DEPARTMENT OF LABOR, )<br>)<br>Defendant. )<br>_____ ) | C.A. No.: 07-2241 (HHK) |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE
TO DEPOSIT FUNDS TO THE COURT'S REGISTRY**

Pursuant to Rule 67 of the Federal Rules of Civil Procedure, plaintiffs United Farm Workers (UFW) and Farmworker Justice (FJ) request that the Court enter an order granting plaintiffs leave to deposit $810.65 to the Court's registry. As explained in greater detail below, plaintiffs make this request so that they may receive time-sensitive materials responsive to certain requests under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, pending this Court's resolution of plaintiffs' claim that they are entitled to a waiver of fees associated with the requests. Defendant U.S. Department of Labor (DOL) does not oppose this motion.

**BACKGROUND**

The primary issue in this case is whether plaintiffs are entitled to a waiver of reproduction and search costs associated with a series of seven FOIA requests seeking documents related to employer applications for certification to hire temporary foreign agricultural workers. *See* 5 U.S.C. § 552(a)(4)(A)(iii) (providing for waiver of fees where disclosure of documents requested under

FOIA is in the public interest). On October 23, 2007, UFW and FJ submitted the final two of the seven FOIA requests at issue in this case. The October 27, 2007 requests sought all applications or petitions filed with DOL's Atlanta or Chicago National Processing Centers seeking temporary foreign labor certification for H-2A workers in Florida, Louisiana, Virginia, and Hawaii that were then in effect or that would commence before April 30, 2008. UFW and FJ requested a waiver of any fees associated with their requests on the basis that release of the requested records would enhance the public's understanding of DOL's activities under the H-2A program. UFW and FJ explained that prompt access to the requested records is necessary to address the public's need for information about guestworker programs in connection with the ongoing debate about immigration and agricultural labor reform legislation, and to protect the jobs, wages, and working conditions of U.S. workers while preventing exploitation of vulnerable guestworkers.

At the time this case was filed, DOL had not responded to the request for documents and the request for a fee waiver made in the two October 23, 2007 FOIA requests. On January 16, 2008, the Court adopted the parties' proposed schedule and ordered DOL to respond to plaintiffs' outstanding FOIA requests on or before January 31, 2008. On January 31, DOL acknowledged that it had identified 3,890 pages of material responsive to the October 23, 2007 FOIA requests, but DOL denied the request for a fee waiver, and stated that it would produce the responsive material only if UFW and FJ will pay $723.50 in reproduction and search costs. DOL has since informed plaintiffs that the figure of $723.50 related only to the records regarding Florida, Louisiana, and Virginia, and that the records for Hawaii have an associated cost of $87.15.

**ARGUMENT**

Pursuant to the schedule entered on January 16, 2008, briefing on the parties' cross-motions for summary judgment will not be complete until May 2, 2008. By the time briefing is complete and the Court enters judgment on the fee waiver issue, the records requested by UFW and FJ will have lost much of their utility. Thus, UFW and FJ face a Hobson's choice. They must either pay the fees demanded by DOL to receive the requested documents even though they believe they have a statutory right to a fee waiver, or they must wait to receive the documents until the fee issue is resolved on the merits, by which time the documents will no longer be useful.

This dilemma can be avoided by entry of an order granting plaintiffs leave to deposit $810.65 to the Court's registry and ordering DOL to produce the requested records. Deposit of the funds into the Court's registry will provide DOL with the assurance that the reproduction and search costs will be paid if DOL's decision to deny a fee waiver is upheld, and it will allow UFW and FJ to receive the requested documents pending resolution of the fee waiver issue. Once the fee waiver issue is resolved, the prevailing party can move for a further order from the Court to allow withdrawal of the funds from the Court's registry.

**CONCLUSION**

The Court should grant plaintiffs' motion for leave to deposit $810.65 to the Court's registry pending a final judgment in this case.

          Respectfully submitted,

          */s/ Michael T. Kirkpatrick*
          Michael T. Kirkpatrick (DC Bar #486293)
          Adina H. Rosenbaum (DC Bar #490928)
          PUBLIC CITIZEN LITIGATION GROUP
          1600 20th Street, NW
          Washington, DC 20009
          (202) 588-1000

          Bruce Goldstein (DC Bar #446848)
          Virginia Ruiz (DC Bar #483800)
          Marni Willenson (Bar# IL0011)
          FARMWORKER JUSTICE
          1126 16th Street, NW, Suite 270
          Washington, DC  20036
          (202) 293-5420

Dated: February 15, 2008          Attorneys for Plaintiffs

**CERTIFICATE OF CONFERENCE**

On February 11, 2008, I discussed this motion with Michelle N. Johnson, counsel for DOL. Ms. Johnson stated that she would discuss the matter with her client to determine whether DOL would oppose the motion. On February 15, 2008, I received a voice-mail message from Heidi R. Morrison, an attorney with DOL, in which Ms. Morrison stated that DOL will not oppose this motion.

          */s/ Michael T. Kirkpatrick*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED FARM WORKERS )<br>)<br>and )<br>)<br>FARMWORKER JUSTICE, )<br>)<br>                Plaintiffs, )<br>)<br>v. )<br>)<br>DEPARTMENT OF LABOR, )<br>)<br>                Defendant. )<br>_____ ) | C.A. No.: 07-2241 (HHK) |

**[PROPOSED] ORDER GRANTING LEAVE
TO DEPOSIT FUNDS TO THE COURT'S REGISTRY**

This matter having come before the Court on plaintiffs' unopposed motion for leave to deposit funds to the Court's registry, and it appearing that the grant of such motion would be in the interest of justice, it is hereby

**ORDERED** that plaintiffs are **GRANTED** leave to deposit $810.65 to the Court's registry. It is further

**ORDERED** that defendant shall produce the material responsive to plaintiffs' October 23, 2007 FOIA requests.

**SO ORDERED** on this ____ day of _____, 2008.

_____
HENRY H. KENNEDY
United States District Judge