**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED FARM WORKERS )<br>)<br>and )<br>)<br>FARM WORKER JUSTICE )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT )<br>OF LABOR, )<br>)<br>Defendant. )<br>) | Civil Action No.: 1:07-CV-02241 (HHK) |

## DEFENDANT'S MOTION FOR DISMISSAL AND SUMMARY JUDGMENT

Defendant, the United States Department of Labor, respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 56, for an order granting Defendant summary judgment on the grounds that no genuine issue of material fact exists and Defendant is entitled to judgment as a matter of law. Furthermore, this Court lacks subject matter jurisdiction to entertain certain of Plaintiffs' claims, requiring dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1).

In support of this motion, Defendant respectfully submits the attached statement of material facts as to which there is no genuine dispute, a memorandum of points and authorities with exhibits, and a proposed order.

Respectfully submitted,

___/s/ Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/ Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

_____/s/ Michelle N. Johnson_____
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139


COUNSEL FOR DEFENDANT

<u>Agency Counsel</u>

Heidi Morrison
Attorney-Advisor
Division of Management and
Administrative Legal Services
United States Department of
Labor
200 Constitution Avenue, NW
Suite N-2428
Washington, DC 20210

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
UNITED FARM WORKERS       )
                                   )
and                              )    Civil Action No.: 1:07-CV-02241 (HH)
                                   )
FARMWORKER JUSTICE       )
                                   )
            Plaintiffs,    )
                                   )
       v.             )
                                   )
UNITED STATES DEPARTMENT   )
OF LABOR,                 )
                                   )
           Defendant.    )
_____)

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
## FOR DISMISSAL AND SUMMARY JUDGMENT

Defendant, the United States Department of Labor ("DOL"), respectfully submits this memorandum of law in support of its motion for dismissal and summary judgment. Plaintiffs, United Farm Workers ("UFW") and Farmworker Justice ("FJ"), bring this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522 et seq., seeking a declaratory judgment that they qualify for a waiver of fees associated with their seven FOIA requests. Plaintiffs also seek a declaratory judgment that they qualify for expedited processing with regard to their sixth and seventh FOIA requests. As discussed in Section II, DOL has properly determined that disclosure to Plaintiffs of the requested information does not satisfy two of the four required factors of the fee waiver test, all of which must be satisfied in accordance with DOL regulations. Specifically, Plaintiffs failed to adequately demonstrate that they satisfy factors two and four, namely, that the

information they requested is <u>meaningfully informative</u> about government operations or activities such that it is likely to contribute to an <u>increased understanding</u> of those operations or activities, and that the information will <u>significantly</u> enhance public understanding.

As it concerns their request for expedited processing, as discussed in Section III, this Court does not have jurisdiction to consider DOL's denial of Plaintiffs' request for expedited processing on their sixth and seventh requests because DOL already has provided Plaintiffs with a complete response to these FOIA requests. Thus, Plaintiffs' claim for expedited processing must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

## **<u>BACKGROUND</u>**

Plaintiff, UFW, submitted seven separate FOIA requests. Plaintiff, FJ, joined with UFW in the sixth and seventh FOIA requests. The records Plaintiffs seek all relate to a program, referred to as the "H-2A program," which permits agricultural employers who anticipate a shortage of domestic workers to bring non-immigrant foreign workers to the United States on a temporary or seasonal basis. The application and certification process is governed by the Immigration and Nationality Act ("INA"), 8 U.S.C. §1101, <u>et seq.</u>, and DOL regulations found at 20 C.F.R. § 655.101, <u>et seq.</u> Declaration of William L. Carlson ("Carlson Decl.") ¶ 3. Before the United States Citizenship and Immigration Service can review an employer's petition, DOL must certify that there are not sufficient domestic workers available and the employment of non-immigrant foreign workers will not adversely affect wages and working conditions of domestic workers. <u>Id.</u> ¶ 2.

Pursuant to FOIA, Plaintiffs requested any and all H-2A applications/petitions and related documents filed with the Office of Foreign Labor Certification ("OFLC") in the Employment and Training Administration ("ETA") of DOL by agricultural employers seeking a temporary foreign labor certification for H-2A workers in various states submitted on or between various dates. Exhibits A, E, I, K, N, S, and T. At issue here is Plaintiffs' requests for fee waivers for all seven requests.[1] The facts concerning each of Plaintiffs' requests are set forth in Defendant's Statement of Material Facts as to Which There is No Genuine Issue.

Plaintiffs filed a Complaint in United States District Court for the District of Columbia on December 13, 2007. On January 14, 2008, DOL filed a Joint Motion for the Entry of a Briefing Schedule. On January 16, 2008, the Court adopted the parties' proposed schedule, which provided that DOL would respond to Plaintiffs' outstanding FOIA requests on or before January 31, 2008. DOL complied with the Court's order by providing the outstanding responses to the Plaintiffs on January 31, 2008. Plaintiffs filed an Amended Complaint on February 8, 2008.[2]

## ARGUMENT

## I.   SUMMARY JUDGMENT STANDARD

Summary judgment pursuant to Fed. R. Civ. P. 56(c) is appropriate when the record shows that there is no genuine issue as to any material fact and the moving party is

---

[1] As noted above, Plaintiffs also requested expedited processing on the sixth and seventh requests. However, the records sought in these requests were provided to Plaintiffs by letter dated February 29, 2008. See Ex. Y (Letter to Ms. Ruiz and Mr. Nicholson dated February 29, 2008).

[2] The Amended Complaint does not include allegations regarding DOL's responses to Plaintiffs' first, second, and fifth FOIA requests dated January 31, 2008.

entitled to judgment as a matter of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  In determining whether a genuine issue of material fact exists, the trier of fact must view all the facts, and the reasonable inferences to be drawn from them, in a light most favorable to the non-moving party. Anderson, 477 U.S. at 255.  If the evidence favoring the non-moving party is "merely colorable, or is not significantly probative, summary judgment may be granted."  Id. at 249-50.  In order to withstand summary judgment, the non-moving party is not at liberty to rest upon mere allegations or denials but must come forth with evidence establishing a material issue of fact for trial.  Id. at 248.  The mere existence of some factual dispute is insufficient to withstand summary judgment; there must be a genuine issue of material fact.  Id. at 247-48.  If the submitted evidence is of such a character that it would not permit a reasonable fact-finder to find in favor of the non-moving party, summary judgment is appropriate.  Id. at 251.

## II.    DOL PROPERLY DETERMINED THAT PLAINTIFFS ARE NOT ENTITLED TO FEE WAIVERS.

Plaintiffs sought fee waivers for each of their seven FOIA requests, contending that fee waivers were warranted because the release of the information they sought was in the public interest.  As discussed below, Plaintiffs cannot establish they are entitled to fee waivers for any of the seven requests they submitted.

### A.    Standard of Review for Fee Waiver

"The decision of an agency to grant or deny a fee waiver request is reviewed de novo, looking only to the administrative record before the agency at the time of the

4

decision." District of Columbia Tech. Assistance Org. v. United States Dep't of Housing and Urban Development, 85 F. Supp. 2d 46, 48 (D.D.C. 2000) (citing 5 U.S.C. §552(a)(4)(vii)); see also Campbell v. United States Dep't of Justice, 164 F.3d 20, 35 (D.C. Cir. 1998); Rozet v. United States Dep't of Housing and Urban Development, 59 F. Supp. 2d 55, 56 (D.D.C. 1999); McClellan Ecological Seepage Situation v. Carlucci, 835 F.2d 1282, 1284 (9th Cir. 1987). Thus, this Court's review of Plaintiffs' fee waiver requests is limited to the record that was before DOL when it rendered each of its decisions on each respective fee waiver request. 5 U.S.C. §552(a)(4)(vii).

Generally, FOIA requires requesters to pay the reasonable costs associated with their requests. Larson v. Central Intelligence Agency, 843 F.2d 1481, 1482 (D.C. Cir. 1982). However, FOIA requires documents to be furnished without any charge or at a charge reduced below the fees established by the agency where "the disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); see also Larson, 843 F.2d at 1483 (citations omitted); VoteHemp, Inc. v. Drug Enforcement Administration, 237 F. Supp. 2d 55, 58-59 (D.D.C. 2002). As the requesters, Plaintiffs have the burden of demonstrating that these requirements are satisfied. Larson, 843 F.2d at 1483; Judicial Watch v. United States Dep't of Justice, 365 F.3d 1108, 1126 (D.C. Cir. 2004); Judicial Watch, Inc. v. United States Dep't of Justice, 185 F. Supp. 2d 54, 60 (D.D.C. 2002). Because DOL does not contest that disclosure of the information was not primarily in Plaintiffs' commercial interests, this memorandum will focus only on

Plaintiffs' failure to establish that the disclosure of the requested records is likely to contribute significantly to the public understanding of the operations or activities of the government.

**DOL's Fee Waiver Regulations**

FOIA provides that "each agency shall promulgate regulations . . . specifying the schedule of fees applicable to the processing of requests under this section and establishing procedures and guidelines for determining when such fees should be waived or reduced."  5 U.S.C. § 552(a)(4)(A)(i).  Pursuant to FOIA, DOL has promulgated regulations for determining when fees should be waived.  29 C.F.R. § 70.41(a)(2)(i)-(iv).[3]  Under these provisions, DOL considers four factors in determining whether disclosure of requested information is "likely to contribute significantly to public understanding of the operations or activities of the government."  29 C.F.R. § 70.41(a)(1)(i).   In determining whether the information is in the public interest because it is likely to contribute significantly to the public's understanding of the government's operations or activities, four factors must be satisfied:

> I) The subject of the request: . . . The subject of the requested records must concern identifiable operations or activities of the federal government, with a connection that is direct and clear, not remote or attenuated.

> ii) The informative value of the information to be disclosed: Whether the disclosure is 'likely to contribute to an understanding of government operations or activities.  The disclosable portions of the requested records must be meaningfully informative about government operations or activities in order to be 'likely to

---

[3] The statute and regulations promulgated by the agency must both be taken into consideration when a fee waiver denial is being adjudicated.  See Vote Hemp, Inc., 237 F. Supp. 2d at 59; Campbell, 164 F.3d at 35; Samuel Gruber Educ. Project v. Dep't of Justice, 24 F. Supp. 2d 1, 10 (D.D.C. 1998).

contribute' to an increased public understanding of those operations or activities. The disclosure of information that already is in the public domain, in either a duplicative or a substantially identical form, would not be as likely to contribute to such understanding where nothing new would be added to the public's understanding.

iii) The contribution to the understanding of the subject by the public likely to result from disclosure: . . . . The disclosure must contribute to the understanding of a reasonably broad audience of persons interested in the subject . . . . A requester's expertise in the subject area and ability and intention to effectively convey information to the public will be considered.

iv) The significance of the contribution to public understanding: Whether the disclosure is likely to contribute 'significantly' to public understanding of government operations or activities. The public's understanding of the subject in question must be enhanced by the disclosure to a significant extent.

29 C.F.R. § 70.41(a)(2)(i)-(iv). As the requesters, Plaintiffs have the burden to establish their entitlement to a fee waiver. Judicial Watch, 365 F.3d at 1126 (D.C. Cir. 2004); Larson, 843 F.2d at 1483 (citations omitted).

In denying Plaintiffs' requests for a waiver of fees, DOL ultimately determined that Plaintiffs failed to satisfy the second and fourth factors of the fee waiver test, i.e., they failed to establish that disclosure of the information would be meaningfully informative about government operations or activities and that the information would significantly enhance the public's understanding about such operations or activities. See Exs. D, H, J, L, M,[4] R, and X. The administrative record before the agency at the time it denied Plaintiffs' requests for fee waivers on the first through seven FOIA requests consists of the attached Exhibits A through X. In reviewing this record, "[s]ummary

---

[4]Exhibit M is a one-paged exhibit. This page is the corrected version of the calculation of fees outlined in page three of exhibit L.

7

judgment is available to the defendant in a FOIA case when the agency proves that it has

fully discharged its obligations under FOIA . . . ." Miller v. United States Dep't of State,

779 F.2d 1378, 1382 (8th Cir. 1985) (citation omitted).  Thus, when the pleadings,

supplemented by documentation or declarations, show no genuine issue as to any

material fact and the defendant is entitled to judgment as a matter of law, summary

judgment should be granted to the defendant.  Perry v. Block, 684 F.2d 121, 126 (D.C.

Cir. 1982).  Because DOL correctly determined that Plaintiffs failed to satisfy factors two

and four - either of which alone would mean Plaintiffs failed to establish their entitlement

to a fee waiver - summary judgment in the favor of DOL should be granted.

>   **B.**    **Plaintiffs Failed to Establish that the Records Sought Are**
>           **Meaningfully Informative about Government Operations or**
>           **Activities.**

All seven of the FOIA requests made by Plaintiffs involve the same category of

records.  The Plaintiffs requested any and all H-2A applications/petitions and related

documents filed with OFLC seeking a temporary foreign labor certification for H-2A

workers in various states submitted on various dates.  Exs. A, E, I, K, N, S, and T.  The

requests differ only by the states from which the applications were filed and the dates of

the applications.  Id.  As discussed below, DOL ultimately denied all seven of the

requests for fee waivers because almost all of the information provided in the requested

documents is publicly available through state workforce agencies and the Office of

Foreign Labor Certification ("OFLC"), Employment and Training Administration's

("ETA") website.[5]  Additionally, DOL determined that the small amount of information

that is not already publicly disclosed would not enhance the public's understanding of the

subject in question to a significant extent.

    (I)       **The H-2A Program Requires Public Dissemination of the**
                   **Information Sought By Plaintiffs.**

The information Plaintiffs requested must be made publicly available, as required

by statute, 8 U.S.C. § 1188, et seq., and regulation.  In accordance with 20 C.F.R. §

655.101(a)(1), any employer who seeks temporary alien agricultural worker certification

for temporary foreign workers (H-2A workers) must file an application with the OFLC

Administrator.  Carlson Decl. ¶ 4.  This regulation also provides that at the time the

employer files an application with OFLC, the employer must also file a duplicate

application with the local office or State Workforce Agency ("SWA") serving the area of

intended employment.  Id.  OFLC must notify the employer and SWA within seven days

after receipt of an employer's application of its decision to accept or reject the

application. Id. ¶ 5.

Pursuant to 20 C.F.R. § 655.101(c)(4), the local office or SWA will use the job

offer portion of the application to immediately prepare a local job order to recruit U.S.

workers in the area of intended employment.  Id. ¶ 4.  Information available in the local

job order or at the SWA will include:

        a.        the name and address of the employer, including the location and

---

[5]During the preparation of Defendant's response to the amended complaint, it was determined that because certain information that is contained in the letters from OFLC to employers denying certification is not available by virtue of public dissemination, Defendant will grant Plaintiffs the requested fee waivers regarding those denial letters that were responsive to Plaintiffs' seven requests.  Defendant is in the process of determining the precise number of denial letters to which a fee waiver will be applied.

directions to the work site;

b.    the number of workers requested;

c.    the location of the housing provided;

d.    applicant referral instructions;

e.    job specifications, including rates of pay, anticipated period of employment, and anticipated hours of employment;

f.    assurance of valid workers' compensation insurance policy coverage during the job contract period;

g.    assurance that transportation to and from living quarters and the work site, or reimbursement for such costs, will be provided;

h.    a three fourths guarantee.[6]

Carlson Decl. ¶ 4; see also id. Ex. 1 (sample job order).

If an application is accepted, the employer and SWA are notified and informed of the specific efforts that must be taken to comply with 20 C.F.R. § 655.103 with respect to the recruitment of domestic workers.  Id. ¶ 5.  Pursuant to 20 C.F.R. § 105(a), the SWA is required to put the job offer, the contents of which are outlined above, into public intra-state and/or inter-state circulation depending on circumstances.  Id.  In addition, the employer may also be instructed to engage in positive recruitment efforts, such as publishing job notices in newspapers and making job announcements on the radio within a multistate region of traditional or expected labor supply.  Id.[7]  Compliance with the

---

[6]The employer is required to guarantee to offer employment for at least three-fourths of the workdays of the total working period.

[7] Specifically, 20 C.F.R. § 655.103(d)(2), provides that an employer's positive recruitment efforts will involve "[p]lacing advertisements (in a language other than English, where the OFLC Administrator determines appropriate) for the job opportunities in newspapers of general circulation and/or on the radio,

10

positive recruitment effort by employers is required by 8 U.S.C. § 1188 of the INA.

Pursuant to that provision, the Secretary of Labor may not issue a labor certification to an

employer if she determines that any of four conditions are present.  8 U.S.C. § 1188(b).

Included as one of these conditions is if:

> [t]he Secretary determines that the employer has not made positive
> recruitment efforts within a multistate region of traditional or
> expected labor supply where the Secretary finds that there are a
> significant number of qualified United States workers who, if
> recruited, would be willing to make themselves available for work at
> the time and place needed.  Positive recruitment under this
> paragraph is in addition to, and shall be conducted within the same
> time period as, the circulation through the interstate employment
> service system of the employer's job offer.  The obligation to
> engage in positive recruitment under this paragraph shall terminate
> on the date the H-2A workers depart for the employer's place of
> employment.

8 U.S.C. § 1188(b)(4); Carlson Decl. ¶ 6.

   One of ETA's National Processing Centers in Atlanta or Chicago notifies the

employer of the decision to grant or deny an employer's application for certification.

Carlson Decl. ¶ 7.  While the acceptance and denial letters from DOL to each employer

are not automatically disseminated to the public, information regarding which

applications are accepted, rejected, certified or denied is annually reported by OFLC to

the public.  Carlson Decl. ¶ 7.[8]  This report is available to the public at

www.flcdatacenter.com/CaseData.aspx.  Id. ¶ 8.  The report, which is a downloadable

_____

as required by the OFLC Administrator."  20 C.F.R. § 655.103(d)(2).

[8]Attached as Exhibit 1 to the Carlson Declaration are examples of several grant letters.  Defendant has
determined that, because the specific reasons for the denial of an H-2A application are not contained in any
of the public sources of information identified, it will grant fee waivers to Plaintiffs for the letters of denial.
Defendant is in the process of determining precisely how many denial letters were encompassed in
Plaintiffs' requests.  An example denial letter is attached as Exhibit 2 to the Carlson Declaration.

database file, contains, in addition to case status, the name and address of the employer, the number of workers requested and certified, the basic number of hours to be worked, and the rate of pay.[9]  Id.  This annual report covers the entire country and provides a more comprehensive tool to assess how the H-2A program operates than partial year reviews of applications submitted regarding random states.

Notably, the acceptance letters do not contain any substantive information that is not publicly available.  As seen from Exhibit 1 to the Carlson declaration, these acceptance letters are routinely issued in a standard format that merely sets forth the parameters of the certification granted and informs employers of their regulatory obligations.  Carlson Decl., Ex. 2.  This is all information that is readily available to the public through the sources identified above and therefore dissemination of these letters would not be meaningfully informative about DOL's operations or activities. Information that is in the acceptance letters, but not in the H-2A Report, consists of three short paragraphs outlining the requirements of  20 C.F.R. §§  655.102(b)(11), 655.106(c)(1), 655.106(e), information on where to submit the fees assessed for H-2A certification, and information on where to submit the U.S. Citizenship and Immigration Service I-129 Form.[10]

---

[9] The most current data available on ETA's website includes Fiscal Year 2007, which includes October 1, 2006 to September 30, 2007.  An excerpt of this report is attached as Exhibit 4 to the Carlson Declaration. Defendant will grant Plaintiffs a fee waiver for those documents that are responsive to their requests that are not encompassed in the most recent report.

[10] Similarly, the materials submitted with the applications, such as any exhibits the employer may deem relevant, do not meaningfully inform the public about DOL's operations.  Rather, such documents pertain solely to the employer's operations and may not even be a factor in DOL's acceptance of a H-2A application.

     **(ii)**     **Plaintiffs Failed to Establish that the Records They Sought Would Be Meaningfully Informative About Government <u>Operations or Activities.</u>**

Factor two of DOL's regulations governing the requirements for the reduction of fees provides that "[t]he disclosable portions of the requested records must be meaningfully informative about government operations or activities . . . ." 29 C.F.R. § 70.41(a)(2)(ii). The regulation instructs that "[t]he disclosure of information that already is in the public domain, in either duplicative or a substantially identical form, would not be as likely to contribute to such understanding where nothing new would be added to the public's understanding." <u>Id.</u> Given the extensive information that is disseminated in the administration of the H-2A program, the information Plaintiffs sought would not be meaningfully informative about DOL's operations or activities.

Most significantly, however, in their respective FOIA requests, Plaintiffs failed to fully substantiate their claim that the information they sought would be meaningfully informative about DOL's activities or operations. In UFW's first request dated January 24, 2007, Plaintiffs sought "[a]ny and all applications/petitions filed with [DOL] seeking a temporary foreign labor certification for H-2A workers in California submitted on or after November 1, 2006." Ex. A.[11] In UFW's second request, also dated January 24, 2007, UFW sought this same information regarding workers in Florida and Georgia submitted on or after November 1, 2006. Ex. E. In support of its fee waiver request in both instances, UFW stated that it was a "non-profit organization that serves migrant

---

[11]While the analysis pertaining to each of Plaintiffs' requests is identical, Defendant has discussed those instances in the requests where Plaintiffs asserted different or expanded rationale for justifying their fee waiver requests.

farmworkers and other low income persons[,]" and merely repeated the FOIA statutory language that the "information requested concerns operations and activities of the government and its disclosure is likely to contribute significantly to the public understanding of those operations or activities." Ex. A; Ex. E.[12] In denying the fee waiver requests, DOL determined that the requests did not "meet the criteria at 29 CFR 70.41 with regard to contributing significantly to public understanding of the operations or activities of the government." Ex. B; Ex. F.[13] In its appeals of these decisions, UFW contended that the records requested were "essential to understanding how the H-2A program operates." Ex. C, at 2; Ex. G, at 2. UFW contended that "[t]he regulations, guidelines, and memoranda issued by the Department of Labor, are, by themselves, not sufficient to learn how the government implements the legislative authority and standards. It is necessary to review the employers' H-2A applications and the DOL's responses to determine how the program is operating." Id. UFW further states that its FOIA request "therefore involves information that . . . is 'meaningfully informative about government operations or activities . . . .'" Id. In letters dated January 31, 2008, DOL denied Plaintiff's appeal, concluding that the H-2A application results in the dissemination of job opportunities to the public and the information regarding which

---

[12]It is clear that this initial explanation was insufficient to satisfy UFW's burden of establishing its entitlement to a fee waiver. See Judicial Watch, Inc., 185 F. Supp. 2d 54, 60 (D.D.C. 2002) ("Conclusory statements that the disclosure of the requested documents will serve the public interest are not sufficient to meet [the requestor's] burden [of establishing its entitlement to a fee waiver].") (citing McClellan, 835 F.2d at 1285).

[13]Although the fee waiver was denied, DOL enclosed the requested records with its letter, informing plaintiff that the sum of $115.00 was owed for the processing of the California records, Ex. B, and $65.25 was owed in regards to the request for records in Florida and Georgia. Ex. F. No information was withheld. Id.

applications are accepted, rejected, certified or denied is annually reported.  Ex. D, at 2; Ex. H, at 2.  Further, DOL found that the information Plaintiffs sought – the actual applications and acceptance and denial letters[14] – would not enhance the public's understanding of the subject in question.  Id. at 3.

Similarly, the third and fourth requests failed to set forth an explanation of how the information UFW sought would meaningfully inform the public about the government's operations.  In the third and fourth requests, both dated June 20, 2007, UFW sought all H-2A applications for workers in Arizona and Hawaii, respectively.  Ex. I; Ex. K.  While UFW did not explicitly inform the agency how the information would meaningfully inform the public about the agency's operations or activities, it stated that the information "will be used to inform U.S. workers and their advocates of the existence of pending labor certifications, the terms and conditions of those certifications and the potential availability of work for U.S. workers with employers to whom those certifications have been granted.  Additionally, it will be used to determine whether the certifications that have been granted contain terms consistent with the local prevailing practices and mandates of the H-2A program."  Id.  In denying these fee waiver requests, the agency determined that disclosure of the information would not be meaningfully informative about government operations in light of the extensive amount of information concerning the H-2A program that is required to be disseminated.  Ex. J, at 2, Ex. L at

---

[14]As noted supra at 8 & n.4, Defendant has determined that in fact the information in the denial letters is not fully available to the public and will afford Plaintiffs a fee waiver as it concerns the denial letters that were responsive to their requests.

2.[15]  Furthermore, the agency found that the reasons proffered by UFW did not support

the conclusion that the disclosure of the information sought would contribute to public

understanding.  Id. at 1, Ex. L at 1.

UFW's fifth request, also dated June 20, 2007, sought all applications/petitions

seeking temporary foreign labor certification for H-2A workers in Kentucky through

December 31, 2007.  Ex. N.  In support of its fee waiver request, UFW again stated that

the information being requested would be "used to inform U.S. workers and their

advocates of the existence of pending labor certifications, the terms and conditions of

those certifications and the potential availability of work for U.S. workers with

employers to whom those certifications have been granted."  Id. at 1.  UFW indicated that

the information would be used to "determine whether the certifications that have been

granted contain terms consistent with the local prevailing practices and the mandates of

the H-2A program[,]" as well as "for the purpose of ensuring that both U.S. and foreign

workers are provided the protections afforded them under federal statute and regulation."

Id.  On December 6, 2007, UFW submitted an appeal in response to a telephone call it

had received from the agency indicating that the fee waiver would be denied.  Ex. O.  In

this letter, UFW explained that the applications and DOL's responses were necessary "to

determine how the program is operating[,]" and therefore the FOIA request involved

information that "is 'meaningfully informative about government operations or activities

. . . ."  Id. at 2.  The agency denied UFW's request for a fee waiver pertaining to the fifth

---

[15]Because the litigation was already pending at the time that DOL responded to the third and fourth
requests, Plaintiffs never filed any appeal addressing the January 31, 2008 letters.

request in letters dated December 11, 2007 and January 31, 2008, again explaining that UFW failed to show that the information it sought would meaningfully add to the public's understanding of DOL's activities and operations.  Exs. P, S.[16]

Finally, in their sixth and seventh requests, both dated October 23, 2007, Plaintiffs sought documents regarding Florida, Louisiana, Virginia, and Hawaii dating from the date of the letter until April 30, 2008.[17]  Exs. S & T.  Plaintiffs sought expedited processing of these requests and again requested fee waivers for these requests stating that the records would, for the reasons set forth in support of expedited processing, meet the requirements for a fee waiver under DOL regulations.  Id.  These reasons included the fact that, according to Plaintiffs, "[t]here is currently widespread public interest in the subject of immigration reform and in particular, the use of guestworker programs such as the H-2A program."  Ex. S, at 3; Ex. T, at 3.  Plaintiffs contended that the information requested was "essential in understanding [ongoing] deliberations within the government about the administration of current guestworker programs."  Id. at 4.  In denying Plaintiffs' requests for a fee waivers,[18] the agency concluded that Plaintiffs still failed to

---

[16]UFW submitted a second appeal letter directly in response to the December 11th letter on December 22, 2007.  Ex. Q.

[17] FOIA requesters may not compel agencies to make automatic releases of records as they are created, see Cleary, Gottlieb, Steen & Hamilton v. Dep't of Health and Human Services, 844 F. Supp. 770, 778 (D.D.C. 1993) (citing Mandel Grunfeld & Herrick v. U.S. Customs Service, 709 F.2d 41, 43 (11th Cir. 1983)), and requests cannot be properly made for future records not yet created, see McGehee v. Central Intelligence Agency, 697 F.2d 1095, 1103 (D.C. Cir. 1983) (citing Tuchinsky v. Selective Service System, 418 F.2d 155, 158 (7th Cir. 1969).  Therefore, when responding to a request for future records, DOL will ordinarily include only those records existing as of the date the component begins its search for the records.  29 C.F.R. § 70.21(d).

[18]The agency denied Plaintiffs' request for expedited processing of the sixth and seventh requests in a letter dated October 30, 2007.  Ex. U.  Plaintiffs appealed that decision in a letter dated November 5, 2007.  Ex. V.  Plaintiffs' request for expedited processing is discussed further in Section III, infra at 21.

explain how the information they sought would meaningfully contribute to or significantly enhance the public's understanding of the H-2A program.  Ex. X.  As with the other denials, this conclusion was based upon the fact that a large segment of the information sought by Plaintiffs had already been disseminated publicly.  Id.

DOL's denial of Plaintiffs' requests for fee waivers was proper.  None of the responses submitted by Plaintiffs provide a clear explanation regarding why the information they seek satisfies the second fee waiver factor.  Notably, Plaintiffs do not explain how the information contained in the specific applications and acceptance letters will meaningfully inform the public about DOL's activities and operations, in light of the information, such as the OFLC's annual report and the job orders, which are publicly disseminated.  See, e.g., Exs. C, G, O.  This failure warrants denial of UFW's request for a fee waiver.  While in several of its appeals UFW indicated that "[t]he regulations, guidelines, and memoranda issued by the [DOL] are, themselves, not sufficient to learn how the government implements the legislative authority and standards[,]" see, e.g., Ex. O, it neglected to explain how the annual report and job orders that are issued by the SWA fail to provide this information.  Rather, Plaintiffs provide a general discussion regarding the public's interest in immigration issues, and how the information sought will "contribute" to the understanding of those persons interested in the H-2A guestworker program, see id., without explaining why the information will be a meaningful contribution to the public's understanding in light of the other information that is already disseminated about the H-2A program.  This failure alone warrants denial of their request for a fee waiver.  See, e.g., Oglesby v. Department of the Army, 920 F.2d 57, 66 n.11

18

(D.C. Cir. 1990) (conclusory statements intended to satisfy the public interest requirement are insufficient); Larson, 843 F.2d at 1483 ("[T]he agency may infer a lack of substantial public interest '[w]hen a public interest is asserted but not identified with reasonable specificity, and circumstances do not clarify the point of the request[ ].'") (internal citations and quotation marks omitted); Judicial Watch, Inc. v. United States Dep't of Justice, 122 F. Supp. 2d 13, 18 (D.D.C. 2000) ("Though Judicial Watch asserts that the request is 'likely to contribute significantly to the public's understanding of the operations of the [ ] government, . . . such statements – when un-supported by facts – do not meet the burden placed on fee-waiver requesters.").

"Courts usually find that information already in the public domain is not 'likely to contribute' to public understanding." Judicial Watch, Inc., 122 F. Supp. 2d at 17 (footnote omitted). Here, the information Plaintiffs seek has been publicly disseminated and would not meaningfully inform the public about DOL's activities or operations regarding the H-2A program. Information on which employers have submitted H-2A applications and the availability of jobs is distributed contemporaneously though the job order, which is the information UFW states that it plans to disseminate. Ex. C at 2 ("UFW plans to disseminate the information about H-2A job announcements to its members and other farm workers in several ways . . . .") (emphasis added). Additionally, which applications are accepted, rejected, certified, or denied are reported annually by ETA to the public on its website. Carlson Decl. ¶ 8. This annual report contains, in addition to the status of the application, the employer's name and address, the number of workers requested and certified, the basic number of hours to be worked, and the rate of

pay. <u>Id.</u> ¶ 8. And, as discussed above, <u>supra</u> at 12, DOL's acceptance letters provide no further <u>meaningful</u> information, above and beyond what is publicly disseminated.

DOL has demonstrated that the information Plaintiffs requested is already publicly available in a substantially identical form, and DOL has indicated where the information is publicly located. <u>See</u> <u>Campbell</u>, 164 F.3d at 36 (an agency must explain where in the public domain the requested materials reside); <u>Citizens for Responsible Ethics in Washington v. Dep't of Health and Human Services</u>, 481 F. Supp. 2d 99, 111 (D.D.C. 2006) (same). Because DOL has shown that the information sought is disseminated to the public, additional distribution of the requested information to UFW and FJ will not meaningfully further public understanding within the meaning of the fee waiver provisions. <u>Cf.</u> <u>Campbell</u>, 164 F.3d at 36 (holding that agency failed to establish that information was in public domain where the agency failed to explain where in the public domain the materials resided and did not indicate how closely related the requested material was to material already in the public domain). Plaintiffs have failed to satisfy the second factor of the fee waiver test by demonstrating that the requested documents they seek contain information that would be <u>meaningfully informative</u> about government operations or activities and therefore DOL's denial of Plaintiffs' fee waiver requests was appropriate. <u>Carney v. U.S. Dep't of Justice</u>, 19 F.3d 807, 815 (2d Cir. 1994) (it is appropriate to deny a fee waiver when the requested records are available from public sources).

**C.** **Plaintiffs Failed to Establish that the Disclosure Is Likely to Contribute Significantly to the Public's Understanding of Government Operations or Activities.**

For many of the same reasons that the information Plaintiffs seek will not meaningfully inform the public about DOL's operations and activities, this information is not likely to contribute significantly to the public's understanding of the DOL's activities.

Under factor four of DOL's fee waiver test, disclosure of the requested records must enhance the public's understanding of the subject in question by a <u>significant</u> extent.  29 C.F.R. § 70.41(a)(2)(iv).  A comparison of the information provided in the acceptance letters attached as Exhibit 2 to the Carlson declaration, with the information available from the FY 2007 H-2A Report on ETA's website, Exhibit 4 to the Carlson declaration, reveals that the significant information from these acceptance letters is publicly available.  Information that is in the acceptance letters, but not in the H-2A Report, consists of three short paragraphs outlining the requirements of  20 C.F.R. §§ 655.102(b)(11), 655.106(c)(1), 655.106(e), information on where to submit the fees assessed for H-2A certification, and information on where to submit the U.S. Citizenship and Immigration Service I-129 Form.  Thus, the limited portion of information in the acceptance letters that is not reported on the website would not enhance the public's understanding of the subject in question to a significant extent, "as compared to the level of public understanding existing prior to the disclosure."  <u>VoteHemp</u>, 237 F. Supp. 2d at 63; <u>see also</u> <u>Judicial Watch, Inc.</u>, 122 F. Supp. 2d at 19 ("Disclosure of the information

should enhance the public's understanding of the subject in question as compared to public understanding prior to disclosure.") (footnote omitted).

Again, a review of Plaintiffs' specific arguments set forth in their respective requests demonstrates that they failed to establish that the information they sought would significantly contribute to the public's understanding of DOL's administration of the H-2A program.  In its appeal of the denial of its requests for fee waivers regarding its first and second requests, UFW failed to explain how the information it sought would significantly contribute to the public's understanding.  Instead, UFW contended that "[d]isclosure of the requested information will 'contribute to the understanding of a reasonably broad audience of persons interested in' the H-2A program and will enhance "[t]he public's understanding of' the H-2A program as required by the final two parts of the DOL regulation."  Ex. C at 2; Ex. G at 2.  UFW indicated that the information would be "used to inform U.S. workers and their advocates of the existence of pending labor certifications . . . [and] to determine whether the certifications that have been granted contain terms consistent with the local prevailing practices and mandates of the H-2A program."  Id.  However, UFW provided no explanation regarding why this information would be significant in light of the availability of the information through public sources. The agency determined that UFW's explanation failed to indicate how the information would significantly contribute to the public's understanding "[b]ecause the information provided on the applications submitted to DOL is already required by . . . regulation[ ] to be disseminated to the affected public . . . ."  Ex. D, at 2; Ex. H, at 3.

In its third and fourth requests, UFW merely reiterated the standard for granting a fee waiver, stating that "[t]he information requested concerns DOL's administration of the H-2A guestworker program and its disclosure will contribute significantly to the public understanding of those operations or activities." Ex. I at 1; Ex. K at 1. In response to the third and fourth requests, the agency determined that Plaintiff failed to demonstrate that the information sought would contribute to the public's understanding to a significant extent, because the "limited portion" of the information Plaintiff sought would not enhance the public's understanding of the H-2A program. Ex. J at 3; Ex. L at 3.

Again in its fifth request, UFW does not explicitly explain how its request satisfied the fourth factor, i.e., that the information would <u>significantly</u> contribute to the public's understanding. Ex. O, at 2. Rather, it stated in part that "[d]isclosure of the requested information will 'contribute to the understanding of a reasonably broad audience of persons interested in' the H-2A guestworker program and will enhance '[t]he public's understanding' of the H-2A program, as required by the final two parts of the DOL regulation. <u>Id.</u> While discussing how the information would be used, UFW does not indicate why the information represents a <u>significant contribution</u> to the public's understanding of the H-2A program in light of the information already publicly available. In its appeal of the denial of its request for a fee waiver pertaining to the fifth request, UFW again stated that the information sought would "enhance '[t]he public's understanding of' the H-2A program . . . ." without explaining how the information would significantly enhance the public's understanding. Ex. O, at 2. UFW and FJ's

sixth and seventh requests state that, for the reasons set forth in their request for
expedited processing, the information sought "would enhance, to a significant extent, a
broad audience of persons' understanding of DOL's activities under the H-2a [sic]
program." Ex. S at 5; Ex. T at 5. However, these letters provide no specific discussion
of how, in light of all of the information already available concerning the H-2A program,
the information they seek would <u>significantly contribute</u> to the public's understanding of
the H-2A program.

As is apparent from a review of the explanations provided in their fee waiver
requests, Plaintiffs have failed to sustain their burden of establishing that the information
they seek would enhance "[t]he public's understanding of the subject in question . . . <u>to a
significant extent</u>." 29 C.F.R. § 70.41(a)(2)(iv) (emphasis added). <u>See also</u> <u>VoteHemp,
Inc.</u>, 237 F. Supp. 2d at 64 ("All plaintiff states is that the documents 'will contribute
significantly to public understanding of DEA's operations-specifically, factual and policy
reasons underlying DEA's actions with respect to industrial hemp . . . . These statements,
while lofty, do not provide <u>specific</u> information as to the significance of the purported
disclosure, or how this information will enhance the public's understanding of this issue,
particularly in light of the fact that the DEA has already issued an explanation . . . .");
<u>Judicial Watch, Inc.</u>, 122 F. Supp. 2d at 19 ("Judicial Watch asserts that the information
requested here will contribute significantly to the public's understanding of government
operations because its past activities have uncovered important facts about the
government. Again, Judicial Watch fails to support a bald assertion with factual
support."). In sum, because Plaintiffs have failed to establish that the information they

sought would enhance the public's understanding of the H-2A program to a significant extent, notably in light of the public availability of much of this information, Plaintiffs' requests for fee waivers should be denied.

### III.    THIS COURT NO LONGER HAS JURISDICTION TO DECIDE WHETHER DOL'S DENIAL OF PLAINTIFFS' REQUESTS FOR EXPEDITED PROCESSING WAS PROPER.

In their amended complaint, Plaintiffs seek a declaration from the Court "that defendant's failure to expedite processing of plaintiffs' sixth and seventh FOIA requests is unlawful[.]" Am. Compl. at 13.  However, because the records that Plaintiffs sought to receive in an expedited manner have been produced to them, the Court no longer has jurisdiction to consider this claim.

By two letters dated October 23, 2007, Plaintiffs requested any and all H-2A applications/petitions and related documents for H-2A workers in Florida, Louisiana, Virginia, and Hawaii submitted between October 23, 2007 and April 30, 2008, and sought expedited processing for each request.  Exs. S, T.  In its initial determination and on administrative appeal, DOL informed Plaintiffs that it was unable to approve their requests for expedited processing because they did not meet the criteria of 29 C.F.R. § 70.25(d).  Exs. U, W, X.  On February 15, 2008, having not yet obtained the documents covered by the two October 23, 2007 requests, Plaintiffs filed an Unopposed Motion for Leave to Deposit Funds to the Court's Registry pursuant to Fed. R. Civ. P. 67.  [Docket No. 8].  In their motion, Plaintiffs requested leave to deposit $810.65[19] into the Court's

---

[19] The sum of $810.65 included the $723.50 OFLC calculated as the cost for production of documents related to H-2A workers in Florida, Louisiana, and Virginia, submitted between October 23, 2007 and April 30, 2008, and the $87.15 OFLC calculated as the cost for production of documents related to H-2A workers in Hawaii, submitted between October 23, 2007 and April 30, 2008.

25

registry and requested the Court to order DOL to produce the records sought in Plaintiffs'

two October 23, 2007 requests while the Court reviewed Plaintiffs' fee waiver request.

Id.  The motion did not address the expedited processing aspect of the October 23, 2007

requests.

By Order dated February 22, 2008, the Court granted Plaintiff's motion.  On

February 27, 2008, Plaintiffs deposited $810.65 to obtain the documents sought in their

October 23, 2007 requests.  [Docket No. 10].  By letter dated February 29, 2008, DOL

sent Plaintiffs all of the documents it possessed related to H-2A workers in Hawaii,

Florida, Louisiana, and Virginia from October 23, 2007.   Ex. Y, Letter to Ms. Ruiz and

Mr. Nicholson dated February 29, 2008.[20]

While FOIA provides judicial review based on an agency's failure to timely

respond to a request for expedited processing, the statute expressly provides that "[a]

district court of the United States shall not have jurisdiction to review an agency denial of

expedited processing of a request for records after the agency has provided a complete

response to the request."  5 U.S.C. § 552(a)(6)(E)(iv).  Here, because DOL has provided

complete responses to Plaintiffs' six and seventh requests for documents for which they

sought expedited processing, this Court no longer has subject matter jurisdiction to

review DOL's denial of expedited processing in relation to these requests.  See 5 U.S.C.

---

[20]This letter informed Plaintiffs that the initial fee assessment for their requests had been based upon a
conversation with Ms. Ruiz and an employee of the Employment and Training Administration's National
processing Center in Atlanta wherein it had been agreed that the agency would narrow the scope of the
documents to be produced.  Ex. Y.  Because all responsive documents were in fact produced, however, the
actual cost for the documents is $1,239.55.  Id. at 2.

§ 552(a)(6)(E)(iv).  Accordingly, this claim must be dismissed for lack of subject matter

jurisdiction.  Judicial Watch, Inc. v. United States Naval Observatory, 160 F. Supp. 2d

111, 112 (D.D.C. 2001) ("[B]ecause defendant has since provided a complete response to

the request for records, this Court no longer has subject matter jurisdiction over the claim

that defendant failed to expedite processing of plaintiff's request.").

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that judgment as

as a matter of law be entered in its favor and that Plaintiffs' claim related to their request

for expedited processing be dismissed for lack of subject matter jurisdiction.

Respectfully submitted,

_____/s/ Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/ Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

____/s/ Michelle N. Johnson_____
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139


COUNSEL FOR DEFENDANTS

27

<u>Agency Counsel</u>

Heidi Morrison
Attorney-Advisor
Division of Management and
Administrative Legal Services
United States Department of
Labor
200 Constitution Avenue, NW
Suite N-2428
Washington, DC 20210

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED FARM WORKERS ) | |
| ) | |
| and ) | Civil Action No.: 1:07-cv-02241(HHK) |
| ) | |
| FARMWORKER JUSTICE ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF LABOR, ) | |
| ) | |
| Defendant. ) | |

## DECLARATION OF WILLIAM L. CARLSON

I, William L. Carlson, declare as follows:

(1) I am an employee of the Office of Foreign Labor Certification ("OFLC"), Employment and Training Administration ("ETA"), United States Department of Labor ("DOL"), located in Washington, D.C. and have been employed by DOL since 2002. I am currently the Administrator of OFLC and have held that position since 2006. Prior to my appointment as Administrator, I served as the Administrator for ETA's Regional Office in Boston for one year and as the Chief for ETA's National Office's Division of Foreign Labor Certification for two and one-half years. OFLC is the division within ETA that provides labor certifications to employers seeking to bring foreign workers into the United States. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

1

(2) All seven of the FOIA requests made by Plaintiffs involve the same type of records related to a program that permits agricultural employers who anticipate a shortage of domestic workers to bring nonimmigrant foreign workers to the United States on a temporary or seasonal basis. This program is referred to as the "H-2A" program. Before the U.S. Citizenship and Immigration Service can review an employer's petition, DOL must certify that there are not sufficient domestic workers available and the employment of aliens will not adversely affect wages and working conditions of domestic workers. Plaintiffs specifically requested any and all H-2A applications/petitions and related documents filed with DOL's OFLC by agricultural employers seeking a temporary foreign labor certification for H-2A workers in various states submitted on or between various dates.

(3) To obtain certification, an employer must file an application with DOL stating that there are insufficient domestic workers available and the employment of aliens will not adversely affect the wages and working conditions of similarly employed domestic workers. The application and certification process is governed by the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., and Departmental regulations, 20 C.F.R. § 655.101 et seq.

(4) In accordance with 20 C.F.R. § 655.101(a)(1), any employer who seeks temporary alien agricultural worker certification for temporary foreign workers (H-2A workers) must file an application with the OFLC Administrator. This regulation also provides that, at the same time, the employer must file a duplicate application with the local office or State Workforce Agency (SWA) serving the area of intended employment. Pursuant to 20 C.F.R. § 655.101(c)(4), the local office or SWA will use the job offer

2

portion of the application (see sample at Exhibit 1) to immediately prepare a local job

order to recruit U.S. workers in the area of intended employment. The information

available in the local job order or at the SWA will include:

> a. the name and address of employer, including the location and
> directions to work site;
>
> b. the number of workers requested;
>
> c. the location of housing provided;
>
> d. applicant referral instructions;
>
> e. job specifications, including rates of pay, anticipated period of
> employment, and anticipated hours of employment;
>
> f. assurance of valid workers' compensation insurance policy
> coverage during the job contract period;
>
> g. assurance that transportation to and from living quarters and
> work site, or reimbursement for such costs, will be provided;
>
> h. a three-fourths guarantee.[1]

(5) OFLC must notify the employer and the SWA in writing, within seven days

after receipt of the application, of the decision to accept or reject an employer's

application. Once the application has been accepted by OFLC, the employer and the

SWA are notified and informed of the specific efforts which will be expected from them

to carry out the assurances contained in 20 C.F.R. § 655.103 with respect to recruitment

of domestic workers in accordance with 20 C.F.R. § 655.105(a). This regulation also

instructs the SWA to put the job order, outlined above, into public circulation, intra-state

and/or inter-state depending on circumstances. 20 C.F.R. § 655.105(a). Additionally,

the employer will be instructed to engage in positive recruitment efforts such as

---

[1] The employer shall guarantee to offer the worker employment for at least three-fourths
of the workdays of the total working period.

3

publishing job notices in newspapers within a multistate region of traditional or expected labor supply.

(6) Compliance with the positive recruitment effort by employers is required by the INA. Pursuant to 8 U.S.C. § 1188(b)(4) of the INA, the Secretary of Labor may not issue a labor certification to an employer if she determines that the employer has not made positive recruitment efforts within a multistate region of traditional or expected labor supply where the Secretary finds that there are a significant number of qualified domestic workers who, if recruited, would be willing to make themselves available for work at the time and place needed. The positive recruitment required by the INA is in addition to, and shall be conducted within the same time period as, the circulation of the employer's job offer through the interstate employment service system or SWA.

(7) One of ETA's National Processing Centers in Atlanta or Chicago will notify the employer in writing of the decision to grant or deny an employer's application for certification. (See samples of grant and denial letters at Exhibits 2 and 3). The individual letters from OFLC to employers granting or denying H-2A applications for certification are routinely released in response to FOIA requests. In the Fiscal Year 2007, OFLC received 7,740 H-2A applications. Out of the number of applications received in Fiscal Year 2007, OFLC granted certification to 7,341, denied certification to 249, and partially certified 150.

(8) OFLC prepares an annual report which is available on ETA's website at www.flcdatacenter.com/CaseData.aspx. The annual report provides information on which applications are accepted, rejected, certified, or denied. The report, which is a downloadable database file, contains, in addition to case status, the name and address of

4

the employer, the number of workers requested and certified, the basic number of hours to be worked, and the rate of pay.[2]  (See excerpt from database at Exhibit 4).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits 1 and 2 attached hereto are true and correct copies.

Executed this 10th day of March, 2008.

WILLIAM L. CARLSON
Administrator. Office of Foreign Labor
Certification
Employment Training Administration
U.S. Department of Labor
Washington, D.C.

---

[2] The most current data available on ETA's website includes Fiscal Year 2007.

# EXHIBIT 1

# JOB ORDER

Today's Date: 03/10/2008                                              Order Date    12/28/2007

Title:            **SEASONAL FARM WORKER, DIVERSIFIED CROP**

Job Order #:    WA1811595

ONET Code:    45-2092.00                          Wage Per Hour:         $9.94 - $9.94

**Job Order Closes:    03/27/2008**

Proposed Start Date:                              Duration:     Full-Time Seasonal

Openings:            15                           Hours Per Week:     40 - 40

Months Experience:    0                          Work Shift: Day

Education:                                        Work Days  Mon, Tues, Wed, Thur, Fri


Work Site
Address:        xxxxxxxxxx


            Redmond, WA  98052                        County:  KING

Description :

    Redmond nursery is hiring Farm Workers for seasonal work, Feb. 5, 2008 Oct 1, 2008-Housing will be provided for workers that are unable to return to residents at the end of the day.

    <b>JOB DESCRIPTION: </b>
    Workers will perform any combination of the following duties concerned with preparing soil and growth media, cultivating and otherwise participating in horticultural activities under close supervision on acreage, in nursery: haul and spread topsoil, fertilizer, peat moss and other materials to condition land; dig, rake and screen soil and fill cold frames and hot beds to prepare them for planting; fill growing tanks with water; plant, spray, weed and waters plants, shrubs and trees; sow grass seed and plant plugs of sold and cuts, rolls and stacks sod; trap and poison pests such as moles, gophers, mice, etc; plant shrubs and plants in containers; ties, bunches, wraps and packs flowers, plants, shrubs and trees to fill orders; moves containerized shrubs and trees using wheelbarrow; dig up shrubs and trees and wrap their roots with burlap.

    <b>HOURS/DAYS/SCHEDULE: </b>
    Work schedule is Monday-Friday from 8:00 am-5:00 pm with some overtime available.

    <b>JOB REQUIREMENTS: </b>
    ~ Physically able to bend and stoop for long periods of time;
    ~ Able to stand on feet for long periods of time;
    ~ Physically able to meet and perform all other job specifications;
    ~ Work in nursery when trees/shrubs are wet with dew/rain;
    ~ Able to work in conditions including light rain and temperatures ranging from 30 degrees to more than 100 degrees;
    ~ Able to perform tasks of the job after 2 days/16 hours of employer provided training;
    ~ Exercise caution at all times to prevent bruising or breaking of nursery stock.

    <b>SALARY/WAGE/BENEFITS: </b>
    Salary is $9.94 per hour depending on experience and qualifications.

    <b>CLOSING: </b>
    October 1, 2008, or until filled/closed by employer.

    <b>HOW TO APPLY: </b>All Referrals must get a copy of job order to take to work site for interviewing purposes. Please use the I -9 Documents sent out to all WorkSource Staff when referring to this position, as it is a

requirement for H-2A positions.
<i><b>Contact your nearest WorkSource Office in person with this job order number.  The employer has requested a limited number of applicants for this position.  WorkSource will review resumes and refer only the best qualified candidates. </i></b>

Special
Instructions :

All Referrals must get a copy of job order to take to work site for interviewing purposes. Please use the Documents sent out to all WorkSource Staff when referring to this position, as it is a requirement for H-2A positions.

Driver License Endorsements:

Benefits:

## CONTACT INFORMATION

Employer Name: WASHINGTON FARM LABOR SOURCE (WFLS) -390
Contact Name:   ANDREJ  SUSKE                       Contact Phone: (425)885-5050
Contact Address: 13245 WOODINVILLE-REDMOND ROAD NE    Contact Fax:    (425)861-5412
                                                      Contact Email:

          REDMOND, WA  98052

Contact Job Url:

Referral Instructions:  Go direct/by Telephone/by Fax

Include when applying any of the following : Generic Application, Employer Application, Resume

# EXHIBIT 2

U.S. Department Labor    **Employment and Training Administration**
Chicago Processing Center
844 N. Rush Street
12th Floor
Chicago, IL 60611

September 06, 2007

LEISHA VATNSDAL              Case Number:   C-07191-05916
112 E LINCOLN AVE., BOX 677
FERGUS FALLS, MN 56537

### RE: HAWAIIAN QUEEN CO.

Dear Sir/Madam:

On August 13, 2007, this office accepted for consideration an application from you requesting H-2A temporary alien labor certification for 4 job opportunity(ies). Pursuant to 20 CFR 655.106, it has been determined that a sufficient number of able, willing and qualified U.S. workers have not been identified as being available at the time and place needed to fill all of the job opportunity for which certification has been requested. We are, therefore, granting certification for 4 job opportunity(ies).

#### Certification Granted:

A.   Number/Title of job opportunities certified: 4/BEE KEEPER
B.   Crop and Activity:                            Bees
C.   Area of Employment:                           Captain Cook, HI
D.   Period covered by certification:              10/01/2007 - 07/31/2008

We hereby certify that the employment of the H-2A temporary alien agricultural workers in such labor or services will not adversely affect the wages and working conditions of workers in the United States similarly employed.

As provided by 20 CFR 655.106(c)(1), this certification is granted subject to the conditions and assurances made during the application process and the provisions of 20 CFR 655.106(e).

Consistent with the latter regulation, you must consider for employment all U.S. workers who are referred and will not refuse to hire any available worker for other than lawful job-related reasons until 50% of the contract period has elapsed.

You are reminded that 20 CFR 655.102(b) (11) stipulates that terminations of workers for cause and abandonment of the job by workers are to be reported. You should report terminations and job abandonment to the State Workforce Agency in writing within two (2) business days of the termination or, in the case of abandonment, within two (2) business days of discovering abandonment.

Enclosed is the bill for fees assessed for the H-2A certification. **Include your case number on any correspondence sent to the National Processing Center. Failure to do so may result in a delay in processing your application. Direct inquiries to Lynette Wills at 312-353-5719.**

Upon receipt of this notification, you will need to submit to the US Citizenship and Immigration Service (USCIS) the I-129 Form that is required in conjunction with an H-2A temporary labor certification application to the following location:

> **USCIS California Service Center**
> **Attn: I-129**
> **P.O. Box 10129**
> **Laguna Niguel, CA 92607-1012**

The USCIS application form can be obtained at http://www.uscis.gov.

Sincerely,


Marie C. Gonzalez
Certifying Officer

Enclosure: Invoice for Certifications
CC: HAWAIIAN QUEEN CO.
         Workforce Development Division

U.S. Department Labor    **Employment and Training Administration**
Chicago Processing Center
844 N. Rush Street
12th Floor
Chicago, IL 60611

February 22, 2008

WENDEL HALL, SIFF & LAKE, LLP                    Case Number:   C-08037-08292
1020 16TH STREET, N.W., STE 200
WASHINGTON, DC 20036

### RE: BAILEY NURSERIES, INC.

Dear Sir/Madam:

On February 13, 2008, this office accepted for consideration an application from you requesting H-2A temporary alien labor certification for 17 job opportunity(ies). Pursuant to 20 CFR 655.106, it has been determined that a sufficient number of able, willing and qualified U.S. workers have not been identified as being available at the time and place needed to fill all of the job opportunity for which certification has been requested. We are, therefore, granting certification for 17 job opportunity(ies).

**Certification Granted:**

A.  Number/Title of job opportunities certified: 17/SUPERVISOR, HORTICULTURAL-
                                                    SPECIALTY FARMING
B.  Crop and Activity:                             Nurseries & Greenhouses
C.  Area of Employment:                            NEWPORT, MN
D.  Period covered by certification:               03/24/2008 - 11/30/2008

We hereby certify that the employment of the H-2A temporary alien agricultural workers in such labor or services will not adversely affect the wages and working conditions of workers in the United States similarly employed.

As provided by 20 CFR 655.106(c)(1), this certification is granted subject to the conditions and assurances made during the application process and the provisions of 20 CFR 655.106(e).

Consistent with the latter regulation, you must consider for employment all U.S. workers who are referred and will not refuse to hire any available worker for other than lawful job-related reasons until 50% of the contract period has elapsed.

You are reminded that 20 CFR 655.102(b)(11) stipulates that terminations of workers for cause and abandonment of the job by workers are to be reported. You should report terminations and job abandonment to the State Workforce Agency in writing within two (2) business days of the termination or, in the case of abandonment, within two (2) business days of discovering abandonment.

Enclosed is the bill for fees assessed for the H-2A certification. **Include your case number on any correspondence sent to the National Processing Center. Failure to do so may result in a delay in processing your application. Direct inquiries to Bill Matwijiw at 312-353-5748.**

Upon receipt of this notification, you will need to submit to the US Citizenship and Immigration Service (USCIS) the I-129 Form that is required in conjunction with an H-2A temporary labor certification application.

The USCIS application form can be obtained at http://www.uscis.gov.

Sincerely,


Marie C. Gonzalez
Certifying Officer

Enclosure: Invoice for Certifications
CC: BAILEY NURSERIES, INC.
    Minnesota Department of Economic Security
    Foreign Labor Certification Unit

U.S. Department Labor    **Employment and Training Administration**
Chicago Processing Center
844 N. Rush Street
12th Floor
Chicago, IL 60611

March 07, 2008

ELAINE FLAMING                              Case Number:   C-08052-08582
AGRI PLACEMENTS INTL, 102 E.
BROADWAY
FAIRVIEW, OK 73737

### RE: KAY DEE FARMS, LLP

Dear Mr. Howard:

On February 21, 2008, this office accepted for consideration an application from you requesting H-2A temporary alien labor certification for 4 job opportunity(ies). Pursuant to 20 CFR 655.106, it has been determined that a sufficient number of able, willing and qualified U.S. workers have not been identified as being available at the time and place needed to fill all of the job opportunity for which certification has been requested. We are, therefore, granting certification for 4 job opportunity(ies).

Please be advised that the Adverse Effect Wage Rate for **Texas** was increased to **$9.02** effective February 26, 2008. This is the lowest hourly wage rate you may pay and guarantee for all listed activities effective February 26, 2008. In addition, the allowable meal charge rate is $9.90 per day for 3 meals and employers may request to charge up to $12.27 per day, but will need approval first. The minimum travel reimbursement for meals with receipts is now $9.90 and the maximum is $39.00. Because you have agreed to pay the current AEWR, this wage rate change will automatically be made to your application.

### Certification Granted:

A.  Number/Title of job opportunities certified: 4/FARM LABOR
B.  Crop and Activity:                            Farm Machine Operator
C.  Area of Employment:                           FARWELL, TX
D.  Period covered by certification:              04/06/2008 - 02/06/2009

We hereby certify that the employment of the H-2A temporary alien agricultural workers in such labor or services will not adversely affect the wages and working conditions of workers in the United States similarly employed.

As provided by 20 CFR 655.106(c)(1), this certification is granted subject to the conditions and assurances made during the application process and the provisions of 20 CFR 655.106(c).

Consistent with the latter regulation, you must consider for employment all U.S. workers who are referred and will not refuse to hire any available worker for other than lawful job-related reasons until 50% of the contract period has elapsed.

You are reminded that 20 CFR 655.102(b) (11) stipulates that terminations of workers for cause and abandonment of the job by workers are to be reported. You should report terminations and job abandonment to the State Workforce Agency in writing within two (2) business days of the termination or, in the case of abandonment, within two (2) business days of discovering abandonment.

Enclosed is the bill for fees assessed for the H-2A certification. **Include your case number on any correspondence sent to the National Processing Center. Failure to do so may result in a delay in processing your application. Direct inquiries to Dominic Marquez at 312-353-5924.**

Upon receipt of this notification, you will need to submit to the US Citizenship and Immigration Service (USCIS) the I-129 Form that is required in conjunction with an H-2A temporary labor certification application. The USCIS application form can be obtained at http://www.uscis.gov.

Sincerely,


Marie C. Gonzalez
Certifying Officer

Enclosure: Invoice for Certifications
CC: KAY DEE FARMS, LLP
     Texas Workforce Commission
     Alien Labor Certification
     Department TWC Building

# EXHIBIT 3

**U.S. Department Labor**    **Employment and Training Administration**
Atlanta Processing Center
Harris Tower
233 Peachtree Street, Suite 410
Atlanta, GA 30303

October 22, 2007

MARIA LETECIA PATRICIO                    Case Number:   A-07271-04791
SERVICIOS GLOBAL, 510 S.
PETERSON AVENUE
DOUGLAS, GA 31533

### RE: TWO BROTHERS FARM, INC.

Dear Ms. Patricio:

On October 16, 2007, this office accepted for consideration an application from you requesting
H-2A temporary alien labor certification for 40 job opportunities. Pursuant to 20 CFR 655.106,
it has been determined:

The housing provided by the employer is insufficient to house 40 workers. Mr. Walter Jants of
the State of Florida Agency for Workforce Innovation, recommended denial of this application
for the following reasons:

None of the housing passed inspection. One of the apartments (apartment 5) had no
electrical power, refrigerator, stove, beds, and was not ready for inspection. Apartments 5, 6, 7,
12, 13, and 14 had no keys available and the employer's representative stated there was no
power, furniture, or appliances in these apartments. These apartments had been extensively
renovated according to the representative. Apartments 1, 2, 3, 4, 8, 9, 10, and 11 had no keys
available and these apartments had not been renovated. The windows were painted over and the
door knobs were missing. No renovation effort was observed. The representative was unable to
identify the apartments that would be assigned to Two Brothers Farm, Inc. or L & J Farm Labor
Picking, Inc.

We are, therefore, denying certification for 40 job opportunities. We cannot determine and
certify that the employment of H-2A temporary alien agricultural workers in such labor or
services will not adversely affect the wages and working conditions of workers in the United
States.

### NOTICE OF APPEAL RIGHTS

Under the regulations at 20 CFR 655.104(c), you may request an expedited administrative
judicial review or a de novo hearing on the denial by a Department of Labor (DOL)
Administrative Law Judge. To obtain such a review or de novo hearing, you must, within seven
(7) calendar days of the date of this notice, file by facsimile (fax), telegram or other means

normally assuring next day delivery, a request to the Chief Administrative Law Judge, U.S. Department of Labor, 800 K Street NW, Suite 400, Washington, DC 20001-8002, with a copy to this office. The request for a review or hearing should contain any legal arguments which you believe will rebut the basis of the action in denying the request for certification.

If you do not request an expedited administrative judicial review or de novo hearing before an Administrative Law Judge within seven (7) calendar days no further consideration of the application will be made by any DOL official.

**Include your case number on any correspondence sent to the processing center. Failure to do so may result in a delay in processing your application. Direct inquiries to Stephen Dean at 404-893-0120.**

Sincerely,

Renata Jones Adjibodou
Certifying Officer

CC: TWO BROTHERS FARM, INC.
AGENCY FOR WORKFORCE INNOVATION
FOREIGN LABOR CERTIFICATION, H-2A PROGRAM
FLORIDA AGENCY FOR WORKFORCE INNOVATION

# EXHIBIT 4

FLCDataCenter.com



## Foreign Labor Certification Data Center
### Online Wage Library

www.flcdatacenter.com

**Wage Library**
Quick Search
Search Wizard

**Case Disclosure Data**
H1B Data
H2A Data
H2B Data
Perm Data

Also available:
File Archive

Skill Level
Explanation

SVP Explanation

FLC Wage Data
updated
July 15, 2007
Job Zones updated
October 2, 2007;
see change history

Technical Support
& Help FAQ page.

### H-2A Program Data

The data available for the H-2a Temporary Non-Agricultural Labor Certification Program is for applications that have been received and entered into the Department of Labor tracking system.

### Download H-2a Disclosure Data

The data are available for download by fiscal year (October to September) in Microsoft Access format (mdb) or comma-delimited text (txt). To speed up the download process the data are in ZIP files. A ZIP file utility is necessary to extract the files. How to view Zip files.

2007 mdb txt

2006 mdb txt

The Foreign Labor Certification Data Center is developed and maintained by the State of Utah under contract with the US Department of Labor, Office of Foreign Labor Certification.

http://www.flcdatacenter.com/CaseH2A.aspx

| CASE_NO | APPLICATION_TYPE | DECISION_DATE | CASE_STATUS | CERTIFICATION_BEGIN_DATE | CERTIFICATION_END_DATE | EMPLOYER_NAME | EMPLOYER_ADDRESS_1 | EMPLOYER_ADDRESS_2 | EMPLOYER_CITY | EMPLOYER_STATE | EMPLOYER_POSTAL_CODE | AGENT_ATTORNEY_NAME | JOB_TITLE | NBR_WORKERS_REQUESTED | NBR_WORKERS_CERTIFIED | BASIC_HOURS_PER_WEEK | BASIC_RATE_OF_PAY | BASIC_UNIT_OF_PAY | ALIEN_WORK_STATE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| C-06321-03412 | H-2A | 30-Jan-07 | Certified Full | 3/1/2007 | 11/20/2007 | SEBASTIAO FARIA FARMS | 959 S KANSAS SETTLEMENT ROAD | | WILLCOX | AZ | 85643 | ELAINE FLAMING | FARM MACHINE OPERATOR HARVEST WORKER | 16 | 16 | 48 | 8.00 hr | hr | AZ |
| C-06207-02790 | H-2A | 17-Oct-06 | Certified Partial | 11/15/2006 | 3/1/2007 | BUD OF CALIFORNIA | 369 SOUTH SANBORN ROAD | | SALINAS | CA | 93902 | JEPTHA EVANS | VEGETABLE | 285 | 278 | 44 | 8.00 hr | | AZ |
| C-06258-03004 | H-2A | 31-Oct-06 | Certified Full | 11/20/2006 | 3/21/2007 | VALLEY PRIDE, INC. | 10855 OCEAN MIST PARKWAY, SUITE D | | CASTROVILLE | CA | 95012 | JEANNE M MALTZ | FARMWORKER, VEGETABLE II | 50 | 60 | 42 | 8.25 hr | | AZ |
| C-07094-05328 | H-2A | 10-Aug-07 | Certified Full | 9/1/2007 | 12/31/2007 | ABC TREE FARMS, LLC | PMB 367 25 NW 23RD PLACE, SUITE 8 | | PORTLAND | OR | 97210 | | FARMWORKER, VEGETABLE II | 5 | 5 | 40 | 9.20 hr | | CA |
| C-07182-05777 | H-2A | 29-Jun-07 | Certified Full | 8/1/2007 | 7/31/2008 | TERRY ADAMS II & V LIVESTOCK | 22040 CHASE AVENUE | | CORNING | CA | 96021 | MOUNTAIN PLAINS AGRICULTURAL SERVICE | GOAT HERDER FIELD | 2 | 2 | 60 | 1,350.00 mth | | CA |
| C-06347-03753 | H-2A | 05-Jan-07 | Certified Full | 2/1/2007 | 11/30/2007 | SUNRISE ORCHARDS | PO BOX 1107 | | WHEATLAND | CA | 95692-1107 | | FARMWORKER, FRUIT HORTICULTURAL WORKER | 20 | 20 | 40 | 8.00 hr | | CA |
| C-07066-05139 | H-2A | 27-Mar-07 | Certified Full | 4/26/2007 | 12/15/2007 | FORT ROSS VINEYARD & WINERY LLC | ADMINISTRATIVE OFFICE | 550 INDIANA STREET | SAN FRANCISCO | CA | 94107 | | VINEYARD WORKER | 6 | 8 | 40 | 9.50 hr | | CA |
| C-06531-03481 | H-2A | 15-Dec-06 | Certified Full | 1/15/2007 | 10/15/2007 | FORT ROSS VINEYARD & WINERY LLC | ADMINISTRATIVE OFFICE | 560 INDIANA STREET | SAN FRANCISCO | CA | 94107 | | VINEYARD WORKER | 1 | 1 | 40 | 9.00 hr | | CA |
| C-07024-04488 | H-2A | 07-May-07 | Denied | 3/15/2007 | 10/15/2007 | SEGHESIO FARMS INC | 14730 GROVE STREET | | HEALDSBURG | CA | 95448 | | VINEYARD WORKER | 20 | | 40 | 9.50 hr | | CA |
| C-06277-03043 | H-2A | 20-Oct-06 | Certified Full | 11/20/2006 | 5/15/2007 | BRANT APIARIES KATHLEEN ANNE | 12924 ORANGE BLOSSOM ROAD | | OAKDALE | CA | 95361 | TINA ANDREW | BEEKEEPER | 4 | 4 | 40 | 10.50 hr | | CA |
| C-07030-04359 | H-2A | 19-Mar-07 | Certified Full | 3/25/2007 | 10/21/2007 | MAHONEY FARMING COMPANY | 1134 DEALY LANE | | NAPA | CA | 94559-9706 | | FARMWORKER, FRUIT I | 6 | 6 | 40 | 9.50 hr | | CA |

| CASE_NO | APPLICATION_TYPE | DECISION_DATE | CASE_STATUS | CERTIFICATION_BEGIN_DATE | CERTIFICATION_END_DATE | EMPLOYER_NAME | EMPLOYER_ADDRESS_1 | EMPLOYER_ADDRESS_2 | EMPLOYER_CITY | EMPLOYER_STATE | EMPLOYER_POSTAL_CODE | AGENT_ATTORNEY_NAME | JOB_TITLE | NBR_WORKERS_REQUESTED | NBR_WORKERS_CERTIFIED | BASIC_HOURS_PER_WEEK | BASIC_RATE_OF_PAY | BASIC_UNIT_OF_PAY | ALIEN_WORK_STATE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| C-07219-09660 | H-2A | 10-Sep-07 | Denied | 9/25/2007 | 7/30/2008 | DEEP STAR FARM LABOR CONTRACTOR | 3804 N BRIX AVE. | | FRESNO | CA | 93722 | PEOPLE'S RESOURCES INTERNATIONAL ORAL SERVICES | FARMW ORKER, FRUIT ii | 26 | | 40 | 9.20 hr | | CA |
| C-07171-09845 | H-2A | 29-Aug-07 | Certified Full | 9/27/2007 | 6/30/2008 | EL GRAN SOL LABOR SERVICE | 799 E. MANNING AVE | | REEDLEY | CA | 93654 | LILIA F. TABAFUND AGILBERT LAWRENCE | FARMW ORKER, FRUIT II | 33 | 33 | 40 | 9.20 hr | | CA |
| C-07125-05591 | H-2A | 25-May-07 | Denied | 6/26/2007 | 11/30/2007 | EL GRAN SOL LABOR SERVICE | 799 E MANNING AVE | | REEDLEY | CA | 93654 | | FARM WORKER S DIVERSI FIED CROP II | 40 | 40 | 40 | 9.20 hr | | CA |
| C-07030-04573 | H-2A | 21-Feb-07 | Certified Partial | 3/15/2007 | 1/31/2008 | EWING FARM LABOR SERVICE | 1630 E MANNING AVE #311 | | REEDLEY | CA | 93654 | LILIA F TABAFUND AGILBERT LAWRENCE | FARMW ORKER DIVERSI FIED CROP II | 28 | 28 | 40 | 9.00 hr | | CA |
| C-06326-03475 | H-2A | 05-Feb-07 | Denied | 1/15/2007 | 10/15/2007 | A8 FARM LABOR SERVICES | 41641 PACIFICA CT | | OROSI | CA | 93647 | LILIA F. TABAFUND AGILBERT LAWRENCE | FARMW ORKER, FRUIT II | 20 | 20 | 40 | 9.00 hr | | CA |
| C-06304-03238 | H-2A | 05-Dec-06 | Denied | 12/27/2006 | 10/26/2007 | A8 FARM LABOR SERVICES | 41641 PACIFICA CT | | OROSI | CA | 93647 | LILIA F. TABAFUND AGILBERT LAWRENCE MOUNTAIN PLAINS AGRICULT URAL SERVICE | FARWOR KERS, FRUIT II | 20 | 10 | 40 | 9.00 hr | | CA |
| C-07226-06089 | H-2A | 31-Aug-07 | Certified Full | 10/1/2007 | 6/10/2008 | ROLAND MONTEMAY OR | PO BOX 3777 | | CASPER | WY | 82602 | | SHEEP SHEARE R HARVES T | 10 | 10 | 48 | 9.20 hr | | CA |
| C-07184-05706 | H-2A | 17-Jul-07 | Certified Full | 7/26/2007 | 10/15/2007 | E.C. LABOR SIERRA | 2444 PORTICO BLVD | | CALEXICO | CA | 92231 | KAREN SCHINDLER | FARMW ORKER, FRUIT | 40 | 40 | 40 | 9.20 hr | | CA |
| C-07215-06648 | H-2A | 20-Aug-07 | Full | 9/19/2007 | 10/30/2007 | CASCADE NURSERY, INC | 472-715 JOHNSON ROAD | | SUSANVILLE | CA | 96130 | JEANNIE M MALITZ, ESQ | FARMW ORKER FRUIT ii | 730 | 730 | 40 | 9.20 hr | | CA |

# EXHIBIT A



# UNITED FARM WORKERS of AMERICA, AFL-CIO

**Tacoma Office**
P.O. Box 8337
Tacoma, WA 98418
Phone (253) 274-0416
Fax (253) 274-0718
www.ufw.org

**Sunnyside Office**
821 Yakima Valley Hwy.
Sunnyside, Washington 98944
Phone (509) 839-4903
Fax (509) 839-3870

January 24, 2007

**Via Facsimile & U.S. Mail**

Ms. Charlene Giles
United States Department of Labor
Employment and Training Administration
Chicago National Processing Center
844 N. Rush Street, 12th Floor
Chicago, Illinois 60611
FAX: (312) 886-1688

Re: FOIA Request for H-2A Applications and Related Information

Dear Ms. Giles:

The United Farm Workers (UFW) on behalf of itself and its members, including Martin Alvarez requests disclosure of and copies of the following documents pursuant to the provisions of the Freedom of Information Act, 5 U.S.C. § 552: Any and all applications/petitions filed with your office seeking a temporary foreign labor certification for H-2A workers in California submitted on or after November 1, 2006. For each such application, please provide all Applications and Exhibits, Clearance Orders and decisions by DOL on those applications, including, but not limited to acceptances of applications, labor certifications, or denials thereof.

The UFW is a non-profit organization that serves migrant farmworkers and other low income persons. The information requested concerns operations and activities of the government and its disclosure is likely to contribute significantly to the public understanding of those operations or activities. We therefore request that any costs or fees associated with replying to this request be waived.

If all or any part of this request is denied, please cite the specific exemption(s) which you think justify(ies) your refusal to release the information, and inform me of the appeal procedures available to me under the law. In the event of deletions, please state the reason each partial or total denial of disclosure.

We ask for a timely response to this request under the law as this request is time-sensitive due to the nature of the H-2A guestworker program's operations.

¡Con Unión Se Vive Mejor!
*Founded by César E. Chávez (1927-1993)*

Thank you for your cooperation, and please call if you have any questions.

Sincerely,

Erik Nicholson

cc: Ms. Leticia Sierra, US DOL, Employment & Training Administration, Division of Foreign Labor Certification

# EXHIBIT B

**485916**

Mr. Erik Nicholson
United Farm Workers of America, AFL-CIO
P.O. Box 8337
Tacoma, Washington  98418

Dear Mr. Nicholson:

This responds to your Freedom of Information Act (FOIA) request of January 24, 2007, which our Chicago National Processing Center (NPC) referred to this office for response.  You requested copies of any and all applications and petitions seeking a temporary foreign labor certification for H-2A workers in California submitted on or after November 1, 2006.

Per 29 CFR 70.20(f), the Department is required to respond with only those records available as of the date of the request.  The Chicago National Processing Center has completed its search and review of the records you requested and the documents are enclosed.

We are unable to approve your request for a fee waiver because it does not meet the criteria at 29 CFR 70.41 with regard to contributing significantly to public understanding of the operations or activities of the government. 29 CFR 70.40(c)(1) states that charges assessed for the production of records for non-commercial requestors may be for search and reproduction costs.  There is no charge for the production of the first 100 pages of material, and a fee of 15 cents per page thereafter.  There is no charge for the first two hours of search and review time, and a subsequent charge of $5.00 per quarter hour of clerical search time, and $10.00 per quarter hour for the professional or supervisory search time.  Therefore, the amount due has been estimated as follows:

1. There is a charge of $90.00 for the reproduction of an estimated 700 pages of material.  However, there is no charge for the reproduction of the first 100 pages.

2. Clerical search time totaled 4 ½ hours.  There is no charge for the first two hours, and a charge of $25.00 for 2 ½ hours of clerical search time.

3. Therefore, the total owing is $115.00.

While this office has not denied access to any records, per 29 CFR 70.22, you may appeal any action or decision made by this office in response to this request. You must file the appeal within 90 days from the date of this letter.  To facilitate processing, you may wish to fax your appeal to (202) 693-5538.  The appeal must state in writing the grounds for appeal, including any supporting statements or arguments.  To facilitate processing, the appeal should include a copy of your initial request and a copy of this letter.  Clearly indicate on the envelope and on the appeal itself the following: "FOIA

Appeal." The appeal should be addressed to the following:

Office of the Solicitor
United States Department of Labor
200 Constitution Avenue, NW
Washington, D.C.  20210

I hope this information is helpful.

Sincerely,


William L. Carlson, Ph.D.
Administrator
Office of Foreign Labor Certification

Enclosures

# EXHIBIT C



# UNITED FARM WORKERS

National Headquarters: La Paz • P.O. Box 62 • Keene, California 93531
Telephone: (661) 823-6105 • Fax: (661) 823-6174
*email: execoffice@ufwmail.com • website: www.ufw.org*

September 7, 2007

**Via Facsimile & U.S. Mail**

Office of the Solicitor
United States Department of Labor
200 Constitution Avenue, NW
Washington, D.C. 20210

RE: FOIA Appeal

Dear Solicitor of Labor:

I am writing to appeal the charges assessed by your agency for the production of records
in my FOIA request dated January 24, 2007. I requested copies of all H-2A applications
and clearance orders in the state of California from November 1, 2006 to the present.
Although I specifically requested that such fees be waived, your agency has assessed a
fee of $115.00 for search, review and reproduction costs.

FOIA requires agencies to reduce or waive fees for search, review, and duplication of
documents "if disclosure of the [requested] information is in the public interest because it
is likely to contribute significantly to public understanding of the operations or activities
of the government and is not primarily in the commercial interest of the requester." 5
U.S.C. § 552(a)(4)(A)(iii).

Regulations promulgated by the Department of Labor further specify that disclosure is in
the public interest if:

1. "The subject of the requested records . . . concern[s] identifiable operations or
   activities of the federal government, with a connection that is direct and clear, not
   remote or attenuated."

2. "The disclosable portions of the requested records [are] meaningfully informative
   about government operations or activities . . . The disclosure of information that
   already is in the public domain, in either a duplicative or a substantially identical
   form, would not be as likely to contribute to such understanding where nothing
   new would be added to the public's understanding."

3. "The disclosure . . . contribute[s] to the understanding of a reasonably broad
   audience of persons interested in the subject . . . . A requester's expertise in the

**¡Con Unión Se Vive Mejor!**®
*Founded by César E. Chávez (1927-1993)*



subject area and ability and intention to effectively convey information to the public will be considered."

4. "The public's understanding of the subject in question [will be] enhanced by the disclosure to a significant extent."

29 C.F.R. § 70.41(a)(2)(i)-(iv).

The United Farm Workers (UFW) is a non-profit organization that serves migrant farmworkers and other low-income individuals, and has no commercial interest in the documents being requested. Our FOIA request concerns DOL's administration of the H-2A guestworker program, including decisions about which employers may participate in the federal program and under what terms. The requested records are essential to understanding how the H-2A program operates. Federal legislation, 8 U.S.C. § 1188, allows agricultural employers to hire temporary foreign workers on temporary nonimmigrant work visas on the condition that they obtain a labor certification from the Department of Labor stating that they face an impending labor shortage and that the wages and working conditions being offered will not displace or adversely affect the wages and working conditions of U.S. farmworkers. The regulations, guidelines and memoranda issued by the Department of Labor are, by themselves, not sufficient to learn how the government implements the legislative authority and standards. It is necessary to review the employers' H-2A applications and the DOL's responses to determine how the program is operating. This FOIA request therefore involves information that "concern[s] identifiable operations or activities of the federal government." and is "meaningfully informative about government operations or activities," thereby meeting the criteria in the first two parts of the DOL regulation.

Disclosure of the requested information will "contribute to the understanding of a reasonably broad audience of persons interested in" the H-2A guestworker program and will enhance "[t]he public's understanding of" the H-2A program, as required by the final two parts of the DOL regulation. The information requested will be used to inform U.S. workers and their advocates of the existence of pending labor certifications, the terms and conditions of those certifications and the potential availability of work for U.S. workers with employers to whom those certifications have been granted. Additionally, it will be used to determine whether the certifications that have been granted contain terms consistent with the local prevailing practices and the mandates of the H-2A program. This information will also be used for the purpose of ensuring that both U.S. and foreign workers are provided the protections afforded them under federal statute and regulation.

The UFW plans to disseminate the information about H-2A job announcements to its members and other farm workers in several ways, including broadcasts on radio stations that it owns and operates, by posting the information at its many local offices, and directly through worker representatives in the field. The UFW has a membership of over 5,500 dues-paying members. In addition, the union provides news and information to hundreds of thousands more farmworkers through its La Campesina radio network and through its network of farmworker service organizations. Therefore, the UFW has the potential to reach a significant number of farmworkers, supplementing those efforts made

by both employers and State Workforce Agencies (SWAs).  Unfortunately, the UFW's ability to effectively disseminate information about job openings is diminished by DOL's refusal to supply the requested information in a timely way. Because the H-2A law in 8 U.S.C.§ 1188 is written to protect the jobs, wages and working conditions of "United States workers," while preventing exploitation of vulnerable guestworkers, these workers are the "public" that most needs the "understanding" described in the FOIA statute and regulations.

In addition, the UFW also plans to disseminate its summaries and analysis of the requested information to inform its supporters, collaborating farmworker organizations and the public about the operation of the H-2A program. As a leading farmworker advocacy organization for over 40 years, the UFW would like to ensure that domestic workers are not displaced, that the employers offer the required H-2A job terms, that other farmworker organizations (such as PCUN in Oregon) understand the program's operation and have the tools to advocate for workers under the program, and that the public is informed about whether the DOL is following the required procedures under the H-2A law and regulations.

The UFW maintains a webpage dedicated to guestworker issues on its main website, www.ufw.org.  This webpage is also available in Spanish and Thai for its members who speak those languages. The UFW website averages more than a million hits a month and is updated on a daily basis. The information requested in this and other similar FOIA requests will be summarized and posted on the UFW website.

The UFW is sought out as an authority on farmworkers in the United States by the media, Congress, and other worker advocates.  The information requested allows the UFW to stay abreast of the current use and administration of the H-2A program and provide the public with accurate information, analysis and recommendations.

Currently, there is great interest in the general public about the H-2A program. Guestworker programs have been widely discussed in the context of recent debates about immigration reform legislation and the UFW has been widely quoted because of its expertise and involvement.  Furthermore, the UFW represented farmworker interests in the negotiations leading up to the major piece of agricultural labor reform legislation before Congress today, known as the AgJOBS compromise (S. 340, H.R. 371).  AgJOBS and several alternative pieces of legislation contain lengthy sections that would substantially revise the H-2A guestworker program.  The UFW is relied upon by broad segments of the public for information about these legislative proposals and the UFW cannot adequately address the public's need for information without prompt and full access to the requested records on the H-2A program.  Please see attached newspaper articles demonstrating the UFW's important role in educating the public about the H-2A program and related issues.  The public's legislative representatives recognize the value of UFW's information about the H-2A program and have therefore invited the UFW to testify before Congress in important hearings about guestworker programs and proposed immigration legislation. See attached testimony of UFW General Counsel Marcos Camacho before the House Judiciary Committee on May 24, 2007.

Based on the foregoing, I ask that you waive the charge of $115.00.

Sincerely,

Erik Nicholson
International Director
Guestworker Program
United Farm Workers
PO Box 8337
Tacoma, WA 98418
253-274-0416
fax 253-274-0718

# EXHIBIT D

**U.S. Department of Labor**

Office of the Solicitor
Washington, D.C. 20210



᠁ ᠁ 3 1 2008

Mr. Erik Nicholson
International Director
Guestworker Program
United Farm Workers
P.O. Box 8337
Tacoma, Washington 98418

Re: FOIA Appeal No. 070310

Dear Mr. Nicholson:

This decision is in response to your September 7, 2007, appeal under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, from the June 11, 2007 decision of William L. Carlson, Administrator, Office of Foreign Labor Certification (OFLC), Employment and Training Administration (ETA). In your appeal, you seek a fee waiver for the production of documents in response to your FOIA request concerning any and all H-2A applications/petitions and related documents filed with the OFLC seeking a temporary foreign labor certification for H-2A workers in California submitted on or after November 1, 2006.

The FOIA provides a two-part test to determine if fees should be waived or reduced. Fees shall be waived if: 1) disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government; and 2) it is not primarily in the commercial interest of the requester. 5 U.S.C. § 552(a)(4)(iii). The Department of Justice has issued guidance concerning how agencies should interpret this provision of the FOIA (*FOIA Update*, Winter/Spring 1987 (*FOIA Update*)) and the Department of Labor (DOL) has promulgated regulations in accordance with these guidelines. 29 C.F.R. § 70.41.

The disclosure of the information is not primarily in your commercial interest, therefore, our decision as to whether your request for a fee waiver should be granted turns on whether the information disclosed is likely to contribute significantly to public understanding of the operations or activities of the government.

In applying the test, DOL examines each request to determine if the following four factors, all of which must be satisfied for a fee waiver to be warranted, are present:

1. "The subject of the requested records must concern identifiable operations or activities of the federal government, with a connection that is direct and clear, not remote or attenuated."

2. "The disclosable portions of the requested records must be meaningfully informative about government operations or activities .... The disclosure of information that

already is in the public domain, in either duplicative or a substantially identical form, would not be as likely to contribute to such understanding where nothing new would be added to the public's understanding."

3. "The disclosure must contribute to the understanding of a reasonably broad audience of persons interested in the subject . . . . A requester's expertise in the subject area and intention to effectively convey information to the public will be considered."

4. "The public's understanding of the subject in question must be enhanced by the disclosure to a significant extent."

29 C.F.R. § 70.41(a)(2)(i)-(iv).

I note that your initial request only stated that your organization is a non profit organization and recited the statutory language for a fee waiver. Therefore, the OFLC denied your initial request for a fee waiver because it did "not meet the criteria at 29 C.F.R. § 70.41 with regard to contributing significantly to public understanding of the operations or activities of the government." In your appeal letter, you have provided a substantial amount of additional information to support your request for a fee waiver. We have considered this additional information. However, we have determined that release to you of documents responsive to your request does not satisfy factors two and four of the fee waiver test.

You requested any and all H-2A applications/petitions and related documents filed with the OFLC seeking a temporary foreign labor certification for H-2A workers in California submitted on or after November 1, 2006. In accordance with 20 C.F.R. § 655.101(a)(1), any employer who seeks temporary alien agricultural worker certification for temporary foreign workers (H-2A workers) must file an application with the OFLC Administrator. This regulation also provides that, at the same time, the employer must file a duplicate application with the local office or State Workforce Agency (SWA) serving the area of intended employment. Pursuant to 20 C.F.R. § 655.101(c)(4), the local office or SWA will use the job offer portion of the application to prepare a local job order to recruit U.S. workers in the area of intended employment. Once the application has been accepted by the OFLC, the employer and the SWA are notified. The SWA is instructed to put the job order into intra-state and/or inter-state circulation depending on circumstances. The employer may also be instructed to engage in positive recruitment efforts. 20 C.F.R. § 655.105(a). Thus, the H-2A application process results in information about job opportunities from the H-2A application being distributed through the SWAs job order system, and in some cases also involves other recruitment efforts by the employer. Because the information provided on the applications submitted to DOL is already required by these regulations to be disseminated to the affected public, "further disclosure by the agency will not significantly contribute to the public's understanding." *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 815 (2nd Cir. 1994); *see also Citizens for Responsible Ethics in Washington v. Dep't of Health and Human Services*, 481 F. Supp. 2d 99, 111 (D.D.C. 2006) (when material has met a threshold level of prior public dissemination, additional distribution under FOIA will not further public understanding within the

2

meaning of the fee waiver provisions) (citing *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 36 (D.C. Cir. 1998)).

While the acceptance and denial letters from DOL to each employer are not automatically disseminated to the public, information on which applications are accepted, rejected, certified or denied is annually reported by ETA to the public. This report is available at www.flcdatacenter.com/CaseData.aspx. The report, which is a downloadable database file contains, in addition to case status, the name and address of the employer, the number of workers requested and certified, the basic number of hours to be worked and the rate of pay.[1] Moreover, this report covers the entire country so it provides a much more useful tool for any analysis of how the program operates. (The individual letters from DOL to employers accepting or denying H-2A applications are also routinely released in response to FOIA requests.) Based on the foregoing, I have determined that disclosure to you under FOIA of the limited portion of the information requested that is not already publicly disclosed – namely the actual acceptance and denial letters – would not enhance the public's understanding of the subject in question to a significant extent, as required by 29 C.F.R. § 70.41(a)(2)(iv). *See, e.g., VoteHemp, Inc. v. Drug Enforcement Admin.*, 237 F. Supp. 2d 55 (D.D.C. 2002). Accordingly, I have determined that the remaining information in the letters that is not automatically available to the public does not satisfy the fourth factor of the fee waiver test.

In sum, we have determined that disclosure to you of the requested information does not satisfy the second and fourth factors of the fee waiver test, *i.e.*, it is not *meaningfully informative* about government operations or activities such that it is likely to contribute to an increased understanding of those operations or activities, and will not *significantly* enhance public understanding. Therefore, your request for the H-2A application information does not qualify under the narrow fee waiver standard as set forth in the FOIA.

Our failure to assert any other exemption or defense that may apply in this appeal does not constitute a waiver of that exemption or defense. Because this FOIA appeal is already included in your suit against DOL, it is unnecessary to recite here your appeal rights. I note briefly, however, that this appeal decision constitutes final agency action for purposes of judicial review, and that FOIA provides for judicial review of administrative decisions denying a FOIA request in whole or in part.

Sincerely,

William W. Thompson, II
Associate Solicitor for Management
and Administrative Legal Services

---

[1] The most current data available includes Fiscal Year 2006 and the OFLC anticipates the data for Fiscal Year 2007 will be available in February.

3

# EXHIBIT E





# UNITED FARM WORKERS of AMERICA, AFL-CIO

**Tacoma Office**
P.O. Box 8337
Tacoma, WA 98418
Phone (253) 274-0416
Fax (253) 274-0718
www.ufw.org

**Sunnyside Office**
821 Yakima Valley Hwy.
Sunnyside, Washington 98944
Phone (509) 839-4903
Fax (509) 839-3870

January 24, 2007

**Via Facsimile & U.S. Mail**

Mr. Gene Caso
United States Department of Labor
Employment and Training Administration
Atlanta National Processing Center
Harris Tower
233 Peachtree Street, Suite 410
Atlanta, GA 30303
FAX: (404) 893-4642

Re: FOIA Request for H-2A Applications and Related Information

Dear Mr. Caso:

The United Farm Workers (UFW) on behalf of itself and its members, including Jose A. Menjivar, and Matias Maldonado, requests disclosure of and copies of the following documents pursuant to the provisions of the Freedom of Information Act, 5 U.S.C. § 552: Any and all applications/petitions filed with your office seeking a temporary foreign labor certification for H-2A workers in Florida and Georgia submitted on or after November 1, 2006. For each such application, please provide all Applications and Exhibits, Clearance Orders and decisions by DOL on those applications, including, but not limited to acceptances of applications, labor certifications, or denials thereof.

The UFW is a non-profit organization that serves migrant farmworkers and other low income persons. The information requested concerns operations and activities of the government and its disclosure is likely to contribute significantly to the public understanding of those operations or activities. We therefore request that any costs or fees associated with replying to this request be waived.

If all or any part of this request is denied, please cite the specific exemption(s) which you think justify(ies) your refusal to release the information, and inform me of the appeal procedures available to me under the law. In the event of deletions, please state the reason each partial or total denial of disclosure.

We ask for a timely response to this request under the law as this request is time-sensitive due to the nature of the H-2A guestworker program's operations.

*Founded by César E. Chávez (1927-1993)*

Thank you for your cooperation, and please call if you have any questions.

Sincerely,

Erik Nicholsen

cc: Ms. Leticia Sierra, US DOL, Employment & Training Administration, Division of Foreign Labor Certification

# EXHIBIT F

Mr. Erik Nicholson                                                485526
United Farm Workers of America, AFL-CIO
Tacoma Office
P.O. Box 8337
Tacoma, Washington  98418

Dear Mr. Nicholson:

This responds to your Freedom of Information Act (FOIA) request of January 24, 2007,
which our Atlanta National Processing Center referred to this office for response. You
requested copies of all documents filed for H-2A temporary foreign labor applications for
H-2A workers in Florida and Georgia submitted on or after November 1, 2006.

Per 29 CFR 70.20(f), the Department is required to respond with only those records
available as of the date of the request. The Atlanta National Processing Center has
completed its search and review of the records you requested, and the documents are
enclosed.

We are unable to approve your request for a fee waiver because it does not meet the
criteria at 29 CFR 70.41 with regard to contributing significantly to public
understanding of the operations or activities of the government. 29 CFR 70.40(c)(1)
states that charges assessed for the production of records for non-commercial
requestors may be for search and review costs, and reproduction costs. There is no
charge for the production of the first 100 pages of material, and a fee of 15 cents per
page thereafter. There is no charge for the first two hours of search and review time,
and a subsequent charge of $2.50 per quarter hour of clerical search time, and $5.00
per quarter hour for the professional or supervisory review time. Therefore, the amount
due has been calculated as follows:

1   There is a charge of $0.25 for the CD Rom.

2.  Clerical search and review time totaled 8.5 hours. There is no charge for the first
    two hours, and a charge of $65.00 for 6.5 hours of clerical search and review
    time.

3.  Therefore, the total owing is $65.25.

Per 31 U.S.C. 3717 an interest charge of 4.0 percent, will accrue after 30 days of the
billing date. A check or money order for $65.25, made payable to the United States
Treasury, should be mailed to Mr. Mark Grobman, OFLC National FOIA Coordinator, at
the following address:

United States Department of Labor
Employment and Training Administration
Office of Foreign Labor Certification
200 Constitution Avenue, NW

| INITIALS | | | | | |
|---|---|---|---|---|---|
| DATE | 4.13.07 | | | | |
| NAME | AARON | | | | |
| SYMBOL | | | | | |

Room C-4312
Washington, D.C. 20210

While this office has not denied access to any records, per 29 CFR 70.22, you may appeal any action or decision made by this office in response to this request. You must file the appeal within 90 days from the date of this letter. To facilitate processing, you may wish to fax your appeal to (202) 693-5538. The appeal must state in writing the grounds for appeal, including any supporting statements or arguments. To facilitate processing, the appeal should include a copy of your initial request and a copy of this letter. Clearly indicate on the envelope and on the appeal itself the following: "FOIA Appeal." The appeal should be addressed to the following:

Office of the Solicitor
United States Department of Labor
200 Constitution Avenue, NW
Washington, D.C. 20210

I hope this information is helpful.

Sincerely,


William L. Carlson, Ph.D.
Administrator
Office of Foreign Labor Certification

Enclosure

Filename: S:\FIOA\FIOA Response\485526
CC: Carlson\Aaron\Grobman\Etherson-Lefchick\Files
Woodroffe\4/10/07 re-type 4/12/07

# EXHIBIT G



# UNITED FARM WORKERS

National Headquarters: La Paz • P.O. Box 62 • Keene, California 93531
Telephone: (661) 823-6105 • Fax: (661) 823-6174
email: execoffice@ufwmail.com • website: www.ufw.org

October 12, 2007

Office of the Solicitor
United States Department of Labor
200 Constitution Avenue, NW
Washington, D.C. 20210

RE: FOIA Appeal

Dear Solicitor of Labor:

I am writing to appeal the charges assessed by your agency for the production of records in my FOIA request dated January 24, 2007. I requested copies of all H-2A applications and clearance orders in the states of Florida and Georgia from November 1, 2006 to the present. Although I specifically requested that such fees be waived, your agency has assessed a fee of $65.25 for search, review and reproduction costs. Furthermore, although your reply of June 16, 2007 indicated that clerical search and review time totaled 8.5 hours, the only item I received was a CD Rom containing 1 Excel spreadsheet containing the names and addresses of 172 employers. It is hard to believe that such a file required 8.5 hours of research time.

FOIA requires agencies to reduce or waive fees for search, review, and duplication of documents "if disclosure of the [requested] information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

Regulations promulgated by the Department of Labor further specify that disclosure is in the public interest if:

1. "The subject of the requested records . . . concern[s] identifiable operations or activities of the federal government, with a connection that is direct and clear, not remote or attenuated."

2. "The disclosable portions of the requested records [are] meaningfully informative about government operations or activities . . . The disclosure of information that already is in the public domain, in either a duplicative or a substantially identical form, would not be as likely to contribute to such understanding where nothing new would be added to the public's understanding."

3. "The disclosure . . . contribute[s] to the understanding of a reasonably broad audience of persons interested in the subject . . . . A requester's expertise in the

Founded by César E. Chávez (1927-1993)

subject area and ability and intention to effectively convey information to the public will be considered."

4. "The public's understanding of the subject in question [will be] enhanced by the disclosure to a significant extent."

29 C.F.R. § 70.41(a)(2)(i)-(iv).

The United Farm Workers (UFW) is a non-profit organization that serves migrant farmworkers and other low-income individuals, and has no commercial interest in the documents being requested. Our FOIA request concerns DOL's administration of the H-2A guestworker program, including decisions about which employers may participate in the federal program and under what terms. The requested records are essential to understanding how the H-2A program operates. Federal legislation, 8 U.S.C. § 1188. allows agricultural employers to hire temporary foreign workers on temporary nonimmigrant work visas on the condition that they obtain a labor certification from the Department of Labor stating that they face an impending labor shortage and that the wages and working conditions being offered will not displace or adversely affect the wages and working conditions of U.S. farmworkers. The regulations, guidelines and memoranda issued by the Department of Labor are, by themselves, not sufficient to learn how the government implements the legislative authority and standards. It is necessary to review the employers' H-2A applications and the DOL's responses to determine how the program is operating. This FOIA request therefore involves information that "concern[s] identifiable operations or activities of the federal government." and is "meaningfully informative about government operations or activities," thereby meeting the criteria in the first two parts of the DOL regulation.

Disclosure of the requested information will "contribute to the understanding of a reasonably broad audience of persons interested in" the H-2A guestworker program and will enhance "[t]he public's understanding of" the H-2A program, as required by the final two parts of the DOL regulation. The information requested will be used to inform U.S. workers and their advocates of the existence of pending labor certifications, the terms and conditions of those certifications and the potential availability of work for U.S. workers with employers to whom those certifications have been granted. Additionally, it will be used to determine whether the certifications that have been granted contain terms consistent with the local prevailing practices and the mandates of the H-2A program. This information will also be used for the purpose of ensuring that both U.S. and foreign workers are provided the protections afforded them under federal statute and regulation.

The UFW plans to disseminate the information about H-2A job announcements to its members and other farm workers in several ways, including broadcasts on radio stations that it owns and operates, by posting the information at its many local offices, and directly through worker representatives in the field. The UFW has a membership of over 5,500 dues-paying members. In addition, the union provides news and information to hundreds of thousands more farmworkers through its La Campesina radio network and through its network of farmworker service organizations. Therefore, the UFW has the potential to reach a significant number of farmworkers, supplementing those efforts made

by both employers and State Workforce Agencies (SWAs). Unfortunately, the UFW's ability to effectively disseminate information about job openings is diminished by DOL's refusal to supply the requested information in a timely way. Because the H-2A law in 8 U.S.C.§ 1188 is written to protect the jobs, wages and working conditions of "United States workers," while preventing exploitation of vulnerable guestworkers, these workers are the "public" that most needs the "understanding" described in the FOIA statute and regulations.

In addition, the UFW also plans to disseminate its summaries and analysis of the requested information to inform its supporters, collaborating farmworker organizations and the public about the operation of the H-2A program. As a leading farmworker advocacy organization for over 40 years, the UFW would like to ensure that domestic workers are not displaced, that the employers offer the required H-2A job terms, that other farmworker organizations (such as PCUN in Oregon) understand the program's operation and have the tools to advocate for workers under the program, and that the public is informed about whether the DOL is following the required procedures under the H-2A law and regulations.

The UFW maintains a webpage dedicated to guestworker issues on its main website, www.ufw.org. This webpage is also available in Spanish and Thai for its members who speak those languages. The UFW website averages more than a million hits a month and is updated on a daily basis. The information requested in this and other similar FOIA requests will be summarized and posted on the UFW website.

The UFW is sought out as an authority on farmworkers in the United States by the media, Congress, and other worker advocates. The information requested allows the UFW to stay abreast of the current use and administration of the H-2A program and provide the public with accurate information, analysis and recommendations.

Currently, there is great interest in the general public about the H-2A program. Guestworker programs have been widely discussed in the context of recent debates about immigration reform legislation and the UFW has been widely quoted because of its expertise and involvement. Furthermore, the UFW represented farmworker interests in the negotiations leading up to the major piece of agricultural labor reform legislation before Congress today, known as the AgJOBS compromise (S. 340, H.R. 371). AgJOBS and several alternative pieces of legislation contain lengthy sections that would substantially revise the H-2A guestworker program. The UFW is relied upon by broad segments of the public for information about these legislative proposals and the UFW cannot adequately address the public's need for information without prompt and full access to the requested records on the H-2A program. Please see attached newspaper articles demonstrating the UFW's important role in educating the public about the H-2A program and related issues. The public's legislative representatives recognize the value of UFW's information about the H-2A program and have therefore have invited the UFW to testify before Congress in important hearings about guestworker programs and proposed immigration legislation. See attached testimony of UFW General Counsel Marcos Camacho before the House Judiciary Committee on May 24, 2007.

Based on the foregoing, I ask that you waive the charge of $65.25.

Sincerely,

*[signature]*

Erik Nicholson
International Director
Guest Worker Program
United Farm Workers
PO Box 8337
Tacoma, WA 98418
253-274-0416
fax 253-274-0718

# EXHIBIT H

**U.S. Department of Labor**    Office of the Solicitor
Washington, D.C. 20210

.iAM 3 1 2008

Mr. Erik Nicholson
International Director
Guestworker Program
United Farm Workers
P.O. Box 8337
Tacoma, Washington 98418

Re: FOIA Appeal No. 080094

Dear Mr. Nicholson:

This decision is in response to your October 12, 2007, appeal under the Freedom of
Information Act (FOIA), 5 U.S.C. § 552, from the May 19, 2007 decision of William L.
Carlson, Administrator, Office of Foreign Labor Certification (OFLC), Employment
and Training Administration (ETA). In your appeal, you seek a fee waiver for the
production of documents concerning any and all H-2A applications/petitions and related
documents filed with the OFLC seeking a temporary foreign labor certification for H-
2A workers in Florida and Georgia submitted on or after November 1, 2006.

Initially, we address the statement in your appeal letter, questioning the allotment of 8.5
hours of search time for the production of a CD Rom containing 1 Excel spreadsheet
with the names and addresses of 172 employers. The OFLC has confirmed that the
assessment of 8.5 hours of search time is correct. As noted in the response from OFLC,
you were, in fact, only charged for 6.5 hours of search time because there is no charge
for the first two hours of search time pursuant to 29 C.F.R. § 70.40(c)(4). Therefore, we
affirm, as reasonable, the OFLC's assessment of 8.5 hours of search time.

The FOIA provides a two-part test to determine if fees should be waived or reduced.
Fees shall be waived if: 1) disclosure of the information is in the public interest because
it is likely to contribute significantly to public understanding of the operations or
activities of the government; and 2) it is not primarily in the commercial interest of the
requester. 5 U.S.C. § 552(a)(4)(iii). The Department of Justice has issued guidance
concerning how agencies should interpret this provision of the FOIA (*FOIA Update,*
Winter/Spring 1987 (*FOIA Update*)) and the Department of Labor (DOL) has
promulgated regulations in accordance with these guidelines. 29 C.F.R. § 70.41.

The disclosure of the information is not primarily in your commercial interest, therefore,
our decision as to whether your request for a fee waiver should be granted turns on
whether the information disclosed is likely to contribute significantly to public
understanding of the operations or activities of the government.

1

In applying the test, DOL examines each request to determine if the following four factors, all of which must be satisfied for a fee waiver to be warranted, are present:

1. "The subject of the requested records must concern identifiable operations or activities of the federal government, with a connection that is direct and clear, not remote or attenuated."

2. "The disclosable portions of the requested records must be meaningfully informative about government operations or activities . . . . The disclosure of information that already is in the public domain, in either duplicative or a substantially identical form, would not be as likely to contribute to such understanding where nothing new would be added to the public's understanding."

3. "The disclosure must contribute to the understanding of a reasonably broad audience of persons interested in the subject . . . . A requester's expertise in the subject area and intention to effectively convey information to the public will be considered."

4. "The public's understanding of the subject in question must be enhanced by the disclosure to a significant extent."

29 C.F.R. § 70.41(a)(2)(i)-(iv).

I note that your initial request only stated that your organization is a non profit organization and recited the statutory language for a fee waiver. Therefore, the OFLC denied your initial request for a fee waiver because it did "not meet the criteria at 29 C.F.R. § 70.41 with regard to contributing significantly to public understanding of the operations or activities of the government." In your appeal letter, you have provided a substantial amount of additional information to support your request for a fee waiver. We have considered this additional information. However, we have determined that release to you of documents responsive to your request does not satisfy factors two and four of the fee waiver test.

You requested any and all H-2A applications/petitions and related documents filed with the OFLC seeking a temporary foreign labor certification for H-2A workers in Florida and Georgia submitted on or after November 1, 2006. In accordance with 20 C.F.R. § 655.101(a)(1), any employer who seeks temporary alien agricultural worker certification for temporary foreign workers (H-2A workers) must file an application with the OFLC Administrator. This regulation also provides that, at the same time, the employer must file a duplicate application with the local office or State Workforce Agency (SWA) serving the area of intended employment. Pursuant to 20 C.F.R. § 655.101(c)(4), the local office or SWA will use the job offer portion of the application to prepare a local

2

job order to recruit U.S. workers in the area of intended employment. Once the application has been accepted by the OFLC, the employer and the SWA are notified. The SWA is instructed to put the job order into intra-state and/or inter-state circulation depending on circumstances. The employer may also be instructed to engage in positive recruitment efforts. 20 C.F.R. § 655.105(a). Thus, the H-2A application process results in information about job opportunities from the H-2A application being distributed through the SWAs job order system, and in some cases also involves other recruitment efforts by the employer. Because the information provided on the applications submitted to DOL is already required by these regulations to be disseminated to the affected public, "further disclosure by the agency will not significantly contribute to the public's understanding." *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 815 (2nd Cir. 1994); *see also Citizens for Responsible Ethics in Washington v. Dep't of Health and Human Services*, 481 F. Supp. 2d 99, 111 (D.D.C. 2006) (when material has met a threshold level of prior public dissemination, additional distribution under FOIA will not further public understanding within the meaning of the fee waiver provisions) (citing *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 36 (D.C. Cir. 1998)).

While the acceptance and denial letters from DOL to each employer are not automatically disseminated to the public, information on which applications are accepted, rejected, certified or denied is annually reported by ETA to the public. This report is available at www.flcdatacenter.com/CaseData.aspx. The report, which is a downloadable database file contains, in addition to case status, the name and address of the employer, the number of workers requested and certified, the basic number of hours to be worked and the rate of pay.[1] Moreover, this report covers the entire country so it provides a much more useful tool for any analysis of how the program operates. (The individual letters from DOL to employers accepting or denying H-2A applications are also routinely released in response to FOIA requests.) Based on the foregoing, I have determined that disclosure to you under FOIA of the limited portion of the information requested that is not already publicly disclosed – namely the actual acceptance and denial letters – would not enhance the public's understanding of the subject in question to a significant extent, as required by 29 C.F.R. § 70.41(a)(2)(iv). *See, e.g., VoteHemp, Inc. v. Drug Enforcement Admin.*, 237 F. Supp. 2d 55 (D.D.C. 2002). Accordingly, I have determined that the remaining information in the letters that is not automatically available to the public does not satisfy the fourth factor of the fee waiver test.

In sum, we have determined that disclosure to you of the requested information does not satisfy the second and fourth factors of the fee waiver test, *i.e.*, it is not *meaningfully informative* about government operations or activities such that it is likely to contribute to an increased understanding of those operations or activities, and will not *significantly*

---

[1] The most current data available includes Fiscal Year 2006 and the OFLC anticipates the data for Fiscal Year 2007 will be available in February.

enhance public understanding. Therefore, your request for the H-2A application information does not qualify under the narrow fee waiver standard as set forth in the FOIA.

Our failure to assert any other exemption or defense that may apply in this appeal does not constitute a waiver of that exemption or defense. Because this FOIA appeal is already included in your suit against DOL, it is unnecessary to recite here your appeal rights. I note briefly, however, that this appeal decision constitutes final agency action for purposes of judicial review, and that FOIA provides for judicial review of administrative decisions denying a FOIA request in whole or in part.

Sincerely,

William W. Thompson, II
Associate Solicitor for Management
    and Administrative Legal Services

4

# EXHIBIT I



# UNITED FARM WORKERS

National Headquarters: La Paz • P.O. Box 62 • Keene, California 93531
Telephone: (661) 823-6105 • Fax: (661) 823-6174
*email: execoffice@ufwmail.com • website: www.ufw.org*

June 20, 2007

**Via Facsimile & U.S. Mail**

Ms. Charlene Giles
United States Department of Labor
Employment and Training Administration
Chicago National Processing Center
844 N. Rush Street, 12th Floor
Chicago, Illinois 60611
FAX: (312) 886-1688

   Re: FOIA Request for H-2A Applications and Related Information

Dear Ms. Giles:

   The United Farm Workers (UFW) on behalf of itself and its members, requests disclosure of and copies of the following documents pursuant to the provisions of the Freedom of Information Act, 5 U.S.C. § 552: Any and all applications/petitions filed with your office seeking a temporary foreign labor certification for H-2A workers in Arizona currently in effect or that would commence at any time between now and December 31, 2007. For each such application, please provide all Applications and Exhibits, Clearance Orders and decisions by DOL on those applications, including, but not limited to acceptances of applications, labor certifications, or denials thereof.

   The UFW is a non-profit organization that serves migrant farmworkers and other low income persons and has no commercial interest in the documents being requested. We therefore request that any costs or fees associated with replying to this request be waived.

   The information requested concerns DOL's administration of the H-2A guestworker program and its disclosure will contribute significantly to the public understanding of those operations or activities. The information requested will be used to inform U.S. workers and their advocates of the existence of pending labor certifications, the terms and conditions of those certifications and the potential availability of work for U.S. workers with employers to whom those certifications have been granted. Additionally, it will be used to determine whether the certifications that have been granted contain terms consistent with the local prevailing practices and the mandates of the H-2A program. This information will also be used for the purpose of ensuring that both U.S. and foreign workers are provided the protections afforded them under federal statute and regulation.

*¡Con Unión Se Vive Mejor!*
*Founded by César E. Chávez (1927-1993)*



We provide information to our members, other organizations who work with farm workers, and the public about job openings for farm workers, terms of employment offered by H-2A program employers, and other labor issues. Among other means of communicating with the public, we broadcast information relating to job openings for farm workers and other labor issues on radio stations that we own and operate. We also make available job opening announcements at our many local offices.

If all or any part of this request is denied, please cite the specific exemption(s) which you think justify(ies) your refusal to release the information, and inform me of the appeal procedures available to me under the law. In the event of deletions, please state the reason each partial or total denial of disclosure.

We ask for a timely response to this request under the law as this request is time-sensitive due to the nature of the H-2A guestworker program's operations.

Thank you for your cooperation, and please call if you have any questions.

Sincerely,

Anna L. Reynoso
270 Wayne Ave, Apt 203
Oakland, CA 94606
(559) 901-3952
areynoso@ufwmail.com

cc: Mr. James M. Aaron, US DOL, Employment & Training Administration, Division of Foreign Labor Certification

# EXHIBIT J

U.S. Department of Labor

Employment and Training Administration
200 Constitution Avenue N.W.
Washington, D.C. 20210



JAN 3 1 2008

Ms. Anna L. Reynoso
United Farm Workers
270 Wayne Avenue, Apt. 203
Oakland, California 94606

Dear Ms. Reynoso:

This responds to your Freedom of Information Act (FOIA) request of June 20, 2007, which our Chicago National Processing Center referred to this office for response. You requested all documents related to H-2A applications for H-2A workers in Arizona currently in effect or that would commence at any time from June 20, 2007 through December 31, 2007. You also request a waiver of any fees associated with replying to your request.

Unfortunately, I cannot approve your request for a fee waiver as it does not sufficiently meet the criteria for a waiver. (I do not contest that disclosure of the information is not primarily in the commercial interest of United Farm Workers (UFW), which is one of the two main fee waiver requirements under the statute.) You request that fees be waived pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) which states, in part, that documents shall be furnished without any charge or at a charge reduced below normal fee rates if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government.

In support of your request for a fee waiver, you assert that the requested information "will be used to inform U.S. workers and their advocates of the existence of pending labor certifications, the terms and conditions of those certifications and the potential availability of work for U.S. workers with employers to whom those certifications have been granted." Additionally, you state that the information "will be used to determine whether the certifications that have been granted contain terms consistent with the local prevailing practices and the mandates of the H-2A program" and to ensure that U.S. and foreign workers are afforded the protections provided for them under federal statute and regulation. You also assert that UFW provides "information to our members, other organizations who work with farm workers, and the public about job openings for farm workers, terms of employment offered by H-2A program employers, and other labor issues." Finally, you state that UFW "broadcast[s] information relating to job openings for farm workers and other labor issues on radio stations that we own and operate" and "make[s] available job opening announcements at our many local offices."

In this case, the reasons you offer do not support a finding that otherwise applicable fees should be waived because the "disclosure of the requested information will contribute to 'public understanding,'" as required by 29 C.F.R. § 70.41(a)(2)(ii).

2

Additionally, you have not demonstrated that the public's understanding of the Department of Labor's (DOL) administration of the H-2A program will be "significantly enhanced" by the disclosure of the information you request, as required for fee waiver by 29 C.F.R. § 70.41(a)(2)(iv).

Pursuant to 29 C.F.R. § 70.41(a)(2)(ii), "[t]he disclosable portions of the requested records must be meaningfully informative about the government operations or activities in order to be 'likely to contribute' to an increased public understanding of those operations or activities." The language of 29 C.F.R. § 70.41(a)(2)(ii) specifically instructs that "disclosure of information that already is in the public domain, in either a duplicative or a substantially identical form, would not be as likely to contribute to such understanding where nothing new would be added to the public's understanding."

You request all documents related to H-2A applications for H-2A workers in Arizona currently in effect or that would commence at any time from June 20, 2007 through December 31, 2007. In accordance with 20 C.F.R. § 655.101(a)(1), any employer who seeks temporary alien agricultural worker certification for temporary foreign workers (H-2A workers) must file an application with the OFLC Administrator. This regulation also provides that, at the same time, the employer must file a duplicate application with the local office or State Workforce Agency (SWA) serving the area of intended employment. Pursuant to 20 C.F.R. § 655.101(c)(4), the local office or SWA will use the job offer portion of the application to prepare a local job order to recruit U.S. workers in the area of intended employment. Once the application has been accepted by the OFLC, the employer and the SWA are notified. The SWA is instructed to put the job order into intra-state and/or inter-state circulation depending on circumstances. The employer may also be instructed to engage in positive recruitment efforts. 20 C.F.R. § 655.105(a). Thus, the H-2A application process results in information about job opportunities from the H-2A application being distributed through the SWAs job order system, and in some cases also involves other recruitment efforts by the employer. Because the information provided on the applications submitted to DOL is already required by these regulations to be disseminated to the affected public as just described, further disclosure of these records to you in response to your FOIA request will not significantly contribute to the public's understanding. Accordingly, I have determined that disclosure of this information to you under FOIA does not satisfy the second factor of the fee waiver test, i.e., it is not meaningfully informative about government operations or activities such that it is likely to contribute to an increased understanding of those operations or activities.

Pursuant to 29 C.F.R. § 70.41(a)(2)(iv), to qualify for fee waiver, the disclosure must "contribute 'significantly' to public understanding of government operations or activities." While the acceptance and denial letters from DOL to each employer are not automatically disseminated to the public (but are routinely disclosed in response to FOIA requests), information on which applications are accepted, rejected, certified or denied is publicly available through annual reporting by ETA. This report is available at www.flcdatacenter.com/CaseData.aspx. The report, which is a downloadable database file contains, in addition to case status, the name and address of the employer, the

3

number of workers requested and certified, the basic number of hours to be worked and the rate of pay.[1] Moreover, this report covers the entire country so it provides a much more useful tool for any analysis of how the program operates. For these reasons, I have determined that disclosure to you under FOIA of the limited portion of the information requested that is not already publicly disclosed – namely the actual acceptance and denial letters – would not enhance the public's understanding of the subject in question to a significant extent, as required by 29 C.F.R. § 70.41(a)(2)(iv). Accordingly, I have determined that the remaining information in the letters that is not automatically publicly available does not satisfy the fourth factor of the fee waiver test.

Finally, I note that the processes and procedures for processing H-2A applications, including review by the National Processing Centers, are designed to ensure that H-2A applications are consistent with the law and applicable regulations and to ensure that workers are protected.

DOL's regulations state that charges will be assessed for the production of records for other, non-commercial requesters for search and reproduction costs. 29 CFR § 70.40(c)(4). There is no charge for the reproduction of the first 100 pages of material, and a fee of 15 cents per page thereafter. There is no charge for the first two hours of search time. There is a subsequent charge of $5.00 per quarter hour for clerical search time and $10.00 per quarter hour for professional or supervisory search time. Therefore, the amount due has been calculated as follows:

1. There is a charge of $210.00 for the reproduction of 1400 pages of material.

2. There is a charge of $100.00 for 3 hours of search time (1 hour clerical, 2 hours professional).

The total amount owed would be $310.00.

Before we take any further action on your request, pursuant to DOL's FOIA regulations at 29 CFR 70.43(c), we are asking that you make an advance payment of **1/2 of the estimated amount** before we proceed to process your request. Alternatively, you may wish to narrow your request in some way that would result in the reduction of this fee. A check or money order for $155.00 made payable to the United States Treasury, should

---

[1] The most current data available includes Fiscal Year 2006 and the OFLC anticipates the data for Fiscal Year 2007 will be available in February.

4

be mailed to Marlene Crumpler, OFLC National FOIA Coordinator, at the following address:

United States Department of Labor
Employment and Training Administration
Office of Foreign Labor Certification
200 Constitution Avenue, NW
Room C-4312
Washington, D.C.  20210

Sincerely,

William L. Carlson, Ph.D.
Administrator
Office of Foreign Labor Certification

# EXHIBIT K



# UNITED FARM WORKERS

National Headquarters: La Paz • P.O. Box 62 • Keene, California 93531
Telephone: (661) 823-6105 • Fax: (661) 823-6174
*email: execoffice@ufwmail.com • website: www.ufw.org*

June 20, 2007

**Via Facsimile & U.S. Mail**

Ms. Charlene Giles
United States Department of Labor
Employment and Training Administration
Chicago National Processing Center
844 N. Rush Street, 12th Floor
Chicago, Illinois 60611
FAX: (312) 886-1688

Re: FOIA Request for H-2A Applications and Related Information

Dear Ms. Giles:

The United Farm Workers (UFW) on behalf of itself and its members, requests disclosure of and copies of the following documents pursuant to the provisions of the Freedom of Information Act, 5 U.S.C. § 552: Any and all applications/petitions filed with your office seeking a temporary foreign labor certification for H-2A workers in Hawaii currently in effect or that would commence at any time between now and December 31, 2007. For each such application, please provide all Applications and Exhibits, Clearance Orders and decisions by DOL on those applications, including, but not limited to acceptances of applications, labor certifications, or denials thereof.

The UFW is a non-profit organization that serves migrant farm workers and other low income persons and has no commercial interest in the documents being requested. We therefore request that any costs or fees associated with replying to this request be waived.

The information requested concerns DOL's administration of the H-2A guestworker program and its disclosure will contribute significantly to the public understanding of those operations or activities. The information requested will be used to inform U.S. workers and their advocates of the existence of pending labor certifications, the terms and conditions of those certifications and the potential availability of work for U.S. workers with employers to whom those certifications have been granted. Additionally, it will be used to determine whether the certifications that have been granted contain terms consistent with the local prevailing practices and the mandates of the H-2A program. This information will also be used for the purpose of ensuring that both U.S. and foreign workers are provided the protections afforded them under federal statute and regulation.

¡Con Union Se Vive Mejor!
*Founded by César E. Chávez (1927-1993)*



We provide information to our members, other organizations who work with farm workers, and the public about job openings for farm workers, terms of employment offered by H-2A program employers, and other labor issues. Among other means of communicating with the public, we broadcast information relating to job openings for farm workers and other labor issues on radio stations that we own and operate. We also make available job opening announcements at our many local offices.

If all or any part of this request is denied, please cite the specific exemption(s) which you think justify(ies) your refusal to release the information, and inform me of the appeal procedures available to me under the law. In the event of deletions, please state the reason each partial or total denial of disclosure.

We ask for a timely response to this request under the law as this request is time-sensitive due to the nature of the H-2A guestworker program's operations.

Thank you for your cooperation, and please call if you have any questions.

Sincerely,

Anna L. Reynoso
270 Wayne Ave, Apt 203
Oakland, CA 94606
(559) 901-3952
areynoso@ufwmail.com

cc: Mr. James M. Aaron, US DOL, Employment & Training Administration, Division of Foreign Labor Certification

# EXHIBIT L

U.S. Department of Labor

Employment and Training Administration
200 Constitution Avenue, N.W.
Washington, D.C. 20210

JAN 3 1 2008

Ms. Anna L. Reynoso
United Farm Workers
270 Wayne Avenue, Apt. 203
Oakland, California 94606

Dear Ms. Reynoso:

This responds to your Freedom of Information Act (FOIA) request of June 20, 2007, which our Chicago National Processing Center referred to this office for response. You request all documents related to H-2A applications for H-2A workers in Hawaii currently in effect or that would commence at any time from June 20, 2007 through December 31, 2007. You also requested a waiver of any fees associated with replying to your request.

Unfortunately, I cannot approve your request for a fee waiver as it does not sufficiently meet the criteria for a waiver. (I do not contest that disclosure of the information is not primarily in the commercial interest of United Farm Workers (UFW), which is one of the two main fee waiver requirements under the statute.) You request that fees be waived pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) which states, in part, that documents shall be furnished without any charge or at a charge reduced below normal fee rates if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government.

In support of your request for a fee waiver, you assert that the requested information "will be used to inform U.S. workers and their advocates of the existence of pending labor certifications, the terms and conditions of those certifications and the potential availability of work for U.S. workers with employers to whom those certifications have been granted." Additionally, you state that the information "will be used to determine whether the certifications that have been granted contain terms consistent with the local prevailing practices and the mandates of the H-2A program" and to ensure that U.S. and foreign workers are afforded the protections provided for them under federal statute and regulation. You also assert that UFW provides "information to our members, other organizations who work with farm workers, and the public about job openings for farm workers, terms of employment offered by H-2A program employers, and other labor issues." Finally, you state that UFW "broadcast[s] information relating to job openings for farm workers and other labor issues on radio stations that we own and operate" and "make[s] available job opening announcements at our many local offices."

2

In this case, the reasons you offer do not support a finding that otherwise applicable fees should be waived because the "disclosure of the requested information will contribute to 'public understanding,'" as required by 29 C.F.R. § 70.41(a)(2)(ii). Additionally, you have not demonstrated that the public's understanding of the Department of Labor's (DOL) administration of the H-2A program will be "significantly enhanced" by the disclosure of the information you request, as required for fee waiver by 29 C.F.R. § 70.41(a)(2)(iv).

Pursuant to 29 C.F.R. § 70.41(a)(2)(ii), "[t]he disclosable portions of the requested records must be meaningfully informative about the government operations or activities in order to be 'likely to contribute' to an increased public understanding of those operations or activities." The language of 29 C.F.R. § 70.41(a)(2)(ii) specifically instructs that "disclosure of information that already is in the public domain, in either a duplicative or a substantially identical form, would not be as likely to contribute to such understanding where nothing new would be added to the public's understanding."

You request any and all H-2A applications/petitions and related documents filed with the OFLC seeking a temporary foreign labor certification for H-2A workers in Hawaii currently in effect or that would commence at any time from June 20, 2007 through December 31, 2007. In accordance with 20 C.F.R. § 655.101(a)(1), any employer who seeks temporary alien agricultural worker certification for temporary foreign workers (H-2A workers) must file an application with the OFLC Administrator. This regulation also provides that, at the same time, the employer must file a duplicate application with the local office or State Workforce Agency (SWA) serving the area of intended employment. Pursuant to 20 C.F.R. § 655.101(c)(4), the local office or SWA will use the job offer portion of the application to prepare a local job order to recruit U.S. workers in the area of intended employment. Once the application has been accepted by the OFLC, the employer and the SWA are notified. The SWA is instructed to put the job order into intra-state and/or inter-state circulation depending on circumstances. The employer may also be instructed to engage in positive recruitment efforts. 20 C.F.R. § 655.105(a). Thus, the H-2A application process results in information about job opportunities from the H-2A application being distributed through the SWAs job order system, and in some cases also involves other recruitment efforts by the employer. Because the information provided on the applications submitted to DOL is already required by these regulations to be disseminated to the affected public as just described, further disclosure of these records to you in response to your FOIA request will not significantly contribute to the public's understanding. Accordingly, I have determined that disclosure of this information to you under FOIA does not satisfy the second factor of the fee waiver test, i.e., it is not meaningfully informative about government operations or activities such that it is likely to contribute to an increased understanding of those operations or activities.

Pursuant to 29 C.F.R. § 70.41(a)(2)(iv), to qualify for fee waiver, the disclosure must "contribute 'significantly' to public understanding of government operations or activities." While the acceptance and denial letters from DOL to each employer are not automatically disseminated to the public (but are routinely disclosed in response to

3

FOIA requests), information on which applications are accepted, rejected, certified or denied is publicly available through annual reporting by ETA. This report is available at www.flcdatacenter.com/CaseData.aspx. The report, which is a downloadable database file contains, in addition to case status, the name and address of the employer, the number of workers requested and certified, the basic number of hours to be worked and the rate of pay.[1] Moreover, this report covers the entire country so it provides a much more useful tool for any analysis of how the program operates. For these reasons, I have determined that disclosure to you under FOIA of the limited portion of the information requested that is not already publicly disclosed – namely the actual acceptance and denial letters – would not enhance the public's understanding of the subject in question to a significant extent, as required by 29 C.F.R. § 70.41(a)(2)(iv). Accordingly, I have determined that the remaining information in the letters that is not automatically publicly available does not satisfy the fourth factor of the fee waiver test.

Finally, I note that the processes and procedures for processing H-2A applications, including review by the National Processing Centers, are designed to ensure that H-2A applications are consistent with the law and applicable regulations and to ensure that workers are protected.

DOL's regulations state that charges will be assessed for the production of records for other, non-commercial requesters for search and reproduction costs. 29 CFR § 70.40(c)(4). There is no charge for the reproduction of the first 100 pages of material, and a fee of 15 cents per page thereafter. There is no charge for the first two hours of search time. There is a subsequent charge of $5.00 per quarter hour for clerical search time and $10.00 per quarter hour for professional or supervisory search time. Therefore, the amount due has been calculated as follows:

1. There is a charge of $210.00 for the reproduction of 1400 pages of material.

2. There is a charge of $100.00 for 3 hours of search time (1 hour clerical, 2 hours professional).

The total amount owed would be $310.00.

Before we take any further action on your request, pursuant to DOL's FOIA regulations at 29 CFR § 70.42(c), we are asking that you **provide an assurance that you will pay** before we proceed to process your request. Alternatively, you may wish to narrow your request in some way that would result in the reduction of this fee. Please contact Marlene Crumpler, OFLC National FOIA Coordinator, at the address below with your decision:

---

[1] The most current data available includes Fiscal Year 2006 and the OFLC anticipates the data for Fiscal Year 2007 will be available in February.

4

United States Department of Labor
Employment and Training Administration
Office of Foreign Labor Certification
200 Constitution Avenue, NW
Room C-4312
Washington, D.C.  20210

Sincerely,

William L. Carlson, Ph.D.
Administrator
Office of Foreign Labor Certification

# EXHIBIT M

FOIA requests), information on which applications are accepted, rejected, certified or denied is publicly available through annual reporting by ETA. This report is available at www.flcdatacenter.com/CaseData.aspx. The report, which is a downloadable database file contains, in addition to case status, the name and address of the employer, the number of workers requested and certified, the basic number of hours to be worked and the rate of pay.[1] Moreover, this report covers the entire country so it provides a much more useful tool for any analysis of how the program operates. For these reasons, I have determined that disclosure to you under FOIA of the limited portion of the information requested that is not already publicly disclosed -- namely the actual acceptance and denial letters -- would not enhance the public's understanding of the subject in question to a significant extent, as required by 29 C.F.R. § 70.41(a)(2)(iv). Accordingly, I have determined that the remaining information in the letters that is not automatically publicly available does not satisfy the fourth factor of the fee waiver test.

Finally, I note that the processes and procedures for processing H-2A applications, including review by the National Processing Centers, are designed to ensure that H-2A applications are consistent with the law and applicable regulations and to ensure that workers are protected.

DOL's regulations state that charges will be assessed for the production of records for other, non-commercial requesters for search and reproduction costs. 29 CFR § 70.40(c)(4). There is no charge for the reproduction of the first 100 pages of material, and a fee of 15 cents per page thereafter. There is no charge for the first two hours of search time. There is a subsequent charge of $5.00 per quarter hour for clerical search time and $10.00 per quarter hour for professional or supervisory search time. Therefore, the amount due has been calculated as follows:

1. There is a charge of $82.50 for the reproduction of 550 pages of material.

2. There is a charge of $40.00 for 1 hour of professional search time.

The total amount owed would be $122.50.

Before we take any further action on your request, pursuant to DOL's FOIA regulations at 29 CFR § 70.42(c), we are asking that you **provide an assurance that you will pay** before we proceed to process your request. Alternatively, you may wish to narrow your request in some way that would result in the reduction of this fee. Please contact

---

[1] The most current data available includes Fiscal Year 2006 and the OFLC anticipates the data for Fiscal Year 2007 will be available in February.

# EXHIBIT N



# UNITED FARM WORKERS

National Headquarters: La Paz • P.O. Box 62 • Keene, California 93531
Telephone: (661) 823-6105 • Fax: (661) 823-6174
*email: execoffice@ufwmail.com • website: www.ufw.org*

June 20, 2007

**Via Facsimile & U.S. Mail**

Mr. Gene Caso
United States Department of Labor
Employment and Training Administration
Atlanta National Processing Center
Harris Tower
233 Peachtree Street, Suite 410
Atlanta, GA 30303
FAX: (404) 893-4642

Re: FOIA Request for H-2A Applications and Related Information

Dear Mr. Caso:

The United Farm Workers (UFW) on behalf of itself and its members, requests disclosure of and copies of the following documents pursuant to the provisions of the Freedom of Information Act, 5 U.S.C. § 552: Any and all applications/petitions filed with your office seeking a temporary foreign labor certification for H-2A workers in Kentucky currently in effect or that would commence at any time between now and December 31, 2007. For each such application, please provide all Applications and Exhibits, Clearance Orders and decisions by DOL on those applications, including, but not limited to acceptances of applications, labor certifications, or denials thereof.

The UFW is a non-profit organization that serves migrant farmworkers and other low income persons and has no commercial interest in the documents being requested. We therefore request that any costs or fees associated with replying to this request be waived.

The information requested concerns DOL's administration of the H-2A guestworker program and its disclosure will contribute significantly to the public understanding of those operations or activities. The information requested will be used to inform U.S. workers and their advocates of the existence of pending labor certifications, the terms and conditions of those certifications and the potential availability of work for U.S. workers with employers to whom those certifications have been granted. Additionally, it will be used to determine whether the certifications that have been granted contain terms consistent with the local prevailing practices and the mandates of the H-2A program. This information will also be used for the purpose of ensuring that both U.S. and foreign workers are provided the protections afforded them under federal statute and regulation.

**¡Con Unión Se Vive Mejor!**
*Founded by César E. Chávez (1927-1993)*

We provide information to our members, other organizations who work with farm workers, and the public about job openings for farm workers, terms of employment offered by H-2A program employers, and other labor issues. Among other means of communicating with the public, we broadcast information relating to job openings for farm workers and other labor issues on radio stations that we own and operate. We also make available job opening announcements at our many local offices.

If all or any part of this request is denied, please cite the specific exemption(s) which you think justify(ies) your refusal to release the information, and inform me of the appeal procedures available to me under the law. In the event of deletions, please state the reason each partial or total denial of disclosure.

We ask for a timely response to this request under the law as this request is time-sensitive due to the nature of the H-2A guestworker program's operations.

Thank you for your cooperation, and please call if you have any questions.

Sincerely,

Anna L. Reynoso
270 Wayne Ave, Apt 203
Oakland, CA 94606
(559) 901-3952
areynoso@ufwmail.com

cc: Mr. James M. Aaron, US DOL, Employment & Training Administration, Division of Foreign Labor Certification

# EXHIBIT O



# UNITED FARM WORKERS

National Headquarters: La Paz • P.O. Box 62 • Keene, California 93531
Telephone: (661) 823-6105 • Fax: (661) 823-6174
*email: execoffice@ufwmail.com • website: www.ufw.org*

December 6, 2007

Office of the Solicitor
United States Department of Labor
200 Constitution Avenue, NW
Washington, D.C. 20210

RE: FOIA Appeal

Dear Solicitor of Labor:

I am writing to appeal the charges assessed by your agency for the production of records in my FOIA request dated June 19, 2007. I requested copies of all H-2A applications and clearance orders in the state of Kentucky for H-2A jobs in effect between June and December 2007. Although I specifically requested that such fees be waived, I received a telephone call on October 25th from Mark Grobman informing me that your agency has denied our request and would be assessing an undisclosed amount for search, review and reproduction costs.

FOIA requires agencies to reduce or waive fees for search, review, and duplication of documents "if disclosure of the [requested] information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

Regulations promulgated by the Department of Labor further specify that disclosure is in the public interest if:

1. "The subject of the requested records . . . concern[s] identifiable operations or activities of the federal government, with a connection that is direct and clear, not remote or attenuated."

2. "The disclosable portions of the requested records [are] meaningfully informative about government operations or activities . . . The disclosure of information that already is in the public domain, in either a duplicative or a substantially identical form, would not be as likely to contribute to such understanding where nothing new would be added to the public's understanding."

3. "The disclosure . . . contribute[s] to the understanding of a reasonably broad audience of persons interested in the subject . . . . A requester's expertise in the subject area and ability and intention to effectively convey information to the public will be considered."

¡Con Unión Se Vive Mejor!®
*Founded by César E. Chávez (1927-1993)*

4. "The public's understanding of the subject in question [will be] enhanced by the disclosure to a significant extent."

29 C.F.R. § 70.41(a)(2)(i)-(iv).

The United Farm Workers (UFW) is a non-profit organization that serves migrant farmworkers and other low-income individuals, and has no commercial interest in the documents being requested. Our FOIA request concerns DOL's administration of the H-2A guestworker program, including decisions about which employers may participate in the federal program and under what terms. The requested records are essential to understanding how the H-2A program operates. Federal legislation, 8 U.S.C. § 1188, allows agricultural employers to hire temporary foreign workers on temporary nonimmigrant work visas on the condition that they obtain a labor certification from the Department of Labor stating that they face an impending labor shortage and that the wages and working conditions being offered will not displace or adversely affect the wages and working conditions of U.S. farmworkers. The regulations, guidelines and memoranda issued by the Department of Labor are, by themselves, not sufficient to learn how the government implements the legislative authority and standards. It is necessary to review the employers' H-2A applications and the DOL's responses to determine how the program is operating. This FOIA request therefore involves information that "concern[s] identifiable operations or activities of the federal government." and is "meaningfully informative about government operations or activities," thereby meeting the criteria in the first two parts of the DOL regulation.

Disclosure of the requested information will "contribute to the understanding of a reasonably broad audience of persons interested in" the H-2A guestworker program and will enhance "[t]he public's understanding of" the H-2A program, as required by the final two parts of the DOL regulation. The information requested will be used to inform U.S. workers and their advocates of the existence of pending labor certifications, the terms and conditions of those certifications and the potential availability of work for U.S. workers with employers to whom those certifications have been granted. Additionally, it will be used to determine whether the certifications that have been granted contain terms consistent with the local prevailing practices and the mandates of the H-2A program. This information will also be used for the purpose of ensuring that both U.S. and foreign workers are provided the protections afforded them under federal statute and regulation.

The UFW plans to disseminate the information about H-2A job announcements to its members and other farm workers in several ways, including broadcasts on radio stations that it owns and operates, by posting the information at its many local offices, and directly through worker representatives in the field. The UFW has a membership of over 5,500 dues-paying members. In addition, the union provides news and information to hundreds of thousands more farmworkers through its La Campesina radio network and through its network of farmworker service organizations. Therefore, the UFW has the potential to reach a significant number of farmworkers, supplementing those efforts made by both employers and State Workforce Agencies (SWAs). Unfortunately, the UFW's ability to effectively disseminate information about job openings is diminished by DOL's refusal to supply the requested information in a timely way. Because the H-2A law in 8

U.S.C.§ 1188 is written to protect the jobs, wages and working conditions of "United States workers," while preventing exploitation of vulnerable guestworkers, these workers are the "public" that most needs the "understanding" described in the FOIA statute and regulations.

In addition, the UFW also plans to disseminate its summaries and analysis of the requested information to inform its supporters, collaborating farmworker organizations and the public about the operation of the H-2A program. As a leading farmworker advocacy organization for over 40 years, the UFW would like to ensure that domestic workers are not displaced, that the employers offer the required H-2A job terms, that other farmworker organizations (such as PCUN in Oregon) understand the program's operation and have the tools to advocate for workers under the program, and that the public is informed about whether the DOL is following the required procedures under the H-2A law and regulations.

The UFW maintains a webpage dedicated to guestworker issues on its main website, www.ufw.org. This webpage is also available in Spanish and Thai for its members who speak those languages. The UFW website averages more than a million hits a month and is updated on a daily basis. The information requested in this and other similar FOIA requests will be summarized and posted on the UFW website.

The UFW is sought out as an authority on farmworkers in the United States by the media, Congress, and other worker advocates. The information requested allows the UFW to stay abreast of the current use and administration of the H-2A program and provide the public with accurate information, analysis and recommendations.

Currently, there is great interest in the general public about the H-2A program. Guestworker programs have been widely discussed in the context of recent debates about immigration reform legislation and the UFW has been widely quoted because of its expertise and involvement. Furthermore, the UFW represented farmworker interests in the negotiations leading up to the major piece of agricultural labor reform legislation before Congress today, known as the AgJOBS compromise (S. 340, H.R. 371). AgJOBS and several alternative pieces of legislation contain lengthy sections that would substantially revise the H-2A guestworker program. The UFW is relied upon by broad segments of the public for information about these legislative proposals and the UFW cannot adequately address the public's need for information without prompt and full access to the requested records on the H-2A program. Please see attached newspaper articles demonstrating the UFW's important role in educating the public about the H-2A program and related issues. The public's legislative representatives recognize the value of UFW's information about the H-2A program and have therefore have invited the UFW to testify before Congress in important hearings about guestworker programs and proposed immigration legislation. See attached testimony of UFW General Counsel Marcos Camacho before the House Judiciary Committee on May 24, 2007.

Based on the foregoing, I ask that you grant the UFW's fee waiver request and send us the requested documentation immediately.

Sincerely,

Anna Reynoso
Guest Worker Fund
United Farm Workers
(559) 901-3952
areynoso@ufw.org

# EXHIBIT P

U.S. Department of Labor

**DEC** 1 1

Ms. Anna L. Reynoso
United Farm Workers
National Headquarters: La Paz
P.O. Box 62
Keene, California 93531

Dear Ms. Reynoso:

This responds to your Freedom of Information Act (FOIA) request of June 20, 2007, which our Atlanta National Processing Center referred to this office for response. You requested all documents for H-2A applications approved or under consideration at any location in Kentucky filed from June 20, 2007 through December 31, 2007.

Unfortunately, we cannot approve your request for a fee waiver as it does not sufficiently meet the criteria for a waiver. Your request was that fees be waived pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) which states that documents shall be furnished without any charge or at a charge reduced below the fees if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester.

In this case, I have determined that disclosure would not contribute to a public understanding of the operations or activities of the government because it does not appear from your request that the general public would benefit from the information. Rather, your request states: "The information requested will be used to inform U.S. workers and their advocates of the existence of pending labor certifications..." – which is a much narrower category. In addition, it is not certain that the information requested would significantly increase the public's understanding of government operations or activities since your organization's purpose is "advocacy" as opposed to providing information to the public.

Department Regulations at 29 CFR 70.40(c)(4) state that charges assessed for the production of records for non-commercial requesters may be for search and reproduction costs. There is no charge for the reproduction of the first 100 pages of material, and a fee of 15 cents per page thereafter. There is no charge for the first two hours of search time, and a subsequent charge of $5.00 per quarter hour for clerical search time, and $10.00 per quarter hour for professional or supervisory search time. Therefore, the amount due has been calculated as follows:

1. There is a charge of $57.00 for the reproduction of 480 pages of material. However, there is no charge for the reproduction of the first 100 pages.

Therefore, the total owing is $ 57.00.

Before we take any further action on your request, pursuant to the Department's FOIA regulations at 29 CFR 70.42(c), we are asking that you **provide an assurance that you will pay** before we proceed to process your request. Alternatively, you may wish to narrow your request in some way that would result in the reduction of this fee. Please contact Marlene Crumpler, OFLC National FOIA Coordinator, at the address below with your decision:

United States Department of Labor
Employment and Training Administration
Office of Foreign Labor Certification
200 Constitution Avenue, NW
Room C-4312
Washington, D.C. 20210

If we do not hear further from you within 20 days of the date of this letter, we will assume that you have withdrawn your request and we will consider this matter closed.

We believe that we have been responsive to your request. However, per 29 CFR 70.22, you may appeal any action or decision on part of this office in response to this request. The appeal must be made within 90 days from the date of this letter and should state in writing the grounds for appeal, including any supporting statements or arguments. To facilitate processing, you may wish to fax your appeal to (202) 693-5538. The appeal should include a copy of the initial request and a copy of this letter. Clearly indicate on the envelope and on the appeal itself the following: "FOIA Appeal." The appeal should be addressed to the following address:

Office of the Solicitor
United States Department of Labor
200 Constitution Avenue, NW
Washington, D.C. 20210

Sincerely,

William L. Carlson, Ph.D.
Administrator
Office of Foreign Labor Certification

# EXHIBIT Q



# UNITED FARM WORKERS

National Headquarters: La Paz • P.O. Box 62 • Keene, California 93531
Telephone: (661) 823-6105 • Fax: (661) 823-6174
*email: execofflce@ufwmail.com • website: www.ufw.org*

December 22, 2007

Office of the Solicitor
United States Department of Labor
200 Constitution Avenue, NW
Washington, D.C. 20210

RE: FOIA Appeal

Dear Solicitor of Labor:

We are in receipt of a letter dated December 11, 2007, denying our request for a fee waiver in connection with our June 20, 2007 request under the Freedom of Information Act (FOIA) for all applications for H-2A workers in Kentucky. DOL's decision to deny the requested fee waiver was communicated to us by telephone on October 25, 2007. On December 6, 2007, we appealed that decision. By letter of December 6, 2007, DOL's appeals unit acknowledged receipt of our appeal and assigned it Appeal Reference No. 080068.

To the extent DOL believes that its letter of December 11, 2007 requires that we file another appeal to preserve our right to challenge the denial of a fee waiver, we hereby appeal the denial of a fee waiver for the reasons set forth in our letter of December 6, 2007, a copy of which is enclosed for your convenience and incorporated by reference.

Further, we request that DOL immediately send us the 480 pages of material identified by DOL as responsive to our request. Without waiving our appeal of the denial of a fee waiver, we assure you that we will pay the $57.00 assessed for reproduction costs, if DOL's decision to deny the fee waiver is upheld.

Sincerely,

Anna Reynoso
Guest Worker Fund
United Farm Workers
(559) 901-3952
areynoso@ufw.org

cc: Ms. Marlene Crumpler, OFLC National FOIA Coordinator, US DOL, Employment and Training Administration, Office of Foreign Labor Certification

¡Con Unión Se Vive Mejor!®
*Founded by César E. Chávez (1927-1993)*



# EXHIBIT R

**U.S. Department of Labor**     Office of the Solicitor
Washington, D.C. 20210

JAN 3 1 2008

Ms. Anna Reynoso
Guest Worker Fund
United Farm Workers
P.O. Box 62
Keene, California 93531

Re: FOIA Appeal No. 080068

Dear Ms. Reynoso:

This decision is in response to your December 22, 2007,[1] appeal under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, from the December 11, 2007 decision of William L. Carlson, Administrator, Office of Foreign Labor Certification (OFLC), Employment and Training Administration (ETA). In your appeal, you seek a fee waiver for the production of documents concerning any and all H-2A applications/petitions and related documents filed with the OFLC seeking a temporary foreign labor certification for H-2A workers in Kentucky submitted between June 20, 2007 and December 31, 2007.

The FOIA provides a two-part test to determine if fees should be waived or reduced. Fees shall be waived if: 1) disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government; and 2) it is not primarily in the commercial interest of the requester. 5 U.S.C. § 552(a)(4)(iii). The Department of Justice has issued guidance concerning how agencies should interpret this provision of the FOIA (*FOIA Update, Winter/Spring 1987 (FOIA Update)*) and the Department of Labor (DOL) has promulgated regulations in accordance with these guidelines. 29 C.F.R. § 70.41.

The disclosure of the information is not primarily in your commercial interest, therefore, our decision as to whether your request for a fee waiver should be granted turns on whether the information disclosed is likely to contribute significantly to public understanding of the operations or activities of the government.

In applying the test, DOL examines each request to determine if the following four factors, all of which must be satisfied for a fee waiver to be warranted, are present:

1. "The subject of the requested records must concern identifiable operations or

---

[1] In your December 22, 2007 appeal letter, you incorporated by reference the reasons set forth in your earlier appeal letter dated December 6, 2007.

1

activities of the federal government, with a connection that is direct and clear, not remote or attenuated."

2.  "The disclosable portions of the requested records must be meaningfully informative about government operations or activities . . . . The disclosure of information that already is in the public domain, in either duplicative or a substantially identical form, would not be as likely to contribute to such understanding where nothing new would be added to the public's understanding."

3.  "The disclosure must contribute to the understanding of a reasonably broad audience of persons interested in the subject . . . . A requester's expertise in the subject area and intention to effectively convey information to the public will be considered."

4.  "The public's understanding of the subject in question must be enhanced by the disclosure to a significant extent."

29 C.F.R. § 70.41(a)(2)(i)-(iv).

In support of your initial request for a fee waiver, you asserted that the requested information "will be used to inform U.S. workers and their advocates of the existence of pending labor certifications, the terms and conditions of those certifications and the potential availability of work for U.S. workers with employers to whom those certifications have been granted." Additionally, you state that the information "will be used to determine whether the certifications that have been granted contain terms consistent with the local prevailing practices and the mandates of the H-2A program" and to ensure that U.S. and foreign workers are afforded the protections provided for them under federal statute and regulation. You also asserted that United Farm Workers ("UFW") provides "information to our members, other organizations who work with farm workers, and the public about job openings for farm workers, terms of employment offered by H-2A program employers, and other labor issues." Finally, you state that UFW "broadcast[s] information relating to job openings for farm workers and other labor issues on radio stations that we own and operate" and "make[s] available job opening announcements at our many local offices."

The OFLC denied your initial request for a fee waiver because it did "not meet the criteria at 29 C.F.R. § 70.41 with regard to contributing significantly to public understanding of the operations or activities of the government." In your appeal letter, you have provided a substantial amount of additional information to support your request for a fee waiver. We have considered this additional information. However, we have determined that release to you of documents responsive to your request does not satisfy factors two and four of the fee waiver test.

2

You requested any and all H-2A applications/petitions and related documents filed with the OFLC seeking a temporary foreign labor certification for H-2A workers in Kentucky submitted between June 20, 2007 and December 31, 2007. In accordance with 20 C.F.R. § 655.101(a)(1), any employer who seeks temporary alien agricultural worker certification for temporary foreign workers (H-2A workers) must file an application with the OFLC Administrator. This regulation also provides that, at the same time, the employer must file a duplicate application with the local office or State Workforce Agency (SWA) serving the area of intended employment. Pursuant to 20 C.F.R. § 655.101(c)(4), the local office or SWA will use the job offer portion of the application to prepare a local job order to recruit U.S. workers in the area of intended employment. Once the application has been accepted by the OFLC, the employer and the SWA are notified. The SWA is instructed to put the job order into intra-state and/or inter-state circulation depending on circumstances. The employer may also be instructed to engage in positive recruitment efforts. 20 C.F.R. § 655.105(a). Thus, the H-2A application process results in information about job opportunities from the H-2A application being distributed through the SWAs job order system, and in some cases also involves other recruitment efforts by the employer. Because the information provided on the applications submitted to DOL is already required by these regulations to be disseminated to the affected public, "further disclosure by the agency will not significantly contribute to the public's understanding." *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 815 (2nd Cir. 1994); *see also Citizens for Responsible Ethics in Washington v. Dep't of Health and Human Services*, 481 F. Supp. 2d 99, 111 (D.D.C. 2006) (when material has met a threshold level of prior public dissemination, additional distribution under FOIA will not further public understanding within the meaning of the fee waiver provisions) (citing *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 36 (D.C. Cir. 1998)).

While the acceptance and denial letters from DOL to each employer are not automatically disseminated to the public, information on which applications are accepted, rejected, certified or denied is annually reported by ETA to the public. This report is available at www.flcdatacenter.com/CaseData.aspx. The report, which is a downloadable database file contains, in addition to case status, the name and address of the employer, the number of workers requested and certified, the basic number of hours to be worked and the rate of pay.[2] Moreover, this report covers the entire country so it provides a much more useful tool for any analysis of how the program operates. (The individual letters from DOL to employers accepting or denying H-2A applications are also routinely released in response to FOIA requests.) Based on the foregoing, I have determined that disclosure to you under FOIA of the limited portion of the information requested that is not already publicly disclosed – namely the actual acceptance and denial letters – would not enhance the public's understanding of the subject in question

---

[2] The most current data available includes Fiscal Year 2006 and the OFLC anticipates the data for Fiscal Year 2007 will be available in February.

3

to a significant extent, as required by 29 C.F.R. § 70.41(a)(2)(iv). *See, e.g., VoteHemp, Inc. v. Drug Enforcement Admin.*, 237 F. Supp. 2d 55 (D.D.C. 2002). Accordingly, I have determined that the remaining information in the letters that is not automatically available to the public does not satisfy the fourth factor of the fee waiver test.

In sum, we have determined that disclosure to you of the requested information does not satisfy the second and fourth factors of the fee waiver test, *i.e.*, it is not *meaningfully informative* about government operations or activities such that it is likely to contribute to an increased understanding of those operations or activities, and will not *significantly* enhance public understanding. Therefore, your request for the H-2A application information does not qualify under the narrow fee waiver standard as set forth in the FOIA.

Our failure to assert any other exemption or defense that may apply in this appeal does not constitute a waiver of that exemption or defense. Because this FOIA appeal is already included in your suit against DOL, it is unnecessary to recite here your appeal rights. I note briefly, however, that this appeal decision constitutes final agency action for purposes of judicial review, and that FOIA provides for judicial review of administrative decisions denying a FOIA request in whole or in part.

Sincerely,

William W. Thompson, II
Associate Solicitor for Management
and Administrative Legal Services

4

# EXHIBIT S



**FARMWORKER JUSTICE**

October 23, 2007

**Via Facsimile & U.S. Mail**

Mr. Gene Caso
United States Department of Labor
Employment and Training Administration
Atlanta National Processing Center
Harris Tower
233 Peachtree Street, Suite 410
Atlanta, GA  30303
FAX: (404) 893-4642

Re:    Freedom of Information Act Request and Request for Expedited Processing
        Pursuant to 5 U.S.C. § 552(a)(6)(E) and 29 CFR § 70.25(d)(1).

Dear Mr. Caso:

This is a request for disclosure of records under the Freedom of Information Act (FOIA). This request is made jointly by the United Farm Workers (UFW) and Farmworker Justice (FJ). UFW and FJ request expedited processing.  UFW and FJ also request a fee waiver.

## I.    The Requested Records

UFW and FJ request copies of the following records: Any and all applications/petitions filed with your office seeking a temporary foreign labor certification for H-2A workers in the states of Florida, Louisiana, and Virginia currently in effect or that would commence at any time between now and April 30, 2008.  For each such application, please provide all Applications and Exhibits, Clearance Orders and decisions by DOL on those applications, including, but not limited to acceptances of applications, labor certifications, or denials thereof.

## II.    Request for Expedited Processing

FOIA provides for expedited processing of requests for records "(I) in cases in which the person requesting the records demonstrates a compelling need; and (II) in other cases determined by the agency." 5 U.S.C. § 552(a)(6)(E)(i).  As used in this section of FOIA, "compelling need" includes, "with respect to a request made by a person primarily engaged in disseminating

---

information, urgency to inform the public concerning actual or alleged Federal Government activity." *Id.* § 552(a)(6)(E)(v)(II). Similarly, regulations issued by the Department of Labor (DOL) provide that FOIA requests "will be taken out of order and given expedited treatment whenever it is determined that they involve: . . . (ii) An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information[.]" 29 CFR § 70.25(d)(1).

**A.      The requesters are primarily engaged in the dissemination of information regarding issues of importance to farmworkers.**

A requester seeking expedited processing need not be a full-time member of the news media. Rather, a requester may qualify for expedited processing by showing that its main professional activity is information dissemination, even though it also engages in other activities. *See* 29 CFR § 70.25(d)(3). The core mission of both UFW and FJ is the promotion and protection of farmworker rights, and both UFW and FJ pursue their mission primarily through disseminating information to farmworkers, their advocates, and the public at large.

**1.      UFW is primarily engaged in disseminating information.**

UFW is a non-profit organization that serves migrant farmworkers and other low-income individuals. The UFW disseminates information to farmworkers, UFW supporters, collaborating farmworker organizations, and the public through a variety of methods. For example, UFW runs La Campesina radio, a nine-station network of radio stations in three states, which broadcasts relevant and topical educational and public affairs programming. UFW also provides news and information to farmworkers through its network of farmworker service organizations, including La Union del Pueblo Entero (L.U.P.E), the National Farm Worker Service Center, and the Cesar E. Chavez Foundation. UFW posts information at its many local offices, and distributes information directly through worker representatives in the field. Please see attached list of UFW offices. The UFW also maintains a website, www.ufw.org, through which it disseminates information. The UFW website averages more than a million hits a month and is updated on a daily basis.

In addition, UFW is routinely sought out as an authority on farmworkers in the United States by the media, Congress, and other worker advocates. Such requests to UFW for information, analysis, and recommendations provide another means by which UFW disseminates information to educate the public about farmworker issues. See attached testimony of UFW General Counsel Marcos Camacho before the House Judiciary Committee on May 24, 2007 and newspaper articles.

**2.      FJ is primarily engaged in disseminating information.**

FJ is a non-profit organization that serves migrant and seasonal farmworkers in the United States. FJ strives to improve farmworkers' living and working conditions through the dissemination of information to worker advocates, government representatives, the general public and the workers themselves. FJ is a national advocacy organization and as such, numerous organizations around the country rely on FJ to obtain, analyze and synthesize

2

information related to farmworker labor and immigration policy. FJ disseminates information through policy briefs, newsletters, email list-serves, presentations at conferences, and through interviews with the media. FJ also posts information on its website, www.farmworkerjustice.org, which averages 10,000 - 15,000 visitors per month. In addition to its own publications, FJ contributes articles to the publications of other organizations, including those whose mission involves immigrant rights, civil rights, and public health. FJ staff is frequently quoted in the media and is invited to speak at numerous conferences throughout the country. Earlier this year, Executive Director Bruce Goldstein spoke on the subject of immigration policy at the annual conference of the National Council of La Raza, a major Latino civil rights organization. This workshop later aired on C-Span television for several weeks. FJ also sponsors conferences to discuss guestworker policy. For example, in October 2005, FJ held a symposium on the history of US guestworker programs which convened several prominent academics, congressional staff and journalists. Several times over the last decade, FJ staff has testified before Congress about guestworker programs and has assisted other witnesses with their testimony on the issue. Most recently, Bruce Goldstein spoke before the House Judiciary Committee on May 24, 2007 about agricultural labor and immigration policy, and he testified before the House Agriculture Committee on October 4, 2007 on the labor needs of American agriculture. See attached testimony and newspaper articles.

**B.    There is an urgent need to inform farmworkers and the public about DOL's activities under the H-2A guestworker program.**

Given the quick timeframes involved in processing H-2A applications and the recruitment of eligible US workers, a rapid response to this request is extremely important. DOL often has as few as 15 days to issue a labor certification to an employer who applies for H-2A workers, 8 U.S.C. § 1188(c), and must determine within 7 days whether or not an application meets the standards for approval. Considering that the National Processing Centers receive thousands of applications a year, this is a very short time frame to give careful consideration to each application. As experts in farm labor practices around the country, farmworker advocates such as FJ and UFW can play an important role in helping DOL to prevent inclusion of job terms that would have an adverse effect on US workers' wages and working conditions. Furthermore, US workers should be given preferential treatment in hiring up until 50 percent of the work period has passed. Given that these jobs are seasonal and last a maximum of 10 months, US workers have at most 5 months to learn of and apply for any H-2A jobs. DOL's responses to previous FOIA requests by UFW have arrived too late (i.e, after 6 months) for UFW to engage in any meaningful dissemination of information to its members and the larger farmworker community, thereby preventing US workers from applying for these jobs to which they are entitled.

The requested records concern DOL's activities under the H-2A program—a matter of current exigency to the American public. There is currently widespread public interest in the subject of immigration reform and in particular, the use of guestworker programs such as the H-2A program. On August 10, the White House announced its plan to improve border security and immigration within existing law. Included in that plan is a directive to DOL "to review the regulations implementing the H-2A program and to institute changes that will provide farmers with an orderly and timely flow of legal workers, while protecting the rights of laborers." The

3

information requested by UFW and FJ is essential in understanding the deliberations within government about the administration of current guestworker programs. This information is important for the public to understand how guestworkers are admitted into this country and the resulting effects of these decisions on both U.S. and foreign workers.

Further, the consequences of delaying a response would compromise two significant interests. First, guestworker programs have been widely discussed in the context of recent debates about immigration reform legislation and the UFW has been widely quoted because of its expertise and involvement. Furthermore, the UFW represented farmworker interests in the negotiations leading up to the major piece of agricultural labor reform legislation before Congress today, known as the AgJOBS compromise. AgJOBS and several alternative pieces of legislation contain lengthy sections that would substantially revise the H-2A guestworker program. The UFW is relied upon by broad segments of the public for information about these legislative proposals and the UFW cannot adequately address the public's need for information without prompt and full access to the requested records on the H-2A program.

Second, the H-2A law is intended to protect the jobs, wages and working conditions of "United States workers," while preventing exploitation of vulnerable guestworkers. 8 U.S.C. § 1188. Information concerning DOL's administration of the H-2A guestworker program, including decisions about which employers may participate in the federal program and under what terms, is essential to understand how the H-2A program operates. Indeed, the requested information is necessary to inform U.S. workers and their advocates of the existence of pending labor certifications, the terms and conditions of those certifications and the potential availability of work for U.S. workers with employers to whom those certifications have been granted. Additionally, prompt access to the requested information is necessary to determine whether the certifications that have been granted contain terms consistent with the local prevailing practices and the mandates of the H-2A program. This information will also be used for the purpose of ensuring that both U.S. and foreign workers are provided the protections afforded them under federal statute and regulation. Congress has recognized that farmworkers and their advocates have a need for the requested information if the H-2A program is to operate as Congress intended. The H-2A regulations at 20 CFR § 655.90(d) states that the H-2A program must be carried out in a manner "to effectuate the purpose of the INA that U.S. workers rather than aliens be employed wherever possible." In addition, the regulations require that the federal and state offices involved in the H-2A program widely circulate the H-2A job offers beginning with their acceptance, §§ 655.104 and 655.105, and that the employers disseminate the job offers as well, §655.103(d). Moreover, referrals of U.S. workers to H-2A employers may not occur unless potential job applicants have "been made aware of the terms and conditions of and qualifications for the job. . . ." §655.106. Further, the Employment Service regulations require that the job offers contain all material terms and conditions of employment so that U.S. workers can learn of the jobs and know that the job terms comply with all applicable laws, 20 CFR § 653.501(c), (d)(2), (d)(3), and (h). The letter and intent of the law and the regulations clearly require disclosure of available jobs at H-2A employers to U.S. workers and their organizations so that U.S. workers have access to such jobs. Disclosure is also necessary to enable the Department of Labor to fulfill its obligation to issue labor certifications only after ensuring that during the initial recruitment period the employers has "complied with the recruitment assurances and the adverse effect criteria" in the law and regulations." 20 CFR § 655.106(b). At a minimum, U.S. workers

4

who learn about these jobs must also know the job terms offered by the employers so that they can determine whether the H-2A requirements have been satisfied and inform the DOL accordingly prior to the issuance of a labor certification.

## III.    Request for Fee Waiver

FOIA requires agencies to reduce or waive fees for search, review, and duplication of documents "if disclosure of the [requested] information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). For the reasons set forth above in support of the request for expedited processing, the disclosure of the requested records would enhance, to a significant extent, a broad audience of persons' understanding of DOL's activities under the H-2a program. Moreover, release of the requested records would not primarily be in the commercial interest of UFW or FJ, which are primarily concerned with informing the public about the H-2A program. Accordingly, UFW and FJ request a fee waiver. *See* 29 C.F.R. § 70.41(a)(2)(i)–(iv).

\* \* \*

Pursuant to 29 CFR § 70.25(d)(4), UFW and FJ request a decision on their request for expedited processing within 10 calendar days of receipt of this request. Pursuant to 5 U.S.C. § 552(a)(6)(E)(vi) and 29 CFR § 70.25(d)(3), the undersigned certify that the statements made in support of the request for expedited processing are true and correct to the best of their knowledge and belief.

Sincerely,
FARMWORKER JUSTICE

Virginia Ruiz
1126 16th St., NW, Suite 270
Washington, DC 20036

UNITED FARM WORKERS

*Erik Nicholson* /VR

Erik Nicholson
P.O. Box 8337
Tacoma, WA 98418

Encl.

cc: Mr. James M. Aaron, US DOL, Employment & Training Administration, Division of Foreign Labor Certification

5

# EXHIBIT T

10-24-2007  10:39am  From-FARMWORKER JUSTICE FUND INC        2027832561        T-932  P.002  F-304



**FARMWORKER JUSTICE**

October 23, 2007

**Via Facsimile & U.S. Mail**

Ms. Charlene Giles
United States Department of Labor
Employment and Training Administration
Chicago National Processing Center
844 N. Rush Street, 12th Floor
Chicago, Illinois 60611
FAX: (312) 886-1688

Re:    **Freedom of Information Act Request and Request for Expedited Processing
Pursuant to 5 U.S.C. § 552(a)(6)(E) and 29 CFR § 70.25(d)(1).**

Dear Ms. Giles:

This is a request for disclosure of records under the Freedom of Information Act (FOIA).
This request is made jointly by the United Farm Workers (UFW) and Farmworker Justice (FJ).
UFW and FJ request expedited processing. UFW and FJ also request a fee waiver.

**I.    The Requested Records**

UFW and FJ request copies of the following records: Any and all applications/petitions
filed with your office seeking a temporary foreign labor certification for H-2A workers in the
state of Hawaii currently in effect or that would commence at any time between now and April
30, 2008. For each such application, please provide all Applications and Exhibits, Clearance
Orders and decisions by DOL on those applications, including, but not limited to acceptances of
applications, labor certifications, or denials thereof.

**II.    Request for Expedited Processing**

FOIA provides for expedited processing of requests for records "(I) in cases in which the
person requesting the records demonstrates a compelling need; and (II) in other cases determined
by the agency." *5 U.S.C. § 552(a)(6)(E)(i).* As used in this section of FOIA, "compelling need"
includes, "with respect to a request made by a person primarily engaged in disseminating
information, urgency to inform the public concerning actual or alleged Federal Government

activity." *Id.* § 552(a)(6)(E)(v)(II). Similarly, regulations issued by the Department of Labor (DOL) provide that FOIA requests "will be taken out of order and given expedited treatment whenever it is determined that they involve: . . . (ii) An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information[.]" 29 CFR § 70.25(d)(1).

### A.    The requesters are primarily engaged in the dissemination of information regarding issues of importance to farmworkers.

A requester seeking expedited processing need not be a full-time member of the news media. Rather, a requester may qualify for expedited processing by showing that its main professional activity is information dissemination, even though it also engages in other activities. *See* 29 CFR § 70.25(d)(3). The core mission of both UFW and FJ is the promotion and protection of farmworker rights, and both UFW and FJ pursue their mission primarily through disseminating information to farmworkers, their advocates, and the public at large.

#### 1.    UFW is primarily engaged in disseminating information.

UFW is a non-profit organization that serves migrant farmworkers and other low-income individuals. The UFW disseminates information to farmworkers, UFW supporters, collaborating farmworker organizations, and the public through a variety of methods. For example, UFW runs La Campesina radio, a nine-station network of radio stations in three states, which broadcasts relevant and topical educational and public affairs programming. UFW also provides news and information to farmworkers through its network of farmworker service organizations, including La Union del Pueblo Entero (L.U.P.E), the National Farm Worker Service Center, and the Cesar E. Chavez Foundation. UFW posts information at its many local offices, and distributes information directly through worker representatives in the field. Please see attached list of UFW offices. The UFW also maintains a website, www.ufw.org, through which it disseminates information. The UFW website averages more than a million hits a month and is updated on a daily basis.

In addition, UFW is routinely sought out as an authority on farmworkers in the United States by the media, Congress, and other worker advocates. Such requests to UFW for information, analysis, and recommendations provide another means by which UFW disseminates information to educate the public about farmworker issues. See attached testimony of UFW General Counsel Marcos Camacho before the House Judiciary Committee on May 24, 2007 and newspaper articles.

#### 2.    FJ is primarily engaged in disseminating information.

FJ is a non-profit organization that serves migrant and seasonal farmworkers in the United States. FJ strives to improve farmworkers' living and working conditions through the dissemination of information to worker advocates, government representatives, the general public and the workers themselves. FJ is a national advocacy organization and as such, numerous organizations around the country rely on FJ to obtain, analyze and synthesize information related to farmworker labor and immigration policy. FJ disseminates information

through policy briefs, newsletters, email list-serves, presentations at conferences, and through interviews with the media. FJ also posts information on its website, www.farmworkerjustice.org, which averages 10,000 - 15,000 visitors per month. In addition to its own publications, FJ contributes articles to the publications of other organizations, including those whose mission involves immigrant rights, civil rights, and public health. FJ staff is frequently quoted in the media and is invited to speak at numerous conferences throughout the country. Earlier this year, Executive Director Bruce Goldstein spoke on the subject of immigration policy at the annual conference of the National Council of La Raza, a major Latino civil rights organization. This workshop later aired on C-Span television for several weeks. FJ also sponsors conferences to discuss guestworker policy. For example, in October 2005, FJ held a symposium on the history of US guestworker programs which convened several prominent academics, congressional staff and journalists. Several times over the last decade, FJ staff has testified before Congress about guestworker programs and has assisted other witnesses with their testimony on the issue. Most recently, Bruce Goldstein spoke before the House Judiciary Committee on May 24, 2007 about agricultural labor and immigration policy, and he testified before the House Agriculture Committee on October 4, 2007 on the labor needs of American agriculture. See attached testimony and newspaper articles.

**B.    There is an urgent need to inform farmworkers and the public about DOL's activities under the H-2A guestworker program.**

Given the quick timeframes involved in processing H-2A applications and the recruitment of eligible US workers, a rapid response to this request is extremely important. DOL often has as few as 15 days to issue a labor certification to an employer who applies for H-2A workers, 8 U.S.C. § 1188(c), and must determine within 7 days whether or not an application meets the standards for approval. Considering that the National Processing Centers receive thousands of applications a year, this is a very short time frame to give careful consideration to each application. As experts in farm labor practices around the country, farmworker advocates such as FJ and UFW can play an important role in helping DOL to prevent inclusion of job terms that would have an adverse effect on US workers' wages and working conditions. Furthermore, US workers should be given preferential treatment in hiring up until 50 percent of the work period has passed. Given that these jobs are seasonal and last a maximum of 10 months, US workers have at most 5 months to learn of and apply for any H-2A jobs. DOL's responses to previous FOIA requests by UFW have arrived too late (i.e, after 6 months) for UFW to engage in any meaningful dissemination of information to its members and the larger farmworker community, thereby preventing US workers from applying for these jobs to which they are entitled.

The requested records concern DOL's activities under the H-2A program—a matter of current exigency to the American public. There is currently widespread public interest in the subject of immigration reform and in particular, the use of guestworker programs such as the H-2A program. On August 10, the White House announced its plan to improve border security and immigration within existing law. Included in that plan is a directive to DOL "to review the regulations implementing the H-2A program and to institute changes that will provide farmers with an orderly and timely flow of legal workers, while protecting the rights of laborers." The information requested by UFW and FJ is essential in understanding the deliberations within

government about the administration of current guestworker programs. This information is important for the public to understand how guestworkers are admitted into this country and the resulting effects of these decisions on both U.S. and foreign workers.

Further, the consequences of delaying a response would compromise two significant interests. First, guestworker programs have been widely discussed in the context of recent debates about immigration reform legislation and the UFW has been widely quoted because of its expertise and involvement. Furthermore, the UFW represented farmworker interests in the negotiations leading up to the major piece of agricultural labor reform legislation before Congress today, known as the AgJOBS compromise. AgJOBS and several alternative pieces of legislation contain lengthy sections that would substantially revise the H-2A guestworker program. The UFW is relied upon by broad segments of the public for information about these legislative proposals and the UFW cannot adequately address the public's need for information without prompt and full access to the requested records on the H-2A program.

Second, the H-2A law is intended to protect the jobs, wages and working conditions of "United States workers," while preventing exploitation of vulnerable guestworkers. 8 U.S.C. § 1188. Information concerning DOL's administration of the H-2A guestworker program, including decisions about which employers may participate in the federal program and under what terms, is essential to understand how the H-2A program operates. Indeed, the requested information is necessary to inform U.S. workers and their advocates of the existence of pending labor certifications, the terms and conditions of those certifications and the potential availability of work for U.S. workers with employers to whom those certifications have been granted. Additionally, prompt access to the requested information is necessary to determine whether the certifications that have been granted contain terms consistent with the local prevailing practices and the mandates of the H-2A program. This information will also be used for the purpose of ensuring that both U.S. and foreign workers are provided the protections afforded them under federal statute and regulation. Congress has recognized that farmworkers and their advocates have a need for the requested information if the H-2A program is to operate as Congress intended. The H-2A regulations at 20 CFR § 655.90(d) states that the H-2A program must be carried out in a manner "to effectuate the purpose of the INA that U.S. workers rather than aliens be employed wherever possible." In addition, the regulations require that the federal and state offices involved in the H-2A program widely circulate the H-2A job offers beginning with their acceptance, §§ 655.104 and 655.105, and that the employers disseminate the job offers as well, §655.103(d). Moreover, referrals of U.S. workers to H-2A employers may not occur unless potential job applicants have "been made aware of the terms and conditions of and qualifications for the job. . . ." §655.106. Further, the Employment Service regulations require that the job offers contain all material terms and conditions of employment so that U.S. workers can learn of the jobs and know that the job terms comply with all applicable laws, 20 CFR § 653.501(c), (d)(2), (d)(3), and (h). The letter and intent of the law and the regulations clearly require disclosure of available jobs at H-2A employers to U.S. workers and their organizations so that U.S. workers have access to such jobs. Disclosure is also necessary to enable the Department of Labor to fulfill its obligation to issue labor certifications only after ensuring that during the initial recruitment period the employers has "complied with the recruitment assurances and the adverse effect criteria" in the law and regulations." 20 CFR § 655.106(b). At a minimum, U.S. workers who learn about these jobs must also know the job terms offered by the employers so that they

4

can determine whether the H-2A requirements have been satisfied and inform the DOL accordingly prior to the issuance of a labor certification.

## III.    Request for Fee Waiver

FOIA requires agencies to reduce or waive fees for search, review, and duplication of documents "if disclosure of the [requested] information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). For the reasons set forth above in support of the request for expedited processing, the disclosure of the requested records would enhance, to a significant extent, a broad audience of persons' understanding of DOL's activities under the H-2A program. Moreover, release of the requested records would not primarily be in the commercial interest of UFW or FJ, which are primarily concerned with informing the public about the H-2A program. Accordingly, UFW and FJ request a fee waiver. *See* 29 C.F.R. § 70.41(a)(2)(i)-(iv).

\* \* \*

Pursuant to 29 CFR § 70.25(d)(4), UFW and FJ request a decision on their request for expedited processing within 10 calendar days of receipt of this request. Pursuant to 5 U.S.C. § 552(a)(6)(E)(vi) and 29 CFR § 70.25(d)(3), the undersigned certify that the statements made in support of the request for expedited processing are true and correct to the best of their knowledge and belief.

Sincerely,
FARMWORKER JUSTICE

Virginia Ruiz
1126 16th St., NW, Suite 270
Washington, DC  20036

UNITED FARM WORKERS

*Erik Nicholson*  /NR

Erik Nicholson
P.O. Box 8337
Tacoma, WA  98418

Encl.

cc:  Mr. James M. Aaron, US DOL, Employment & Training Administration, Division of Foreign Labor Certification

# EXHIBIT U

**U.S. Department of Labor**

Employment and Training Administration
200 Constitution Avenue, N.W.
Washington, D.C. 20210

*Response*

OCT 30 2007

Ms. Virginia Ruiz
Farmworker Justice
1126 16th Street, NW
Suite 270
Washington, D.C. 20036

Dear Ms. Ruiz:

Your and Mr. Nicholson's October 23, 2007, Freedom of Information Act (FOIA) requests to Mr. Eugene Caso in the Employment and Training Administration's (ETA) Atlanta National Processing Center (NPC) and Ms. Charlene Giles, Director of the Chicago NPC, were referred to this office for response. You requested copies of any and all applications/petitions filed with the Atlanta and Chicago NPCs seeking a temporary foreign labor certification for H-2A workers in the States of Florida, Hawaii, Louisiana, and Virginia currently in effect or that would commence at any time between now and April 30, 2008. You also requested the Department process your FOIAs on an expedited basis.

This letter responds solely to the request for expedited processing. The basis for your request was that a "compelling need" existed (5 USC §552(a)(6)(E)(i)). Your letter stated, "There is an urgent need to inform farmworkers and the public about DOL's activities under the H-2A guestworker program."

In evaluating the FOIA request, we examined the statement provided in your letter that the United Farmworkers (UFW) and Farmworker Justice are organizations whose main professional activity is information dissemination information as required by     29 CFR §70.25(d)(3). We also examined the information provided by both organizations on their respective Web sites as to their mission or purpose. It is my determination that UFW is an organization whose main activity is to organize and represent farmworkers.

Likewise, Farmworker Justice has as activities: engaging in litigation, administrative and legislative advocacy, training and technical assistance, coalition-building, public education, and support for union organizing. For Farmworker Justice, public education is an activity which may involve information dissemination but does not appear to rise to the level of its main professional activity—rather it is one activity of several and not prominent.

While information dissemination may be an important part of each organization's work, it is not their main activity. For this reason, both organizations have not met the test of the provision ". . . if not a full time member of the news media, must establish that he or she is a person whose main professional activity or occupation is information dissemination. . ."

Regarding the "urgent need to inform farmworkers and the public about the Department's activities under the H-2A guestworker program," I have likewise determined the request failed to establish an urgent need because it does not "establish a particular urgency to inform the public about the government activity involved in the request, beyond the public's right to know about government activity generally." The public processes and procedures that are in place are generally sufficient to ensure that H-2A applications are consistent with the law and applicable regulations to ensure that workers are protected. Further, these procedures are designed to ensure that information about related jobs is available through the State Workforce Agencies and their local offices.

The request provides no specific evidence regarding H-2A applications in these states that an expedited response to these FOIA requests will meet an urgent need that existing procedures cannot. Further, the request asserts an urgent need with regard to current public policy debates and Congressional action and UFW's role representing workers in these areas. These public discussions are broad and have been ongoing for some time. There is no evidence in the request as to why H-2A applications requested for the states of Florida, Hawaii, Louisiana and Virginia can be expected to impact these discussions as opposed to other recently filed H-2A applications. There is also no evidence as to why the need for such information, in this context, would be urgent.

For the above stated reasons, I deny the FOIA request to provide the records on an expedited basis. Please be assured that we will make every effort to process the request in an expeditious and timely way within established procedures for processing FOIA requests.

Sincerely,

William L. Carlson, Ph.D.
Administrator
Office of Foreign Labor Certification

# EXHIBIT V

*Work Con*



**FARMWORKER
JUSTICE**

November 5, 2007

**Via Facsimile & U.S. Mail**

Solicitor of Labor
Division of Management and Administrative Legal Services
U.S. Department of Labor
200 Constitution Ave., NW
Room N-2428
Washington, DC 20210
Attn: Freedom of Information Act Appeal
FAX: (202) 693-5278

**RE:  Appeal of Denial of Request for Expedited Processing**

Dear Solicitor of Labor:

This letter is an appeal from the Department of Labor's (DOL) October 30, 2007, denial of the request for expedited processing in our FOIA requests dated October 23, 2007. In those requests, filed on behalf of the United Farm Workers (UFW) and Farmworker Justice (FJ), we asked for all applications/petitions filed with the Employment and Training Administration seeking a temporary foreign labor certification for H-2A workers in the states of Florida, Louisiana, Virginia, or Hawaii in effect as of October 23, 2007, or that would commence at any time between October 23, 2007, and April 30, 2008. We requested that, for each application, the Administration provide all Applications and Exhibits, Clearance Orders, and decisions by DOL on those applications, including, but not limited to acceptances of applications, labor certifications, or denials thereof.

In the requests, we sought expedited processing on the grounds of compelling need. 5 U.S.C. § 552(a)(6)(E)(i)(I). In particular, we demonstrated that UFW and FJ are primarily engaged in disseminating information and that there is an urgency to inform the public about DOL's activities under the H-2A program. Our October 23, 2007, FOIA request letters are enclosed with this appeal.

By letter dated October 30, 2007, signed by William L. Carlson, and also enclosed with this appeal, DOL denied the request for expedited processing.

First, Mr. Carlson's letter stated that, after reading our request letters and looking at FJ's and UFW's websites, he had determined that disseminating information was not the primary activity of either organization. With regard to FJ, Mr. Carlson noted that FJ's website states that it engages in "litigation, administrative and legislative advocacy, training and technical

assistance, coalition-building, public education and support for union organizing," and concluded that information dissemination is therefore "one activity of several and not prominent." However, information dissemination plays a large role in many of those different approaches undertaken by FJ. As explained in our request letters, FJ speaks to the media, holds conferences, disseminates information through newsletters, briefs, and e-mail lists, writes articles, and testifies before Congress. Similarly, UFW pursues its vision of "provid[ing] farm workers and other working people with the inspiration and tools to share in society's bounty," http://www.ufw.org/_page.php?menu=about&inc=about_vision.html, primarily through disseminating information, including by running a network of radio stations, providing information to the media, testifying before Congress, distributing information to farm workers through its farm worker service organizations, posting information in its local offices, providing information through worker representatives, and maintaining a frequently-visiting website.

Mr. Carlson's letter also stated that he had determined that there was no urgency to inform the public because "procedures are in place that are generally sufficient to ensure that H-2A applications are consistent with the law," and because public discussions about the H-2A program "are broad" and there "is no evidence in the request as to why H-2A application requested for the states of Florida, Hawaii, Louisiana and Virginia can be expected to impact these discussions as opposed to other recently filed H-2A applications." However, a statement that DOL's procedures are sufficient does not allow the public to understand DOL's activities in implementing the program and engage in discussions about whether and how the program should be changed. Moreover, reviewing specific information and understanding how a program actually works on the ground can be very important to engaging in discussions about the program, even when the discussions themselves are not limited to the information in those specific records. Although specific to certain states, the records would help inform FJ and UFW, and through them the public, about how the H-2A program operates overall. Finally, because of the very short turn around times for the processing of H-2A applications and the associated recruitment of local workers, immediate disclosure is crucial for the timely dissemination of information about job opportunities to eligible US workers. In fact, this request for expedition should not be necessary because both the FOIA and the H-2A program regulations require public disclosure in a timely manner, but DOL's violations of these standards necessitate a request for expediting their unlawfully slow process.

For the foregoing reasons, as well as all of the other reasons explained in our request letters, we appeal the denial of our request for expedited processing. We certify that the statements made in support of this appeal are true and correct to the best of our knowledge and belief. We look forward to your quick response.

Sincerely,
FARMWORKER JUSTICE

Virginia Ruiz
1126 16th St., NW, Suite 270
Washington, DC 20036

UNITED FARM WORKERS

Erik Nicholson /HR

Erik Nicholson
P.O. Box 8337
Tacoma, WA 98418

2

# EXHIBIT W

**U.S. Department of Labor**

DEC 1 0 2007

Virginia Ruiz
Farmworker Justice
1126 16ᵗʰ Street, NW
Suite 270
Washington, DC 20036

Office of the Solicitor
Washington, D.C. 20210



Erik Nicholson
United Farm Workers
P.O. Box 8337
Tacoma, WA 98418

      Re:    FOIA Appeal No. 080034

Dear Ms. Ruiz and Mr. Nicholson:

This responds to your November 5, 2007, letter, on behalf of United Farm Workers (UFW) and Farmworker Justice (FJ) to the Solicitor of Labor appealing under the Freedom of Information Act (FOIA) the October 30, 2007, denial of William L. Carlson, PhD, Administrator, Office of Foreign Labor Certification, Employment and Training Administration (ETA), for expedited processing of your request for "[a]ny and all applications/petitions filed with [ETA] seeking a temporary foreign labor certification for H-2A workers in the states of Florida, Louisiana and Virginia currently in effect or that would commence at any time between [October 23, 2007] and April 30, 2008."

Initially, we note that you seek petitions that are currently in effect or that would commence at any time between October 23, 2007, and April 30, 2008. To the extent that this request may constitute a request for documents that are not currently in the possession of ETA, we respond that, under FOIA, requesters may not compel agencies to make automatic releases of records as they are created, *Mandel Grunfeld & Herrick v. U.S. Customs Service*, 709 F.2d 41, 43 (11ᵗʰ Cir. 1983), and requests cannot be properly made for future records not yet created. *See, e.g., Tuchinsky v. Selective Service System*, 418 F.2d 155, 158 (7ᵗʰ Cir. 1969). You may, of course, file a new FOIA request with ETA once the documents you seek have been created.

Under FOIA, a party may seek expedited processing and release of requested records, rather than awaiting processing under the standard "first-in, first-out" procedure. The Act requires agencies to promulgate regulations under which they will consider expedited processing of requests for records in cases in which the person requesting the records demonstrates a "compelling need" and "in other cases determined by the agency." 5 U.S.C. § 552(a)(6)(E).

1

You base your appeal on the ground of compelling need. The term "compelling need" is defined as (1) involving "an imminent threat to the life or physical safety of an individual," or (2) in the case of a request made by "a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E). In this case, you do not contend that a denial to expedite your appeal "could reasonably be expected to pose an imminent threat to the life or physical safety of an individual." Rather, you base your request on the second ground, *i.e.*, that the organizations you represent are primarily engaged in disseminating information and that there is an urgency to inform the public about the Department of Labor's (DOL) activities under the H-2A temporary agricultural worker program.

Under DOL regulations at 29 CFR § 70.25(d)(3), a requester seeking expedited processing must "establish a particular urgency to inform the public about the government activity involved in the request, beyond the public's right to know about government activity generally." Although FOIA does not define "urgency," the United States Court of Appeals for the District of Columbia has stated that the relevant legislative history provides the following guidance in interpreting the term: "The standard of 'urgency to inform' requires that the information requested should pertain to a matter of a current exigency to the American public and that a reasonable person might conclude that the consequences of delaying a response to a FOIA request would compromise a significant recognized interest. The public's right to know, although a significant and important value, would not by itself be sufficient to satisfy this standard." *Al-Fayed v. Central Intelligence Agency*, 254 F.3d 300, 310 (D.C. Cir. 2001). In determining whether requesters have demonstrated "urgency to inform" and hence "compelling need," the D.C. Circuit held, courts must consider three factors: (1) whether the request concerns a matter of current exigency to the American public; (2) whether the consequences of delaying a response would compromise a significant recognized interest; and (3) whether the request concerns federal government activity. *Id.*; *see also Electronic Privacy Information Center v. Department of Defense*, 355 F. Supp.2d 98, 100 (D.D.C. 2004). The D.C. Circuit further noted that the legislative history provides that the "specified categories for compelling need are intended to be narrowly applied." *Al-Fayed*, 254 F.3d 310.

We have determined that you have failed to establish an "urgency to inform the public concerning actual or alleged Federal Government activity" in this case. In support of this proposition, you contend that there is a need to "allow the public to understand the DOL's activities in implementing the [H-2A] program and engage in discussions about whether and how the program should be changed." You also argue that "reviewing specific information and understanding how a program actually works on the ground can be very important to engaging in discussions about the program." You further argue that "because of the very short turn around times for the processing of H-2A applications and the associated recruitment of local workers, immediate disclosure is crucial for the timely dissemination of information about job opportunities to eligible US workers."

The question of whether a matter is "of current exigency to the American public" is a question of fact to be decided on a case by case basis. In one case, it was held that, where delay of expedition of a FOIA request could result in health risks to young adults, exigency to the public

2

had been established. *See Bloomberg, L.P. v. Food and Drug Administration*, 500 F. Supp.2d 371 (S.D.N.Y. 2007). In another case, urgency was established based upon expiration of specific provisions of the Voting Rights Act. *Leadership Conference on Civil Rights v. Gonzales*, 404 F. Supp 2d 246, 260 (D.D.C. 2005). No such unique time-sensitive circumstances exist in this case.

You make several arguments in your appeal that the material is necessary to increase public understanding of the H-2A program. While this argument addresses the importance of the material you seek, it does not establish urgency in the immediate disclosure of the material. You do address time issues generally, stating that "because of the very short turn around times for the processing of H-2A applications and the associated recruitment of local workers, immediate disclosure is crucial for the timely dissemination of information about job opportunities to eligible US workers." However, you have not demonstrated that the time sensitivity in this case is greater at this time than it would be at any other time in the administration of the program. As ETA stated in its response, the general time sensitivity that you have noted is addressed in ETA's statutes and regulations that administer the program, and you have not demonstrated that any current unique time-sensitive circumstances exist in this case analogous to those in the cases discussed above. Furthermore, you have not addressed urgency specific to the exact information you seek -- H-2A application information in the three named states – beyond your arguments regarding general interest in H-2A programs. Even if there is a general interest in labor certification issues, you have not demonstrated an urgency in a request for documents for these particular states. Therefore, even under the case law developed pursuant to the regulations of agencies other than DOL, your argument does not establish an urgency standard.

Under the applicable statute and regulations, in order to qualify for expedited processing, you must establish that you are primarily engaged in disseminating information and that an urgency to inform the public exists. We conclude that you have also failed to establish that your organizations are primarily engaged in information dissemination. You assert that you meet this standard, because FJ engages in information dissemination in many of its activities. ETA found it its decision that, based upon the mission statement on FJ's website, information dissemination was not FJ's main activity. FJ's website lists the following activities in support of its mission: engaging in litigation, administrative and legislative advocacy, training and technical assistance, coalition-building, public education and support for union organizing. On appeal, you do not dispute ETA's characterization of FJ's website, but you argue that you have met the statutory standard, because information dissemination plays a large role in the many activities in which you engage.

We conclude that you have not established that you are primarily engaged in information dissemination as required by the statute. In *American Civil Liberties Union of Northern California v. Department of Justice*, Not Reported in F.Supp 2d, 2005 WL 588354, the requester was described as a "non-profit, non-partisan membership organization [that] publishes newsletters, provides news briefings, publishes and also disseminates right-to-know documents, and other materials that are distributed to the public," and also "disseminates information through its website and its monthly newsletter." *American Civil Liberties Union*, 2005 WL

3

588354 at 2. The court in the case agreed with the government agency that "while dissemination of information may be *a* main activity of ACLU-NC, there is no showing that it is *the* main activity." *Id.* at 13 (emphasis in original). The court also rejected ACLU-NC's argument that "primary" could refer to more than one activity and that two or more activities could be "primary." The characteristics and objectives of the organizations that you represent are analogous to those of the ACLU-NC, where the court concluded that ACLU-NC did not establish that it was "an organization primarily engaged in disseminating information to the public." Consequently, we have determined that simply asserting that information dissemination plays a "large role" in multiple activities is insufficient to meet the standard, and that you are not an organization primarily engaged in disseminating information to the public.

Congress has also allowed agencies to determine if other types of cases warrant expedited treatment. The DOL regulations at 29 C.F.R. § 70.25 (d) provide for expedited processing in cases that involve the loss of substantial due process and in matters of widespread and exceptional media interest in which there exists possible questions about the government's integrity which affect public confidence. 29 C.F.R. § 70.25(d) (iii) and (iv). You do not contend here that these circumstances exist. Therefore, we will not address these issues.

This appeal decision constitutes final agency action for purposes of judicial review. The Freedom of Information Act provides for judicial review of administrative decisions denying a request in whole or in part. 5 U.S.C. § 552(a)(4)(B). You have the option of seeking judicial review of this determination by filing suit against the Department of Labor. A complainant may bring suit in the district court of the United States in the jurisdiction in which the complainant resides or has his or her principal place of business, or in which the agency records are maintained, or in the District of Columbia.

Sincerely,

William W. Thompson, II
Associate Solicitor for Management
    and Administrative Legal Services

4

# EXHIBIT X

U.S. Department of Labor

Employment and Training Administration
200 Constitution Avenue, N.W.
Washington, D.C. 20210





Ms. Virginia Ruiz
Farmworker Justice
1126 16th Street, N.W.
Suite 270
Washington, D.C. 20036

Mr. Erik Nicholson
United Farm Workers
P.O. Box 8337
Tacoma, Washington 98418

Dear Ms. Ruiz and Mr. Nicholson:

Your October 23, 2007 Freedom of Information Act (FOIA) requests to Mr. Eugene Caso in the Employment and Training Administration's (ETA) Atlanta National Processing Center (NPC) and Ms. Charlene Giles, Director of the Chicago NPC, were referred to this office for response. You requested copies of any and all applications/petitions filed with the Atlanta and Chicago NPCs seeking a temporary foreign labor certification related to H-2A workers in the states of Florida, Louisiana, Virginia, and Hawaii currently in effect or that would commence at any time between October 23, 2007 and April 30, 2008. You also requested that the Department of Labor (DOL) process your FOIA requests on an expedited basis and waive any fees associated with replying to your requests.

Unfortunately, I cannot approve your request for a fee waiver as it does not sufficiently meet the criteria for a waiver. (I do not contest that disclosure of the information is not primarily in the commercial interest of United Farm Workers ("UFW") or Farmworker Justice (FJ), which is one of the two main fee waiver requirements under the statute.) You request that fees be waived pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) which states, in part, that documents shall be furnished without any charge or at a charge reduced below normal fee rates if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government.

In this case, the reasons you offer for your request for a fee waiver do not support a finding that that the "disclosure of the requested information will contribute to 'public understanding,'" as required by 29 C.F.R. § 70.41(a)(2)(ii). Additionally, you have not demonstrated that the public's understanding of DOL's administration of the H-2A program will be "significantly enhanced" by the disclosure of the information you request, as required by 29 C.F.R. § 70.41(a)(2)(iv).

2

Pursuant to 29 C.F.R. § 70.41(a)(2)(ii), "[t]he disclosable portions of the requested records must be meaningfully informative about the government operations or activities in order to be 'likely to contribute' to an increased public understanding of those operations or activities." The language of 29 C.F.R. § 70.41(a)(2)(ii) specifically instructs that "disclosure of information that already is in the public domain, in either a duplicative or a substantially identical form, would not be as likely to contribute to such understanding where nothing new would be added to the public's understanding."

You request any and all H-2A applications/petitions and related documents filed with the OFLC seeking a temporary foreign labor certification for H-2A workers in Florida, Louisiana, Virginia, and Hawaii currently in effect or that would commence at any time between October 23, 2007 and April 30, 2008. In accordance with 20 C.F.R. § 655.101(a)(1), any employer who seeks temporary alien agricultural worker certification for temporary foreign workers (H-2A workers) must file an application with the OFLC Administrator. This regulation also provides that, at the same time, the employer must file a duplicate application with the local office or State Workforce Agency (SWA) serving the area of intended employment. Pursuant to 20 C.F.R. § 655.101(c)(4), the local office or SWA will use the job offer portion of the application to prepare a local job order to recruit U.S. workers in the area of intended employment. Once the application has been accepted by the OFLC, the employer and the SWA are notified. The SWA is instructed to put the job order into intra-state and/or inter-state circulation depending on circumstances. The employer may also be instructed to engage in positive recruitment efforts. 20 C.F.R. § 655.105(a). Thus, the H-2A application process results in information about job opportunities from the H-2A application being distributed through the SWAs job order system, and in some cases also involves other recruitment efforts by the employer. Because the information provided on the applications submitted to DOL is already required by these regulations to be disseminated to the affected public as just discussed, further disclosure of these records by DOL to you in response to your FOIA request will not significantly contribute to the public's understanding. Accordingly, I have determined that disclosure of this information to you under FOIA does not satisfy the second factor of the fee waiver test, i.e., it is not meaningfully informative about government operations or activities such that it is likely to contribute to an increased understanding of those operations or activities.

Pursuant to 29 C.F.R. § 70.41(a)(2)(iv), to qualify for fee waiver, the disclosure must "contribute 'significantly' to public understanding of government operations or activities." While the acceptance and denial letters from DOL to each employer are not automatically disseminated to the public (but routinely disclosed in response to FOIA requests), information on which applications are accepted, rejected, certified or denied is publicly available through annual reporting by ETA. This report is available at www.flcdatacenter.com/CaseData.aspx.

3

The report, which is a downloadable database file contains, in addition to case status, the name and address of the employer, the number of workers requested and certified, the basic number of hours to be worked and the rate of pay.[1] Moreover, this report covers the entire country so it provides a much more useful tool for any analysis of how the program operates. For these reasons, I have determined that disclosure to you under FOIA of the limited portion of the information requested that is not already publicly disclosed – namely the actual acceptance and denial letters – would not enhance the public's understanding of the subject in question to a significant extent, as required by 29 C.F.R. § 70.41(a)(2)(iv). Accordingly, I have determined that the remaining information in the letters, that is not automatically publicly available, does not satisfy the fourth factor of the fee waiver test.

Finally, I note that the processes and procedures for processing H-2A applications, including review by the NPCs, are designed to ensure that H-2A applications are consistent with the law and applicable regulations and to ensure that workers are protected.

DOL's regulations state that charges will be assessed for the production of records for other, non-commercial requesters for search and reproduction costs. 29 CFR § 70.40(c)(4). There is no charge for the reproduction of the first 100 pages of material, and a fee of 15 cents per page thereafter. There is no charge for the first two hours of search time. There is a subsequent charge of $5.00 per quarter hour for clerical search time and $10.00 per quarter hour for professional or supervisory search time. Therefore, the amount due has been calculated as follows:

1. There is a charge of $583.50 for the reproduction of 3,890 pages of material.

2. There is a charge of $140.00 for 7 hours of clerical search time.

The total amount owed would be $723.50.

Before we take any further action on your request, pursuant to DOL's FOIA regulations at 29 CFR § 70.42(c), we are asking that you **provide an assurance that you will pay** before we proceed to process your request. Alternatively, you may wish to narrow your request in some way that would result in the reduction of this fee. Please contact Marlene Crumpler, OFLC National FOIA Coordinator, at the address below with your decision:

---

[1] The most current data available includes Fiscal Year 2006 and the OFLC anticipates the data for Fiscal Year 2007 will be available in February.

4

United States Department of Labor
Employment and Training Administration
Office of Foreign Labor Certification
200 Constitution Avenue, NW
Room C-4312
Washington, D.C. 20210

Sincerely,

William L. Carlson, Ph.D.
Administrator
Office of Foreign Labor Certification

# EXHIBIT Y

**U.S. Department of Labor**     Office of the Solicitor
                                Washington, D.C. 20210

FEB 29 2008

Virginia Ruiz
Farmworker Justice
1126 16th Street, NW
Suite 270
Washington, DC 20036

Erik Nicholson
United Farm Workers
P.O. Box 8337
Tacoma, WA 98418

Dear Ms. Ruiz and Mr. Nicholson:

Please find enclosed the documents responsive to your October 23, 2007 requests made
under the Freedom of Information Act ("FOIA"). You requested any and all H-2A
applications/petitions and related documents filed with the Office of Foreign Labor
Certification ("OFLC") seeking a temporary foreign labor certification for H-2A
workers in Florida, Louisiana, Virginia, and Hawaii submitted between October 23,
2007 and April 30, 2008.[1]

In OFLC's response to your October 23, 2007 request for a fee waiver, DOL estimated
the charges associated with your request for documents related to H-2A workers in
Florida, Louisiana, and Virginia to be $723.50. This estimate was based on the belief
that the request for documents pertaining to Florida, Louisiana, and Virginia might be
narrowed pursuant to a conversation Virginia Ruiz had with an employee of the
Employment and Training Administration's National Processing Center in Atlanta. The
enclosed documents, however, consist of all documents responsive to the original
October 23, 2007 FOIA request regarding Florida, Louisiana, and Virginia. Therefore,
the amount due for the production of all of the documents for those states has increased.

The new amount due has been calculated[2] as follows:

---

[1] When responding to a request for future records, the U.S. Department of Labor will
ordinarily include only those records existing as of the date the component begins its
search for the records. 29 C.F.R. § 70.21(d). Accordingly, only those records existing
as of the date OFLC began its search are enclosed.

[2] Pursuant to 29 CFR § 70.40(c)(4), there is no charge for the reproduction of the first
100 pages of material, and a fee of 15 cents per page thereafter. There is no charge for
the first two hours of search time. There is a subsequent charge of $5.00 per quarter
hour for clerical search time and $10.00 per quarter hour for professional or supervisory

1. There is a charge of $1,229.55 for the reproduction of 8,297 pages of material. (There is no charge for the reproduction of the first 100 pages of material.)

2. There is a charge of $10.00 for 2 1/4 hours of professional search time. (There is no charge for the first 2 hours of search time.)

The revised total amount owed is $1,239.55 for the enclosed documents on Florida, Louisiana, and Virginia. Pursuant to a court order, you have deposited $723.50 to the registry of the U.S. District Court for the District of Columbia for the documents in these states. The $723.50 represents the amount owed for a portion of the requested documents based on a narrowed request, as discussed above. The remaining amount owed for the production of all responsive documents in these states is $516.05. As Heidi Morrison, from my office, discussed with your counsel, Michael Kirkpatrick, this amount will be owed should the U.S. District Court determine that the fee waiver denial be upheld.

Sincerely,

Joseph J. Plick
Counsel
Division of Management and
  Administrative Legal Services

search time.

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

UNITED FARM WORKERS

    and

FARMWORKER JUSTICE

         Plaintiffs,

    v.

UNITED STATES DEPARTMENT
OF LABOR,

       Defendant.
_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.: 1:07-cv-02241 (HHK)

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to LCvR 56.1 and 7(h), Defendant, the United States Department of Labor

("DOL"), respectfully submits this statement of material facts as to which there is no genuine

issue in support of its Motion for Summary Judgment.

**First Request**

1.      On January 24, 2007, Erik Nicholson, of United Farm Workers of America, AFL-

CIO, sent a request for documents pursuant to the Freedom of Information Act ("FOIA"), 5

U.S.C. § 552 et seq., to Charlene Giles, of the Department of Labor's ("DOL") Chicago National

Processing Center, Employment and Training Administration ("ETA").  Mr. Nicholson requested

"[a]ny and all H-2A applications/petitions filed with [the Office of Foreign Labor Certification

("OFLC")] seeking a temporary foreign labor certification for H-2A workers in California

submitted on or after November 1, 2006.  For each such application, please provide all

Applications and Exhibits, Clearance Orders, and decisions by DOL on those applications, including, but not limited to acceptances of applications, labor certifications, or denials thereof." Exhibit ("Ex.") A (Letter to Ms. Giles from Mr. Nicholson dated January 24, 2007).

2. Mr. Nicholson requested "that any costs or fees associated with replying to this request be waived." Id. In support of his request for a fee waiver, Mr. Nicholson indicated in his January 24, 2007 letter that United Farm Workers ("UFW"):

> is a non-profit organization that serves migrant farmworkers and other low income persons. The information requested concerns operations and activities of the government and its disclosure is likely to contribute significantly to the public understanding of those operations or activities.

Id.

3. In a letter dated June 11, 2007, William L. Carlson, Administrator of OFLC, informed Mr. Nicholson that the documents requested were enclosed and no information was being withheld. Ex. B (Letter to Mr. Nicholson from Mr. Carlson dated June 11, 2007). However, Mr. Carlson stated that OFLC was "unable to approve [UFW's] request for a fee waiver because it does not meet the criteria at 29 C.F.R. 70.41 [sic] with regard to contributing significantly to public understanding of the operations or activities of the government." Id. OFLC calculated the amount due for production of the documents enclosed to be $115.00. Id.

4. In a letter dated September 7, 2007, UFW appealed OFLC's denial of a fee waiver. Ex. C (Letter to the Solicitor of Labor from Mr. Nicholson dated September 7, 2007). In his letter, Mr. Nicholson stated that UFW was entitled to a fee waiver because it had met all of the requirements for such a waiver as outlined in DOL's regulations at 20 C.F.R. § 70.41(a)(2)(i)-(iv). Id. Specifically, Mr. Nicholson stated that UFW "is a non-profit organization

2

that serves migrant farmworkers and other low-income individuals, and has no commercial

interest in the documents being requested." Id. Mr. Nicholson also stated that:

> The regulations, guidelines and memoranda issued by the Department of
> Labor are, by themselves, not sufficient to learn how the government
> implements the legislative authority and standards. It is necessary to review
> the employers' H-2A applications and the DOL's responses to determine
> how the program is operating. This FOIA request therefore involves
> information that 'concern[s] identifiable operations or activities of the
> federal government.' [sic] and is 'meaningfully informative about
> government operations or activities,' thereby meeting the criteria in the first
> two parts of the DOL regulation.

Id.

5.      Additionally, Mr. Nicholson stated that "[d]isclosure of the requested information

will 'contribute to the understanding of a reasonably broad audience of persons interested in' the

H-2A guestworker program and will enhance '[t]he public's understanding of' the H-2A

program, as required by the final two parts of the DOL regulation." Id. Mr. Nicholson noted

several ways that UFW plans to disseminate information about H-2A job announcements to its

members and other farm workers. Id. Specifically, Mr. Nicholson stated that UFW "plans to

disseminate its summaries and analysis of the requested information to inform its supporters,

collaborating farmworker organizations and the public about the operation of the H-2A

program." Id.

6.      In a letter dated January 31, 2008, signed by William W. Thompson, II, Associate

Solicitor for Management and Administrative Legal Services, DOL determined on appeal that

UFW did not establish that its request qualified for a fee waiver. Ex. D (Letter to Mr. Nicholson

from Mr. Thompson dated January 31, 2008). Specifically, Mr. Thompson quoted the language

of 29 C.F.R. § 70.41(a)(2)(i)-(iv) and stated that:

3

> In sum, we have determined that disclosure to you of the requested
> information does not satisfy the second and fourth factors of the fee waiver
> test, *i.e.*, it is not *meaningfully informative* about government operations or
> activities such that it is likely to contribute to an increased understanding of
> those operations or activities, and will not *significantly* enhance public
> understanding.  Therefore, your request for the H-2A application
> information does not qualify under the narrow fee waiver standard as set
> forth in the FOIA.

Id.  (emphasis added).

7.    Specifically, pursuant to 29 C.F.R. § 70.41(a)(2)(ii), Mr. Thompson determined

that further disclosure by the agency would not significantly contribute to the public's

understanding because the information provided on the applications submitted to DOL is already

required by regulation to be disseminated.  Id.  Mr. Thompson also "determined that disclosure to

you under FOIA of the limited portion of the information requested that is not already publicly

disclosed – namely the actual acceptance and denial letters – would not enhance the public's

understanding of the subject in question to a significant extent, as required by 29 C.F.R. §

70.41(a)(2)(iv)."  Id.

**Second Request**

8.    On January 24, 2007, Mr. Nicholson sent a request for documents pursuant to

FOIA to Gene Caso, of the Atlanta National Processing Center, ETA, DOL.  Ex. E (Letter to Mr.

Caso from Mr. Nicholson dated January 24, 2007).  Mr. Nicholson requested any and all H-2A

applications/petitions and related documents filed with OFLC seeking a temporary foreign labor

certification for H-2A workers in Florida and Georgia submitted on or after November 1, 2006.

Id.  Mr. Nicholson requested "that any costs or fees associated with replying to this request be

waived."  Id.

9.    In support of a waiver of fees for the request, Mr. Nicholson stated that UFW:

> is a non-profit organization that serves migrant farmworkers and other low
> income persons.  The information requested concerns operations and
> activities of the government and its disclosure is likely to contribute
> significantly to the public understanding of those operations or activities.

Id.

10.    In a letter dated May 19, 2007,[1] Mr. Carlson informed Mr. Nicholson that the

documents requested were enclosed.  But Mr. Carlson stated that OFLC was "unable to approve

[UFW's] request for a fee waiver because it does not meet the criteria at 29 C.F.R. 70.41 [sic]

with regard to contributing significantly to public understanding of the operations or activities of

the government."  Ex. F (Letter to Mr. Nicholson from Mr. Carlson dated May 19, 2007).  OFLC

calculated the amount due for the items produced to be $65.25.  Id.

11.    In a letter dated October 12, 2007, UFW appealed DOL's denial of a fee waiver in

connection with UFW's January 24, 2007 FOIA request.  Ex. G (Letter to the Solicitor of Labor

from Mr. Nicholson dated October 12, 2007).  Initially, in his letter, Mr. Nicholson questioned

the allotment of 8.5 hours of search time for the production of a CD Rom containing 1 Excel

spreadsheet with the names and addresses of 172 employers.  Id.  Mr. Nicholson also stated that

UFW was entitled to a fee waiver because it had met all of the requirements for such a waiver as

outlined in DOL's regulations at 20 C.F.R. § 70.41(a)(2)(i)-(iv).  Id.  In support of his appeal of

the denial of his request for a fee waiver, Mr. Nicholson reiterated the reasons he provided in his

appeal letter dated September 7, 2007 regarding the denial of a fee waiver on H-2A documents

related to California (Ex. C).  Id.

---

[1] The letter was dated May 19, 2007, but was sent on July 16, 2007.  Am. Compl. ¶ 14.

12.    In a letter dated January 31, 2008, signed by Mr. Thompson, DOL affirmed, on appeal, OFLC's assessment of 8.5 hours of search time.  Ex. H (Letter to Mr. Nicholson from Mr. Thompson dated January 31, 2008).  DOL also determined that UFW did not establish that its request qualified for a fee waiver.  Id.  In doing so, Mr. Thompson reiterated the reasons provided in his January 31, 2008 response to Mr. Nicholson's request for a fee waiver on H-2A documents related to California (Ex. D).  Id.

**Third Request**

13.    On June 20, 2007, Anna Reynoso, of UFW, sent a request for documents pursuant to FOIA to Ms. Giles, of the Chicago National Processing Center, ETA, DOL.  Ms. Reynoso requested any and all H-2A applications/petitions and related documents filed with OFLC seeking a temporary foreign labor certification for H-2A workers in Arizona submitted between June 20, 2007 and December 31, 2007.  Ex. I (Letter to Ms. Giles from Ms. Reynoso dated June 20, 2007, requesting documents related to Arizona H-2A applications).  Ms. Reynoso requested "that any costs or fees associated with replying to this request be waived."  Id.

14.    In support of UFW's request for a fee waiver, Ms. Reynoso indicated in her June 20, 2007 letter that "UFW is a non-profit organization that serves migrant farmworkers and other low income persons."  Id.  Ms. Reynoso stated that "[t]he information requested concerns DOL's administration of the H-2A guestworker program and its disclosure will contribute significantly to the public understanding of those operations and activities."  Id.   Additionally, Ms. Reynoso stated that the information "will be used to determine whether the certifications that have been granted contain terms consistent with the local prevailing practices and the mandates of the H-2A program."  Id.  Ms. Reynoso explained that UFW:

6

> provide[s] information to our members, other organizations who work with
> farm workers, and the public about job openings for farm workers, terms of
> employment offered by H-2A program employers, and other labor issues.
> Among other means of communicating with the public, we broadcast
> information relating to job openings for farm workers and other labor issues
> on radio stations that we own and operate.  We also make available job
> announcements at our many local offices.

Id.

15.     In a letter dated January 31, 2008, Mr. Carlson informed Ms. Reynoso that OFLC

was unable to approve UFW's request for a fee waiver because it did establish that its request

satisfied the criteria set forth in 29 C.F.R. § 70.41.  Ex. J (Letter to Ms. Reynoso from Mr.

Carlson dated January 31).  Specifically, Mr. Carlson stated under 29 C.F.R. § 70.41(a)(2)(ii),

"[t]he disclosable portions of the requested records must be meaningfully informative about the

government operations or activities in order to be 'likely to contribute' to an increased public

understanding of those operations or activities."  Id.  Mr. Carlson reasoned that "[b]ecause the

information provided on the applications submitted to DOL is already required by these

regulations to be disseminated to the affected public as just described, further disclosure of these

records to you in response to your FOIA request will not significantly contribute to the public's

understanding."  Id.

16.     Additionally, Mr. Carlson "determined that disclosure to you under FOIA of the

limited portion of the information requested that is not already publicly disclosed – namely the

actual acceptance and denial letters – would not enhance the public's understanding of the

subject in question to a significant extent, as required by 29 C.F.R. § 70.41(a)(2)(iv)."  Id.  OFLC

calculated the amount due for the items produced to be $310.00 and requested that UFW provide

one-half of the estimated amount before OFLC proceeded to process its request.  Id.

**Fourth Request**

17.     On June 20, 2007, Ms. Reynoso sent a request for documents pursuant to FOIA to Ms. Giles.  Ms. Reynoso requested any and all H-2A applications/petitions and related documents filed with OFLC seeking a temporary foreign labor certification for H-2A workers in Hawaii submitted between June 20, 2007 and December 31, 2007.  Ex. K (Letter to Ms. Giles from Ms. Reynoso dated June 20, 2007).  Ms. Reynoso requested "that any costs or fees associated with replying to this request be waived."  Id.  In support of her request for a waiver of fees, Ms. Reynoso reiterated the reasons provided in her June 20, 2007 letter to Ms. Giles for a fee waiver on H-2A documents related to Arizona (Ex. I).  Id.

18.     In a letter dated January 31, 2008, Mr. Carlson informed Ms. Reynoso that OFLC was unable to approve UFW's request for a fee waiver the request failed to meet the requirements set forth in 29 C.F.R. § 70.41.  Ex. L (Letter to Ms. Reynoso from Mr. Carlson dated January 31, 2008).  In doing so, Mr. Carlson reiterated the reasons provided in his January 31, 2008 response to Ms. Reynoso's request for documents related to Arizona (Ex. J).  Id.  OFLC calculated the amount due for the items produced to be $310.00[2] and requested that UFW provide an assurance that it would pay this fee prior to processing its request.  Id.

---

[2] DOL sent a copy of Ex. L by facsimile to Ms. Reynoso on January 31, 2008 and sent the original to her by U.S. mail on February 4, 2008.  Ex. L contained an incorrect assessment of fees on page three.  On February 5, 2008, OFLC sent by facsimile a corrected version of page three. Ex. M (Revised page three of letter to Ms. Reynoso from Mr. Carlson dated January 31, 2008, responding to her request for documents related to Hawaii H-2A applications).  The revised page three calculated the amount due to be $122.50 and asked that UFW provide an assurance that it would pay this amount before OFLC proceeded to process its request.  Id.

**Fifth Request**

19.     On June 20, 2007, Ms. Reynoso sent a request for documents pursuant to FOIA to Mr. Caso, of the Atlanta National Processing Center, ETA, DOL.  Ex. N (Letter to Mr. Caso from Ms. Reynoso dated June 20, 2007).  Ms. Reynoso requested any and all H-2A applications/petitions and related documents filed with OFLC seeking a temporary foreign labor certification for H-2A workers in Kentucky submitted between June 20, 2007 and December 31, 2007.  Id.  Ms. Reynoso requested "that any costs or fees associated with replying to this request be waived."  Id.  In support of her request for a waiver of fees, Ms. Reynoso reiterated the reasons provided in her June 20, 2007 letters to Ms. Giles for a fee waiver on H-2A documents related to Arizona and Hawaii (Exs. I, K).  Id.

20.     In a letter dated December 6, 2007, Ms. Reynoso appealed the charges DOL assessed for the production of records related to the FOIA request dated June 19, 2007.  Ex. O (Letter to Solicitor of Labor from Ms. Reynoso dated December 6, 2007).  Ms. Reynoso noted in her letter that although she requested a waiver of fees, she had received a telephone call from Mark Grobman, an OFLC employee, on October 25, 2007 in which Mr. Grobman informed her that OFLC had denied UFW's request for a fee waiver.  Id.  Ms. Reynoso contended that UFW was entitled to a fee waiver because it had met all of the requirements for such a waiver as outlined in DOL's regulations at 20 C.F.R. § 70.41(a)(2)(i)-(iv).  Id.  In support of her request for a waiver of fees, Ms. Reynoso reiterated the reasons set forth in Mr. Nicholson's September 7, 2007 and October 12, 2007 appeal letters for fee waivers on H-2A documents related to California, Florida, and Georgia (Exs. C, G).  Id.

21.    In a letter dated December 11, 2007, Mr. Carlson informed Ms. Reynoso that OFLC was unable to approve UFW's request for a fee waiver because its request failed to meet the requirements of 29 C.F.R. § 70.41.  Ex. P (Letter to Ms. Reynoso from Mr. Carlson dated May 19, 2007).  In denying UFW's request for a fee waiver, Mr. Carlson indicated that it did not appear from UFW's "request that the general public would benefit from the information."  Id.  Specifically, because UFW indicated that the information was being used to inform U.S workers and their advocates about the existence of pending labor certifications, Mr. Carlson found that it was unlikely to benefit the general public.  Id.

22.    Furthermore, Mr. Carlson indicated that it was "not certain that the information requested would significantly increase the public's understanding of government operations or activities since [UFW's] purpose is 'advocacy' as opposed to providing information to the public."  Id.  OFLC calculated the amount due for the items to be produced to be $57.00 and requested that UFW provide assurance that it would pay this fee prior to the processing of the documents.  Id.

23.    In a letter dated December 22, 2007, Ms. Reynoso again appealed the denial of a fee waiver.  Ms. Reynoso stated:

> [t]o the extent DOL's December 11, 2007 letter requires that we file another appeal to preserve our right to challenge the denial of a fee waiver, we hereby appeal the denial of a fee waiver for the reasons set forth in our letter of December 6, 2007, a copy of which is enclosed for your convenience and incorporated by reference.

Ex. Q (Letter to the Solicitor of Labor from Ms. Reynoso dated December 22, 2007).

24.    In a letter dated January 31, 2008, signed by Mr. Thompson, DOL determined that UFW did not qualify for a fee waiver.  Ex. R (Letter to Ms. Reynoso from Mr. Thompson dated

10

January 31, 2008).  In doing so, Mr. Thompson reiterated the reasons provided in his January 31, 2008 responses to Mr. Nicholson's request for a fee waiver on H-2A documents related to California, Florida, and Georgia (Exs. D, H).  Id.

**Sixth and Seventh Requests**

25.    On October 23, 2007, Virginia Ruiz, of Farmworker Justice ("FJ"), and Mr. Nicholson sent two requests for any and all H-2A applications/petitions and related documents filed with OFLC seeking a temporary foreign labor certification for H-2A workers in Florida, Louisiana, Virginia, and Hawaii submitted between October 23, 2007 and April 30, 2008.  Ex. S (Letter to Mr. Caso from Ms. Ruiz and Mr. Nicholson dated October 23, 2007, requesting documents related to H-2A applications in Florida, Louisiana, Virginia); Ex. T (Letter to Ms. Giles from Ms. Ruiz and Mr. Nicholson dated October 23, 2007, requesting documents related to Hawaii H-2A applications).  Ms. Ruiz and Mr. Nicholson also requested expedited processing and a fee waiver.  Id.

26.    In support of their requests for expedited processing and a fee waiver, Ms. Ruiz and Mr. Nicholson indicated in their letters that both UFW and FJ are primarily engaged in disseminating information and that "[t]here is an urgent need to inform farmworkers and the public about DOL's activities under the H-2A guestworker program" and "[g]iven the quick timeframes involved in processing H-2A applications and the recruitment of eligible US workers, a rapid response to this request is extremely important."  Id.

27.    Ms. Ruiz and Mr. Nicholson also stated that:

> Information concerning DOL's administration of the H-2A guestworker program, including decisions about which employers may participate in the federal program and under what terms, is essential to understand how the H-

11

> 2A program operates. Indeed, the requested information is necessary to inform U.S. workers and their advocates of the existence of pending labor certifications, the terms and conditions of those certifications and the potential availability of work for U.S. workers with employers to whom those certifications have been granted.

Id. Ms. Ruiz and Mr. Nicholson added that "the disclosure of the requested records would enhance, to a significant extent, a broad audience of persons' understanding of DOL's activities under the H-2[A] program. Moreover, the release of the requested records would not primarily be in the commercial interest of UFW and FJ, which are primarily concerned with informing the public about the H-2A program." Id.

28. In a letter dated October 30, 2007, Mr. Carlson informed Ms. Ruiz and Mr. Nicholson that he was unable to approve the requests made by UFW and FJ for expedited processing because these requests did not meet the criteria set forth in 29 C.F.R. § 70.25(d). Ex. U (Letter to Ms. Ruiz from Mr. Carlson dated October 30, 2007).

29. In a letter dated November 5, 2007, Ms. Ruiz and Mr. Nicholson appealed the denial of the request for expedited processing. Ex. V (Letter to the Solicitor of Labor, Division of Management and Administrative Legal Services, from Ms. Ruiz and Mr. Nicholson dated November 5, 2007). In doing so, Ms. Ruiz and Mr. Nicholson stated that "FJ speaks to the media, holds conferences, disseminates information through newsletters, briefs, and e-mail lists, writes articles, and testifies before Congress." Id. Ms. Ruiz and Mr. Nicholson also stated that UFW primarily disseminates information "by running a network of radio stations, providing information to the media, testifying before Congress, distributing information to farm workers through its farm worker service organizations, posting information in its local offices, providing information through worker representatives, and maintaining a frequently-visit[ed] website." Id.

30.     Ms. Ruiz and Mr. Nicholson further stated that "reviewing specific information and understanding how a program actually works on the ground can be very important to engaging in discussions about the program, even when the discussions themselves are not limited to the information in those specific records.  Although specific to certain states, the records would help inform FJ and UFW, and through them the public, about how the H-2A program operates overall."  Id.  Finally, Ms. Ruiz and Mr. Nicholson stated that their "request for expedition should not be necessary because both the FOIA and the H-2A program regulations require public disclosure in a timely manner, but DOL's violations of these standards necessitate a request for expediting their unlawfully slow process."  Id.

31.     By letter dated January 31, 2008, signed by Mr. Thompson, DOL denied UFW's and FJ's requests for expedited processing.  Ex. W (Letter to Ms. Ruiz and Mr. Nicholson from Mr. Thompson dated December 10, 2007).  Mr. Thompson noted that "[t]o the extent that this request may constitute a request for documents that are not currently in the possession of ETA, we respond that, under FOIA, requesters may not compel agencies to make automatic releases of records as they are created."  Id.

32.     By letter dated January 31, 2008, Mr. Carlson denied the requests of UFW and FJ for fee waivers.  Ex. X (Letter to Ms. Ruiz and Mr. Nicholson from Mr. Carlson dated January 31, 2008).  In doing so, Mr. Carlson reiterated the reasons provided in his January 31, 2008 responses to UFW's third and four requests for documents related to Arizona and Hawaii (Exs. J, M).  Id.  OFLC calculated the amount due for the items requested to be $723.50 and asked that UFW provide an assurance that it would pay before OFLC proceeded to process its request.  Id.

33.     On February 15, 2008, Plaintiffs filed an Unopposed Motion for Leave to Deposit Funds to the Court's Registry pursuant to Federal Rule of Civil Procedure 67.  [Docket No. 8]. In their motion, Plaintiffs requested leave to deposit $810.65 into the Court's registry as payment for their sixth and seventh requests so that the Court would order DOL to produce these records while the Court considered the parties' arguments on the fee waiver issue.

34.     By Order dated February 22, 2008, the Court granted Plaintiff's motion.

35.     On February 27, 2008, Plaintiffs deposited $810.65 to obtain the documents sought in their October 23, 2007 requests. [Docket No. 10].

36.     By letter dated February 29, 2008, DOL sent Plaintiffs all of the documents it possessed related to H-2A workers in Hawaii, Florida, Louisiana, and Virginia from October 23, 2007.   Ex. Y, Letter to Ms. Ruiz and Mr. Nicholson dated February 29, 2008.[3]

Respectfully submitted,

        /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


        /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

        /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office

[3]This letter informed Plaintiffs that the initial fee assessment for their requests had been based upon a conversation with Ms. Ruiz and an employee of the Employment and Training Administration's National processing Center in Atlanta wherein it had been agreed that the agency would narrow the scope of the documents to be produced.  Ex. Y.  Because all responsive documents were in fact produced, however, the actual cost for the documents is $1,239.55.  Id. at 2.

14

Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT

Agency Counsel

Heidi Morrison
Attorney-Advisor
Division of Management and
Administrative Legal Services
United States Department of
Labor
200 Constitution Avenue, NW
Suite N-2428
Washington, DC 20210

15

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED FARM WORKERS ) | |
| ) | |
| and ) | Civil Action No.: 1:07-cv-02241 (HHK) |
| ) | |
| FARMWORKER JUSTICE ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF LABOR, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**[PROPOSED] ORDER**

This matter having come before the Court on Defendant's Motion for Dismissal and For

Summary Judgment, it is hereby

**ORDERED** that Defendant's Motion is hereby **GRANTED**.  And it is further

**ORDERED** that judgment is entered in Defendant's favor as it regards Plaintiffs'

requests for fee waivers concerning the FOIA requests that were the subject of the Amended

Complaint.  And it is further

**ORDERED** that Plaintiffs' claims regarding their request for expedited processing of

their sixth and seventh requests is dismissed for lack of subject matter jurisdiction.

**SO ORDERED** on this _____ day of _____, 200___.

_____

HENRY H. KENNEDY
UNITED STATES DISTRICT JUDGE