IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED FARM WORKERS ) <br> ) <br> and ) <br> ) <br> FARM WORKER JUSTICE ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT ) <br> OF LABOR, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No.: 1:07-CV-02241 (HHK) |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR DISMISSAL AND SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Defendant, the United States Department of Labor, hereby files its reply brief in further support of its motion for dismissal and summary judgment and its opposition to plaintiffs' motion for summary judgment.

There have been several developments since the filing of defendant's initial motion for dismissal/summary judgment that currently impact the Court's consideration of this matter.

First, plaintiffs have conceded that their request for expedited processing has been rendered moot by defendant's production of the records for which plaintiffs sought expedited processing. Accordingly, this claim can be dismissed.

Second, defendant has now granted plaintiffs the fee waivers they sought as they pertain to all of the Freedom of Information Act ("FOIA") requests at issue in this case. In light of this

action, defendant respectfully submits that the fee waiver issue before this Court is now moot.

Third, defendant has become aware, by virtue of plaintiffs' motion, that in fact there were redactions that had been made to documents that were sent to plaintiffs in response to their sixth request. Counsel for defendant had not been previously made aware of these redactions and has determined that some of the redactions may not be warranted. Therefore, these documents are now being reprocessed to ensure that any inappropriate redactions are removed. Furthermore, in light of defendant's grant of plaintiffs' request for a fee waiver as it concerns all of their requests, defendant is now processing documents responsive to plaintiffs' third, fourth, and fifth requests.[1] Given these facts, there is not currently any actual controversy before the Court and defendant contends that a stay of the remainder of this matter is appropriate at this juncture to permit defendant to provide these documents to plaintiffs so they may determine whether to challenge any of defendant's withholdings.

## **ARGUMENT**

**I.  PLAINTIFFS' CLAIM FOR EXPEDITED PROCESSING SHOULD BE DISMISSED.**

In its motion for dismissal/summary judgment, defendant contended that plaintiffs' claim seeking a declaration that they were entitled to expedited processing of their sixth and seventh requests should be dismissed because those records had been provided to plaintiffs. Defendant's Memorandum of Law in Support of Its Motion for Dismissal and Summary Judgment ("Def.'s

---

[1] The processing of documents in response to plaintiffs' third, fourth, and fifth requests had been held in abeyance pending the resolution of the fee waiver issue.

Mem.") at 25.² Plaintiffs agree that "the issue of whether plaintiffs are entitled to expedited processing is moot." Plaintiffs' Memorandum in Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiffs' Cross-Motion for Summary Judgment ("Pls.' Mem.") at 1 & n.1. Accordingly, this claim should be dismissed. See 5 U.S.C. § 552(a)(6)(E)(iv) ("A district court of the United States shall not have jurisdiction to review an agency denial of expedited processing of a request for records after the agency has provided a complete response to the request.").

## II.   THE FEE WAIVER ISSUE IS NOW MOOT.

On April 25, 2008, defendant granted plaintiffs' request for fee waivers as it concerns all of the FOIA requests at issue in their amended complaint. See Ex. 1, Letter to Ms. Ruiz and Mr. Nicholson dated April 25, 2008. Defendant is now processing the remaining documents to be provided to plaintiffs in response to their third, fourth, and fifth requests.³

Plaintiffs' claim for a fee waiver is now moot and should be dismissed for lack of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). As the Supreme Court has stated, "federal courts are without power to decide questions that cannot effect the rights of litigants in the case before them." DeFunis v. Odegaard, 416 U.S. 312, 316 (1974) (quoting

---

²It appears that records related to Louisiana had not been produced initially because the request had been directed to the wrong office. See Ex. 1, Letter to Ms. Ruiz and Mr. Nicholson dated April 25, 2008. These records are expected to be provided to plaintiffs by May 9, 2008. Id.

³Plaintiffs have already been provided with documents responsive to their first, second, sixth and seventh requests. However, as noted, supra at 2, because there was material that may have been improperly redacted in the documents responsive to the sixth request, this request is being reprocessed. In addition, documents pertaining to Louisiana had not been previously provided because plaintiffs had directed the request to an improper office; however, those documents will be provided to plaintiffs by May 9, 2008. See Ex. 1.

3

North Carolina v. Rice, 404 U.S. 244, 246 (1971)).  This inability of the federal judiciary "'to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'"  Id. (quoting Liner v. Jafco, Inc., 375 U.S. 301, 306 n.3 (1964)); see also Arizonans for Official English v. Arizona, 520 U.S. 43, 64 (1997); City of Houston v. Department of Housing and Urban Development, 24 F.3d 1421, 1426 (D.C. Cir. 1994) ("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies"); Florida Wildlife Federation v. Goldschmidt, 611 F.2d 547, 548 (5th Cir. 1980).

  The District of Columbia Circuit has strictly enforced Article III's requirements.  "Article III, Section 2 of the Constitution permits federal courts to adjudicate only 'actual, ongoing controversies.'  If events outrun the controversy such that the court can grant no meaningful relief, the case should be dismissed as moot."  McBryde v. Committee to Review Circuit Council Conduct & Disability Orders of the Judicial Conference of the United States, 264 F.3d 52, 55 (D.C. Cir. 2001) (citations omitted); see also Fraternal Order of Police v. Rubin, 134 F. Supp.2d 39, 41 (D.D.C. 2001).  Article III limits the federal courts to deciding "questions presented in an adversarial context and in a form historically viewed as capable of resolution through the judicial process."  Flast v. Cohen, 392 U.S. 83, 95 (1968).  A case becomes moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Albritton v. Kantor, 944 F. Supp. 966, 974 (D.D.C. 1996) (quoting County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979)).

  An intervening factual event may render a case moot.  See, e.g., Roswil v. Retail Store Employees Local 322, 518 F.2d 663 (8th Cir. 1975).  Similarly, a case is rendered moot when the

relief sought by the plaintiff has already been provided. See, e.g., Jean v. Dep't of Labor, No. Civ.A. 89-0611, 1990 WL 51563, at *4 (D.D.C. Jan. 9, 1990) (dismissing complaint as moot where "defendants have already afforded [plaintiffs the] relief [they seek]."). Courts in this district have recognized in the context of FOIA actions that compliance by the agency moots the controversy before the Court. See Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987) (holding that although agency's "response may have failed to meet FOIA's mandated standards of promptness . . . ." action was moot because the "agency by now has released all nonexempt materials the [plaintiffs] seek."); Carbe v. Bureau of Alcohol, Tobacco & Firearms, No. Civ.A. 03-1658, 2004 WL 2051359, at *8-9 (D.D.C. Aug. 14, 2004) (holding that FOIA actions against agencies were moot where the agencies had conducted adequate searches and had not located any responsive documents).

      In this case, because the defendant has now granted plaintiffs the fee waivers they sought in this matter, this issue is now moot. Accordingly, the Court should dismiss this claim for lack of an actual controversy. See, e.g., Better Government Ass'n v. Department of State, 780 F.2d 86, 91 (D.C. Cir. 1986) (holding that fee waiver requests were moot because "[e]ven assuming appellants' claims that they were improperly denied fee waivers were well-founded, we cannot order the appellee departments to do something they have already done, *i.e.*, waive the FOIA fees in the instant cases.") (footnote omitted); National Wildlife Federation v. Department of Interior, 616 F. Supp. 889 (D.D.C. 1984) (holding that controversy concerning fee waiver was mooted when agency refunded fee to the FOIA requester); see also Judicial Watch, Inc. v. United States Naval Observatory, 160 F. Supp. 2d 111, 112 (D.D.C. 2001) ("[B]ecause defendant has since provided a complete response to the request for records, this Court no longer has subject matter

5

jurisdiction over the claim that defendant failed to expedite processing of plaintiff's request.").

## III.   A STAY IS APPROPRIATE IN THIS MATTER.

Defendant is now processing plaintiffs' third, fourth, and fifth requests. Ex. 1. In addition, defendant is reprocessing its response to plaintiffs' sixth request in order to ensure that any redactions are proper. In light of these circumstances, defendant submits that a stay of the remainder of this matter is appropriate to permit it to complete the processing of plaintiffs' requests. After plaintiff has been provided with the documents responsive to its requests, plaintiff can decide whether to challenge any withheld information.[4] Accordingly, defendant requests that a stay of this matter be granted so that plaintiffs may be provided with the additional documents responsive to their requests. Thereafter, the parties can notify the Court if further briefing is required to address the withholding of any information.

## CONCLUSION

For the reasons set forth above, defendant respectfully requests that the Court dismiss plaintiffs' claims seeking fee waivers and expedited processing and stay the remainder of this matter pending the release of the documents responsive to plaintiffs' FOIA requests.

---

[4] Defendant expects to redact personal identifiers in the documents, such as the names of domestic and foreign farmworkers, social security numbers, home telephone numbers/addresses, and credit card and bank account information pursuant to Exemption 6 of the FOIA.

Respectfully submitted,

 /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


   /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

   /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139


COUNSEL FOR DEFENDANTS


<u>Agency Counsel</u>

Heidi Morrison
Attorney-Advisor
Division of Management and
Administrative Legal Services
United States Department of Labor
200 Constitution Avenue, NW
Suite N-2428
Washington, DC 20210

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED FARM WORKERS </br></br> and </br></br> FARM WORKER JUSTICE </br></br> Plaintiffs, </br></br> v. </br></br> UNITED STATES DEPARTMENT OF LABOR, </br></br> Defendant. | ) </br> ) </br> ) Civil Action No.: 1:07-CV-02241 (HHK) </br> ) </br> ) </br> ) |

**PROPOSED ORDER**

This matter having come before the Court on Plaintiffs' Cross-Motion for Summary Judgment, Defendant's Opposition to the motion, and Plaintiffs' Reply, if any, it is hereby

**ORDERED** that Plaintiffs' Cross-Motion for Summary Judgment is **DENIED**. And it is further

**ORDERED** that Plaintiffs' claims for expedited processing and for fee waivers as they concern the FOIA requests at issue in this action are hereby **DISMISSED**. And it is further

**ORDERED** that the remainder of this matter is hereby **STAYED** until May 30, 2008 so that defendant can provide documents responsive to plaintiff's third, fourth, fifth, and sixth requests. On or before May 30, 2008 the parties shall file a joint status report notifying the Court if there are any issues that remained to be briefed in this matter.

**SO ORDERED** on this _____ day of _____, 2008.

_____
Henry H. Kennedy
UNITED STATES DISTRICT JUDGE

**U.S. Department of Labor**   Employment and Training Administration
200 Constitution Avenue, N.W.
Washington, D.C. 20210



April 25, 2008

Virginia Ruiz
Farmworker Justice
1126 16th Street, NW
Suite 270
Washington, DC 20036

Erik Nicholson
United Farm Workers
P.O. Box 8337
Tacoma, WA 98418

Dear Ms. Ruiz and Mr. Nicholson:

I have reconsidered your requests for fee waivers associated with the seven Freedom of Information Act (FOIA) requests that are the subject of your complaint filed in *United Farm Workers, et al. v. Department of Labor*, Civil Action No. 07-2241. Based on the administrative record that was before me at the time that I initially reviewed your fee waiver requests, I determined that the reasons you provided did not satisfy the statutory and regulatory requirements for a waiver of fees. I reviewed the arguments you have made in support of your motion for summary judgment in the pending district court litigation. I have considered these additional arguments and evidence and have now determined that you have met the requirements for establishing a waiver of fees under 5 U.S.C. § 552(a)(4)(iii) and 29 C.F.R. § 70.41 in all seven of your fee waiver requests associated with this litigation.

As stated in Joseph Plick's letter dated April 17, 2008 (copy enclosed), OFLC is continuing to reprocess the documents sought in your sixth request for Florida and Virginia H-2A records, which contained improper redactions when initially provided to you. We are also preparing the release of documents from Louisiana, which were not included in the February 29, 2008, production because we did not note that you had directed the FOIA request to the incorrect Employment and Training Administration office. I note that personal identifiers in these documents will be redacted to protect personal privacy interests pursuant to the applicable Freedom of Information Act Exemptions. OFLC intends to produce the documents related to Florida, Louisiana, and Virginia to you by May 9, 2008. Additionally, OFLC is processing the documents sought in your third, fourth, and fifth requests, production of which had been awaiting resolution of the fee issue and expects those documents to be released to you on or before May 23, 2008. Finally, because I am granting your fee waiver



requests in relation to all seven of your FOIA requests, please disregard the requests for fees you received when documents were produced in response to your first and second requests.

Sincerely,

*[signature: William Carlson]*

William L. Carlson, Ph.D.
Administrator
Office of Foreign Labor Certification

Enclosure