UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED FARM WORKERS<br><br>and<br><br>FARMWORKER JUSTICE,<br><br>      Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF LABOR,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 07-2241 (HHK)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' STATUS REPORT**

Plaintiffs submit this status report to inform the Court of developments after the parties filed their cross motions for summary judgment, and the parties' plan for resolving the remaining issue in the case.

1. This action arose from a series of seven requests that plaintiffs United Farm Workers (UFW) and Farmworker Justice (FJ) made to defendant U.S. Department of Labor (DOL) under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.* Each of the seven requests sought documents related to employer applications for certification to hire temporary foreign agricultural workers through the H-2A guestworker program, 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a) & 1188. All seven requests sought a fee waiver under 5 U.S.C. § 552(a)(4), and the sixth and seventh requests also sought expedited processing under 5 U.S.C. § 552(a)(6).

2. Plaintiffs filed their original complaint (Doc. 1) on December 13, 2007. At that time,

 a) DOL had produced documents responsive to the first and second requests but had denied the fee waiver requests and billed UFW for the documents, and

>    UFW's administrative appeal with respect to the fee waiver denials was pending;
>
> b) DOL had not responded to the third and fourth requests;
>
> c) DOL had denied a fee waiver for the fifth request and had produced no responsive documents; and
>
> d) DOL had denied expedited processing of the sixth and seventh requests and plaintiffs' administrative appeal of the denial of expedited processing, but DOL had not responded to the fee waiver request and had not produced any responsive documents.

3. On January 16, 2008, the Court adopted the parties' proposed briefing schedule and ordered DOL to respond to plaintiffs' outstanding FOIA requests and administrative appeals by January 31, 2008. On January 31, 2008, DOL denied the administrative appeals of the fee waiver denials for the first, second, and fifth requests, and responded to the third, fourth, sixth, and seventh requests by denying plaintiffs' fee waiver requests. DOL did not produce any documents responsive to the third, fourth, fifth, sixth, or seventh requests, pending resolution of the fee waiver issue.

4. On February 20, 2008, the Court granted plaintiffs' motion for leave to deposit funds to the Court's registry to secure release of the documents responsive to the sixth and seventh requests pending resolution of the fee waiver issue, and ordered DOL to produce the documents. Doc. 9. On February 29, 2008, DOL produced records responsive to plaintiffs' sixth and seventh requests, but the documents produced in response to the sixth request were incomplete in two respects. First, a significant amount of material had been redacted from the documents responsive to the sixth request, even though DOL never asserted that any of the requested material was exempt from disclosure.

Second, DOL did not produce any documents related to H-2A applications in Louisiana, even though the request called for such materials.

5.  On March 10, 2008, DOL filed its motion for summary judgment, arguing that plaintiffs were not entitled to a fee waiver. Doc. 12. DOL did not attempt to justify its redactions to the materials produced in response to the sixth request or its failure to produce any documents related to H-2A applications in Louisiana. DOL noted that because it had responded to the sixth and seventh requests, plaintiffs' request for expedited processing was moot.

6.  On April 11, 2008, plaintiffs filed their cross motion for summary judgment (Doc. 13) and opposition to DOL's motion (Doc. 14), arguing that DOL violated FOIA by failing to waive fees associated with plaintiffs' seven requests and, with respect to the sixth request, failing to justify its redactions to the documents produced and failing to produce any documents related to Louisiana. Plaintiffs also noted that because DOL had responded to the sixth and seventh requests, the issue of whether plaintiffs were entitled to expedited processing was moot.

7.  On April 17, 2008, DOL sent a letter to plaintiffs regarding its production of documents in response to the sixth request. Ex. I (Plick letter of April 17, 2008). In its letter, DOL explained that it had "determined that some of the information was redacted in error" and apologized "for not referencing or explaining the redactions in [its] initial response." *Id.* DOL also explained that it had failed to produce any documents related to Louisiana, although it had identified "a substantial amount" of responsive documents. DOL again apologized for its "oversights" and pledged to produce the materials "as expeditiously as possible." *Id.*

8.  On April 25, 2008, DOL sent a letter to plaintiffs announcing that it had "reviewed the arguments you have made in support of your motion for summary judgment in the pending district

court litigation" and had "determined that you have met the requirements for establishing a waiver of fees under 5 U.S.C. § 552(a)(4)(A)(iii) and 29 C.F.R. § 70.41 in all seven of your fee waiver requests associated with this litigation." Doc. 15-3 (Carlson letter of April 25, 2008). DOL also noted that it was "continuing to reprocess the documents sought in your sixth request for Florida and Virginia H-2A records, which contained improper redactions when initially provided to you[,]" and that it was "also preparing the release of documents from Louisiana, which were not included in the February 29, 2008, production" of materials responsive to the sixth request. *Id.* DOL stated its intention to produce the documents responsive to the sixth request by May 9, 2008, and the documents responsive to the third, fourth, and fifth requests by May 23, 2008. Finally, DOL informed plaintiffs that they should disregard the requests for fees for documents already produced. *Id.*

9. Also on April 25, 2008, DOL filed a brief attaching its letter of the same date and observing that DOL had granted plaintiffs' request for a fee waiver for all seven requests, was reprocessing its response to the sixth request to cure the deficiencies, and was processing the documents responsive to the third, fourth, and fifth requests. Docs. 15 & 16. DOL requested a stay until all responsive documents had been produced and plaintiffs had determined whether they would challenge any of the redactions that DOL expected to make pursuant to FOIA Exemption 6. On April 30, 2008, plaintiffs filed a reply brief agreeing that the case should be stayed. Doc. 17.

10. On May 9, 2008, DOL produced the materials responsive to the sixth request, correcting the improper redactions and including documents for Louisiana that had been omitted from the earlier response. Ex. II (Carlson letter of May 9, 2008). On May 23, 2008, DOL produced the materials responsive to the third, fourth, and fifth requests. Ex. III (Carlson letter of May 23, 2008). On June

17, 2008, DOL responded to an eighth FOIA request submitted by plaintiffs but not included in this lawsuit, granting a waiver of fees and enclosing the requested documents. Ex. IV (Carlson letter of June 17, 2008).

11. On June 30, 2008, plaintiffs informed DOL that they are satisfied with the materials produced. Thus, the only issue remaining in this case is plaintiffs' claim for costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

12. The parties have agreed to try to settle the attorneys' fees issue. The parties anticipate that, by August 8, 2008, the parties will either report that the issue has been settled and stipulate to dismissal of the action, or file a joint status report identifying the specific items in dispute and proposing a briefing schedule.

Respectfully submitted,

*/s/ Michael T. Kirkpatrick*
Michael T. Kirkpatrick (DC Bar #486293)
Adina H. Rosenbaum (DC Bar #490928)
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street, NW
Washington, DC 20009
(202) 588-1000

Bruce Goldstein (DC Bar #446848)
Virginia Ruiz (DC Bar #483800)
Marni Willenson (Bar # IL0011)
FARMWORKER JUSTICE
1126 16th Street, NW, Suite 270
Washington, DC 20036
(202) 293-5420

Attorneys for Plaintiffs

# EXHIBIT I

**U.S. Department of Labor**   Office of the Solicitor
Washington, DC 20210



April 17, 2008

Virginia Ruiz
Farmworker Justice
1126 16th Street, NW
Suite 270
Washington, DC 20036

Erik Nicholson
United Farm Workers
P.O. Box 8337
Tacoma, WA 98418

Dear Ms. Ruiz and Mr. Nicholson:

On February 29, 2008, I transmitted to you, on behalf of the Employment and Training Administration ("ETA"), documents responsive to your October 23, 2007 request to ETA's Office of Foreign Labor Certification ("OFLC") under the Freedom of Information Act. Your October 23 request, referenced in *United Farm Workers, et al. v. Department of Labor* as the sixth request, sought documents related to H-2A workers in Florida, Louisiana and Virginia. The production I sent to you on February 29 consisted of 8,297 pages. It has been brought to our attention through the brief you filed April 11 in *United Farm Workers, et al. v. Department of Labor* that some of the documents you received had material redacted. When I received the documents from ETA to transmit to you, I was not advised that the documents contained any redactions, which is why our transmittal letter did not refer to redactions or provide a reason as to why the redacted portions of the records are exempt from disclosure. Based on the sample of redacted documents in your filing, we have determined that some of the information was redacted in error. We apologize for not referencing or explaining the redactions in our initial response. We have requested that ETA's OFLC review the documents and provide you with an appropriate disclosure as soon as possible.

We also learned through your brief that the February 29 production of material did not contain any documents related to the H-2A applications that you requested for Louisiana. This is because you directed your request for the Louisiana documents to ETA's National Processing Center ("NPC") in Atlanta and the NPC in Atlanta does not handle H-2A requests for Louisiana. I apologize that we did not realize that you had directed your request to the wrong office. Your request regarding Louisiana has now been forwarded to the NPC in Chicago for immediate processing.

We apologize for these oversights and will produce to you the material discussed above as expeditiously as possible. We understand, however, that a substantial amount of

documents that have been identified related to your request for Louisiana will need to be copied.

Sincerely,

Joseph J. Plick
Counsel
Division of Management and
 Administrative Legal Services

cc: William L. Carlson, Ph.D.

# EXHIBIT II

U.S. Department of Labor        Employment and Training Administration
                                200 Constitution Avenue, NW
                                Washington, D.C. 20210



MAY - 9 2008

Virginia Ruiz
Farmworker Justice
1126 16th Street, N.W.
Suite 270
Washington, D.C. 20036

Erik Nicholson
United Farm Workers
P.O. Box 8337
Tacoma, Washington 98418

Dear Ms. Ruiz and Mr. Nicholson:

In your October 23, 2007, Freedom of Information Act (FOIA) request to the Employment and Training Administration's Office of Foreign Labor Certification (OFLC), you asked for any and all H-2A applications/petitions and related documents filed with OFLC seeking a temporary foreign labor certification for H-2A workers in the states of Florida, Louisiana, and Virginia currently in effect or that would commence at any time between October 23, 2007, and April 30, 2008. On February 29, 2008, you received documents responsive to your request. Unfortunately, some of the documents you received for Florida and Virginia contained material that was improperly redacted, and the response did not contain any documents for Louisiana. This response provides corrected materials for Florida and Virginia and provides information for Louisiana that was not included in the original production of documents.

As I indicated in my letter to you dated April 25, 2008, personal information has been redacted pursuant to Exemption 6 of the FOIA, 5 U.S.C. § 552(b)(6). Exemption 6 permits an agency to withhold personal information the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The redacted information consists of names, addresses, telephone numbers, Social Security Numbers, and other personally identifying information for domestic and foreign workers. In addition, we have redacted any financial information such as bank account numbers, bank routing numbers, and credit card numbers.

Because this FOIA request is already included in your suit against the Department, it is unnecessary to recite here your appeal rights.

We hope that this information is helpful.

Sincerely,

William L. Carlson, Ph.D.
Administrator
Office of Foreign Labor Certification

Enclosures

# EXHIBIT III

@002

U.S. Department of Labor  
Employment and Training Administration  
200 Constitution Avenue, N.W.  
Washington, D.C. 20210

MAY 2 3 2008

Ms. Anna L. Reynoso  
United Farm Workers  
270 Wayne Avenue, Apt. 203  
Oakland, California 94606

Dear Ms. Reynoso:

This is in further response to your June 20, 2007, Freedom of Information Act (FOIA) requests to the Employment and Training Administration's (ETA) Chicago and Atlanta National Processing Centers (NPC). The Chicago and Atlanta NPCs referred these requests to this office for response. In your requests dated June 20, 2007, you sought any and all H-2A applications/petitions and related documents filed with the Office of Foreign Labor Certification (OFLC) seeking a temporary foreign labor certification for H-2A workers in Hawaii, Arizona, and Kentucky that were either currently in effect or would commence at any time from June 20, 2007, through December 31, 2007.

The OFLC has completed a search for the records you requested, and the documents are enclosed. Personal information has been redacted pursuant to Exemption 6 of the FOIA, 5 U.S.C. § 552(b)(6). Exemption 6 permits an agency to withhold personal information the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The redacted information consists of names, addresses, telephone numbers, Social Security numbers, and other personally identifying information for individuals, including domestic and foreign workers. In addition, we have redacted any financial information such as bank account numbers, bank routing numbers, and credit card numbers.

Because this FOIA request is already included in the United Farm Workers suit against the U.S. Department of Labor, it is unnecessary to recite here your appeal rights.

Sincerely,

William L. Carlson, Ph.D.  
Administrator  
Office of Foreign Labor Certification

# EXHIBIT IV

**U.S. Department of Labor**  Employment and Training Administration
200 Constitution Avenue, N.W.
Washington, D.C. 20210



JUN 17 2008

Ms. Virginia Ruiz
Farmworker Justice
1126 16th Street, N.W.
Suite 270
Washington, D.C. 20036

Mr. Eric Nicholson
United Farm Workers
P.O. Box 8337
Tacoma, Washington 98418

Dear Ms. Ruiz and Mr. Nicholson:

This responds to the January 16, 2008, Freedom of Information Act (FOIA) request from Farmworker Justice and United Farm Workers. You requested "Any and all applications/petitions filed with your office seeking a temporary foreign labor certification for H-2A workers in the states of Florida and Pennsylvania currently in effect or that would commence at any time between [January 16, 2008] and July 16, 2008. For each such application please provide all Applications, and Exhibits, Clearance Orders and decisions by DOL on those applications, including, but not limited to acceptances of applications, labor certifications. or denials thereof. These documents should include ETA forms 750, 790, and 795 with attachments." You also requested that the Department of Labor (DOL) process the request on an expedited basis and that a waiver of fees be provided. By letter dated January 29, 2008, I determined that you failed to establish the basis for expedited treatment of this FOIA request. I have considered your request for a waiver of fees and have determined that you meet the requirements for establishing a waiver of fees under 5 U.S.C. § 552(a)(4)(iii) and 29 C.F.R. § 70.41.

Pursuant to 29 CFR § 70.21(d), when responding to a request, a component of DOL will ordinarily include only those records existing as of the date the component begins its search for them. If any other date is used, the component will inform the requester of that date. The Office of Foreign Labor Certification has completed a search that began on May 21, 2008, for the records you requested, and the documents are enclosed. You requested that the documents be sent in electronic form. However, the Office of Foreign Labor Certification does not keep these documents in electronic form. Therefore, we are providing you paper copies of the requested documents.

Personal information has been redacted pursuant to Exemption 6 of the FOIA, 5 U.S.C. § 552(b)(6). Exemption 6 permits an agency to withhold personal information the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

The redacted information consists of names, addresses, telephone numbers, Social Security numbers, and other personally identifying information for domestic and foreign workers. In addition, we have redacted any financial information such as bank account numbers, bank routing numbers, and credit card numbers.

While I believe DOL has been responsive to your request, you may appeal any action or decision on the part of this office, in response to this request. The appeal must be made within 90 days of the date of this letter, and should state in writing the grounds for appeal, and include any supporting statements or arguments. To facilitate processing, the appeal should include a copy of the initial request, a copy of this letter, and clearly indicate on the envelope and on the appeal itself the following "FOIA APPEAL." The appeal must be addressed to the following:

> Office of the Solicitor of Labor
> United States Department of Labor
> 200 Constitution Ave., NW
> Room N-2428
> Washington, D.C. 20210

I hope this information is helpful.

Sincerely,

William L. Carlson, Ph.D.
Administrator
Office of Foreign Labor Certification

Enclosures